COOLEY LLP
MICHELLE C. DOOLIN (179445)
(doolinmc@cooley.com)
MAZDA K. ANTIA (214963)
(mantia@cooley.com)
DARCIE A. TILLY (239715)
(dtilly@cooley.com)
4401 Eastgate Mall
San Diego, CA 92121
Telephone: (858) 550-6000
Facsimile: (858) 550-6420

FILED

10 JUL 29 PM 3:29

CLERK U S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:_____

Attorneys for Defendant
LOJACK CORPORATION

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT

## WESTERN DIVISION

| | |
|---|---|
| LOUIS MORIN, an individual, on behalf of himself, and on behalf of all other persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LOJACK CORPORATION, a Massachusetts corporation; BARTELS' MOTORCYCLE ENTERPRISES, INC., a California corporation, doing business in California as Bartels' Harley Davidson, and DOES 1 through 1000,<br><br>Defendants. | Case No. **CV10 5659—JHN CRCX**<br><br>**DEFENDANT LOJACK CORP.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441, & 1453** |

TO ALL PARTIES, THEIR ATTORNEYS OF RECORD, AND THE ABOVE-CAPTIONED COURT:

Please take notice that defendant LoJack Corp. ("LoJack") removes the above-captioned action from the Superior Court of the State of California, County of Los Angeles ("Superior Court"), where the action is now pending, to the United States District Court for the Central District of California, Western Division. This

1    civil action is removed on the basis of diversity jurisdiction pursuant to 28 U.S.C.

2    §§ 1332, 1441, and 1453.  For the reasons set forth below, this Court has subject

3    matter jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), codified

4    in part at 28 U.S.C. §§ 1332 and 1453.

5                **PROCEDURAL HISTORY AND TIMELINESS OF REMOVAL**

6         1.    On or about June 15, 2010, plaintiff Louis Morin ("Plaintiff")

7    commenced a civil action in the Superior Court of the State of California, County

8    of Los Angeles, entitled *Louis Morin v. LoJack Corp. and Bartels Motorcycle*

9    *Enterprises, Inc.*, Case No. BC439728, by filing a Complaint.

10        2.    The Complaint alleges claims for (1) intentional misrepresentation,

11   (2) negligent misrepresentation, (3) violations of the Consumers Legal Remedies

12   Act ("CLRA"), which is codified at California Civil Code §§ 1750-84,

13   (4) violations of the False Advertising Law ("FAL"), which is codified at California

14   Business and Professions Code §§ 17500-09, (5) violations of the Unfair

15   Competition Law ("UCL"), which is codified at California Business and

16   Professions Code §§ 17200-10, and (6) breach of implied warranty.

17        3.    The Complaint names two defendants: LoJack Corp. and Bartels

18   Motorcycle Enterprises, Inc., d/b/a Bartels' Harley Davidson, ("Bartels'").

19        4.    On July 1, 2010, LoJack was served with the Summons, Complaint,

20   and supporting documents.  A true and correct copy of the Summons is attached as

21   Exhibit A.  A true and correct copy of the Complaint, along with its attachments, is

22   attached as Exhibit B.  A true and correct copy of the Civil Case Cover Sheet is

23   attached as Exhibit C.  A true and correct copy of the Notice of Case Assignment

24   and the Superior Court's ADR Packet is attached as Exhibit D.

25        5.    LoJack is aware that the Superior Court set a case management

26   conference for September 23, 2010.  A true and correct copy of the Superior

27   Court's order is attached as Exhibit E.

28        6.    LoJack has not been served with any other process, pleading, or order.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

CASE NO.                          2.              LOJACK CORP.'S NOTICE OF REMOVAL

7.      This Notice of Removal is timely because LoJack filed it within thirty days of when Plaintiff served it with the Summons and Complaint. *See* 28 U.S.C. § 1446(b).

8.      LoJack will serve written notice of this filing on Plaintiff, through his counsel of record, as required under 28 U.S.C. § 1446(d).  LoJack will also serve written notice of this filing on Bartels'.

## SUBJECT MATTER JURISDICTION

9.      CAFA "significantly expanded federal subject matter and removal jurisdiction over class actions . . . mak[ing] it easier for litigants to remove class actions to federal district courts." *Schiller v. David's Bridal, Inc.*, 10-cv-00616, 2010 WL 2793650, at *1 (E.D. Cal. July 10, 2010).  CAFA provides diversity jurisdiction, *inter alia*, where (1) the proposed number of putative class members is over 100, 28 U.S.C. § 1332(d)(5)(B); (2) at least one plaintiff and at least one defendant are citizens of different states, 28 U.S.C. § 1332(d)(2)(A);[1] and (3) the amount in controversy, including but not limited to the aggregate amount of relief sought by absent class members, exceeds $5 million, 28 U.S.C. §§ 1332(d)(2) & d(6).  Each of these requirements is met here.

### CLASS SIZE

10.     Plaintiff asserts claims concerning the LoJack Early Warning for Motorcycles (defined by Plaintiff as "the Recovery System").   (Compl. ¶ 1, emphasis removed; *see* Compl. Ex. A at pg. 1.)

---

[1]  The traditional "unanimity rule" governing removal (that is, the principle that unless all defendants properly joined and served when a case is removed consent to the removal, such removal is procedurally defective), does not apply to removal pursuant to CAFA.  28 U.S.C. § 1453(b); *United Steel, Paper & Forestry, Rubber Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 549 F.3d 1204, 1208 (9th Cir. 2008) ("Because the case is governed by CAFA and the rule of unanimity is inapplicable, Shell removed the action as a whole, including claims against Tesoro.").

1       11.    Plaintiff seeks to certify a class defined as "All persons who purchased

2   the Recovery System (for motorcycles) at anytime on or after the date that is four

3   (4) years before the date this Complaint is filed (the "Class")."  (Compl. ¶ 36.)

4       12.    Plaintiff alleges that the class comprises "tens, and perhaps hundreds

5   of thousands of members."  (*Id.* ¶ 37; *see* Declaration of Timothy P. O'Connor in

6   Support of Notice of Removal ("O'Connor Decl.") ¶ 9 (stating that over 27,000

7   LoJack Early Warning for Motorcycles were sold in the United States in the four

8   years preceding June 15, 2010).)

9       13.    Accordingly, the Complaint alleges that the aggregate number of class

10  members is greater than 100 for purposes of satisfying 28 U.S.C. § 1332(d)(5)(B).

11  **THE AMOUNT IN CONTROVERSY EXCEEDS $5 MILLION**

12      14.    Plaintiff's Complaint does not plead a specific amount of damages.  As

13  such, removal is proper if LoJack establishes by a preponderance of evidence that

14  plaintiff is demanding in excess of $5 million in damages.  *Abrego Abrego v. Dow*

15  *Chem. Co.,* 443 F.3d 676, 683, 685 (9th Cir. 2006); *see also Deehan v. Amerigas*

16  *Partners, L.P.,* 08-cv-1009, 2008 WL 4104475, at *2 (S.D. Cal. Sept. 2, 2008)

17  ("The issue is the amount Plaintiff has placed in controversy, not the amount that

18  Defendant will actually be held liable for.").  LoJack's burden of proof "is not

19  daunting, as courts recognize that . . . a removing defendant is *not* obligated to

20  research, state, and prove the plaintiff's claims for damages." *Korn v. Polo Ralph*

21  *Lauren Corp.,* 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008) (emphasis in

22  original; internal quotation marks removed).

23      15.    Plaintiff generally seeks "actual damages," including damages in the

24  form of the cost "Plaintiff and the Class members have . . . incurred in purchasing,

25  and having installed, the Recovery System."  (Compl. ¶¶ 52, 62, 74; *see* Compl.

26  Prayer ¶ 3.)  Plaintiff also seeks restitution and disgorgement of any allegedly

27  improperly obtained funds, (Compl. Prayer ¶ 2), an injunction preventing LoJack

28  "from continuing to engage in the deceptive practices that are described in th[e]

1    Complaint[,]" and requiring it to "provide public notice of the true effectiveness (or

2    ineffectiveness) of the Recovery System[,]" (*id.*), punitive damages, (*id.* at ¶ 4), and

3    "an award of attorneys' fees," "costs of suit," and "pre-judgment interest[,]" (*id.* at

4    ¶¶ 5-7).

5         16.    Without conceding the validity of Plaintiff's theories of damages (or,

6    of course, liability), as pled in the Complaint, a conservative estimate of the

7    damages put in controversy exceeds $5 million.

8              a.    Over 27,000 LoJack Early Warning for Motorcycles were sold

9    in the United States between June 15, 2006 and June 15, 2010. (O'Connor Decl. at

10   ¶ 9.)

11             b.    Plaintiff alleges he was damaged in the amount of at least

12   $1099.00, (*see, e.g.,* Compl. ¶¶ 28, 52), and that his "claims are typical of the

13   claims of the members of the Class[,]" (Compl. ¶ 39). Thus, based on a class size

14   of 27,000, the amount placed in controversy by Plaintiff's Complaint is

15   significantly more than $5,000,000. *See Frederico v. Home Depot*, 507 F.3d 188,

16   198 - 199 & n.8 (3d Cir. 2007) (multiplying compensatory damages sought by

17   plaintiff, together with potential punitive damages and attorneys' fees, by the

18   number of potential class members to determine if amount in controversy element

19   was satisfied); *see also* (O'Connor Decl. at ¶ 10 ("Without conceding the validity

20   of [Plaintiff's] theory of monetary liability, if the measure of damages is the price

21   paid by purchasers of the LoJack Early Warning for Motorcycles, based on an

22   estimate of 27,000 purchasers, the damages figure would significantly exceed $5

23   million.")); *Behrazfar v. Unisys Corp.*, 687 F. Supp. 2d 999, 1004 (C.D. Cal. 2009)

24   (crediting a conservative estimate of amount in controversy made in good faith).

25             c.    Under CAFA, the amount of potential punitive damages may

26   also be considered when calculating the amount put in controversy. *Guglielmino*

27   *v. McKee Foods Corp.*, 506 F.3d 696, 698 (9th Cir. 2007); *Tompkins v. Basic*

28   *Research LLC*, S-08-244, 2008 WL 1808316, at *4 (E.D. Cal. April 22, 2008)

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

1    (applying "'conservative' estimate of a 1:1 ratio between compensatory and

2    punitive damages" for punitive damages when calculating amount put in

3    controversy).

4         d.    Further, under CAFA the potential cost of compliance with a

5    request for injunctive relief may be considered when calculating the amount put in

6    controversy. *Tompkins*, 2008 WL 1808316, at *4 & n.9 (noting that under CAFA,

7    the amount put in controversy includes defendants' potential cost of compliance

8    with a request for injunctive relief); *see also* 15 James Wm. More et al., Moore's

9    Federal Practice ¶ 102.26(c)(ii) (3d ed. 2010) ("Because CAFA requires

10   aggregation, the pre-CAFA non-aggregation rule requiring valuation from the

11   plaintiff's perspective, rather than the defendant's, in class actions seeking

12   injunction relief does not apply.  The amount in controversy in CAFA cases may

13   be determined on the basis of the aggregate value to either the plaintiff class

14   members or to the defendants.").

15        e.    Finally, under CAFA the potential cost of an attorneys' fee

16   award may be considered. *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994,

17   1000 (9th Cir. 2007) ("We have held that attorneys' fees were properly included in

18   the amount in controversy in a class action."); *Tompkins*, 2008 WL 1808316, at *4

19   (applying 25% common fund for calculation of attorneys fees' when calculating

20   amount put in controversy).

21        f.    Therefore, the amount put in controversy in this action exceeds

22   $5 million in the aggregate. 28 U.S.C. §§ 1332(d)(2) & (d)(6).

23              **THE PARTIES ARE CITIZENS OF DIFFERENT STATES**

24        17.   Plaintiff alleges he is and at all relevant times was a citizen of

25   California residing in Los Angeles County. (Compl.¶ 6.)

26        18.   Defendant LoJack is a corporation organized under Massachusetts law,

27   with its principal place of business in Massachusetts. (O'Connor Decl. at ¶¶ 3-5;

28   Compl. at ¶ 7 ("LoJack, is a Massachusetts corporation. . . .").) LoJack's executive

1  officers work out of LoJack's Westwood, Massachusetts headquarters, set its

2  corporate policy there, and maintain its corporate records there. (O'Connor Decl. at

3  ¶ 5.)   Meetings of LoJack's board of directors are typically held in Boston,

4  Massachusetts. (*Id.*) Accordingly, LoJack is a citizen of Massachusetts. *See Hertz*

5  *Corp. v. Friend*, 559 U.S. ----, 130 S. Ct. 1181, 1192 (2010) (holding that a

6  corporation's principle place of business is the "the place where a corporation's

7  officers direct, control, and coordinate the corporation's activities").

8      19.   The citizenship of unnamed "Doe" defendants sued under fictitious

9  names is disregarded for purposes of removal. 28 U.S.C. § 1441(a).

10     20.   Some of the class members are citizens of California and not citizens

11 of the state in which LoJack is a citizen, namely, Massachusetts.   Accordingly,

12 minimum diversity is satisfied pursuant to 28 U.S.C. § 1332(d)(2)(A).

13                          **VENUE IS PROPER**

14     21.   Removal to this judicial district and division is proper under 28 U.S.C.

15 § 1446(a) because they embrace the place where this action was originally pending,

16 namely, the Superior Court of Los Angeles County.

17 **NOTICE TO THE SUPERIOR COURT OF LOS ANGELES COUNTY**

18     22.   Contemporaneously with the filing of this notice in the above-

19 captioned court, and pursuant to 28 U.S.C. § 1446(d), LoJack is filing a true and

20 correct copy of this Notice of Removal with the clerk of the Superior Court of Los

21 Angeles County.

22 Dated:    July 29, 2010         COOLEY LLP

23

24

25                               Mazda K. Antia (214963)

26                               Attorneys for Defendant
                                 LOJACK CORP.

27 680477/SD

28

# EXHIBIT A



# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
LOJACK CORPORATION, a Massachusetts corporation; BARTELS' MOTORCYCLE ENTERPRISES, INC., a California corporation, doing business as Bartels' Harley Davidson; and DOES 1 through 1000

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
LOUIS MORIN, an individual, on behalf of himself, and on behalf of all other persons similarly situated

---

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

JUN 15 2010

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
SHAUNYA WESLEY

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso):* |
|---|---|
| LOS ANGELES COUNTY SUPERIOR COURT<br>111 N. Hill Street<br>111 N. Hill Street<br>Los Angeles, CA 90012-3014 | BC439728 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
JAMES L. PAGANO, ESQ. (SBN 098185)        (408) 999-5678        (408) 999-5684
IAN A. KASS, ESQ. (SBN 184480)
PAGANO & KASS, APC
96 North Third Street, Suite 525, San Jose, CA 95112

| DATE: *(Fecha)* JUN 15 2010 | Clerk, *(Secretario)* S. WESLEY | , Deputy *(Adjunto)* |
|---|---|---|

JOHN A. CLARKE CLERK

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010)*.)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* LOJACK CORPORATION, A MASSACHUSETTS CORPORATION

under: ☒ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

---

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev July 1 2009]

**SUMMONS**



Code of Civil Procedure §§ 412.20, 465

Page 1 of 1



# EXHIBIT B

1  JAMES L. PAGANO. ESQ. (Cal. State Bar No. 098185)
   IAN A. KASS, ESQ. (Cal. State Bar No. 184480)
2  DAVID MARKEVITCH, ESQ. (Cal. State Bar No. 256163)
   PAGANO & KASS, APC
3  96 North Third Street, Suite 525
   San Jose, California 95112
4  Telephone: (408) 999-5678
   Facsimile: (408) 999-5684
5
   Attorneys for Plaintiff, LOUIS MORIN,
6  an individual, on behalf of himself, and on
   behalf of all other persons similarly situated
7

8

9          **IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10         **IN AND FOR THE COUNTY OF LOS ANGELES**

11                          *Central District*

12  LOUIS MORIN, an individual, on behalf of          Case No.  **BC 4 3 9 7 2 8**
    himself, and on behalf of all other persons
13  similarly situated,                               **CLASS ACTION**

14          Plaintiffs,                               **COMPLAINT FOR INJUNCTIVE AND
                                                      DECLARATORY RELIEF AND
15  v.                                                DAMAGES FOR:**

16  LOJACK CORPORATION, a                             (1)  **Intentional Misrepresentations;**
    Massachusetts corporation; BARTELS'              (2)  **Negligent Misrepresentations;**
17  MOTORCYCLE ENTERPRISES, INC., a                   (3)  **Violations of California's**
    California corporation, doing business as              **Consumers Legal Remedies Act;**
18  Bartels' Harley Davidson, and DOES 1              (4)  **Violations of California's False**
    through 1000,                                          **Advertising Laws;**
19                                                    (5)  **Violations of California's Unfair**
                                                           **Competition Law;**
20          Defendants.                               (6)  **Breach of Implied Warranty**

21  _____/        **[DEMAND FOR JURY]**

22          COMES NOW, Plaintiff, LOUIS MORIN, an individual ("Plaintiff"), on behalf of himself

23  and all persons similarly situated, and as and for a complaint alleging causes of action against

24  Defendants. LOJACK CORPORATION, a Massachusetts corporation ("LoJack"), and BARTELS'

25  MOTORCYCLE ENTERPRISES. INC., a California corporation, doing business as Bartels' Harley

26  Davidson ("Bartels"), and DOES 1 through 1000, inclusive ("Does"), Defendants, and each of them

27  (collectively as "Defendants"). he complains and alleges as follows:

28

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

JUN 15 2010

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
SHAUNYA WESLEY

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES FOR: (1) Intentional
Misrepresentations: (2) Negligent Misrepresentations; (3) Violations of Consumers Legal Remedies Act; (4) Violations
of False Advertising Laws; (5) Violations of Unfair Competition Law; (6) Breach of Implied Warranty          1

COPY

# I. PRELIMINARY ALLEGATIONS

## A. STATEMENT OF THE CASE

1.      This class action is filed and served by Plaintiff for his benefit and for the benefit of a putative class of consumers, who purchased and had installed in their motorcycles a LoJack Early Warning and Recovery System *for motorcycles* ("the Recovery System").

2.      The Recovery System is described by LoJack as a "robust radio frequency-based technology [that] is a highly effective, proven solution for tracking down and recovering vehicles. In addition, the systems are covert – LoJack For Motorcycles is hidden on the bike so that thieves don't suspect the device exists and therefore won't even attempt to find and disengage it." And the Recovery System is described by LoJack as unrecognizable to thieves, "LoJack For Motorcycles is seamlessly integrated [into] your motorcycle so that thieves can't recognize or disengage it." Defendants, and each of them, offer the Recovery System as a way to address the "problem" of motorcycle theft, ". . . most bike theft is done at the hands of professional thieves who know exactly what bike or bike parts are in demand. These thieves are skilled as maximizing the 'return' they get on the bike . . . and at covering their tracks." The Recovery System is advertised by Defendants, and each of them, as a means to address the threat of theft by "professionals," as explained by Defendants, "to protect your bike from the professionals by equipping it with a proven means to track and recover it in the unfortunate event of theft."

3.      Beginning prior to the alleged class period, Defendants, and each of them, have described, advertised, and promoted the Recovery System as having the following attributes: (a) it is "indetectable by thieves," including "professional" motorcycle thieves, (b) it will automatically notify the owner in case of a theft, (c) it will allow law enforcement personnel to "track" the motorcycle and recover it after the theft, and (d) it delivers "a better than 90 percent recovery rate." Defendants, and each of them, made other, similar representations regarding the effectiveness of the Recovery System, which induced Plaintiff, and the members of the putative class, to purchase the Recovery System for their motorcycles.

4.      Unbeknownst to Plaintiff and the members of the putative class, and in contrast to the representations made by Defendants, and each of them, in selling the Recovery System to Plaintiff

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES FOR: (1) Intentional Misrepresentations; (2) Negligent Misrepresentations; (3) Violations of Consumers Legal Remedies Act; (4) Violations of False Advertising Laws; (5) Violations of Unfair Competition Law; (6) Breach of Implied Warranty          2

1   and the members of the putative class, in fact, the Recovery System is easily detectable and defeated

2   by thieves, and, as a result, recovery rates of motorcycles that have the Recovery System installed

3   is substantially less than the 90 percent rate that was advertised and represented by Defendants, and

4   each of them.

5       5.    Plaintiff requests injunctive relief, restitution, and damages, on behalf of himself and

6   all others similarly situated.

7                                   **B. THE PARTIES**

8       6.    Plaintiff is an individual residing at all times mentioned herein in the County of Los

9   Angeles, State of California.

10      7.    Defendant, LoJack, is a Massachusetts corporation, doing business, at all times

11  mentioned herein, throughout the United States.  In addition, at all times mentioned herein, LoJack

12  has been authorized by the Secretary of State of the State of California to conduct business in this

13  State as "LoJack Corporation."  LoJack conducts, and, at all times pertinent, has conducted, its

14  business operations in California from its regional offices, located at 9911 West Pico Boulevard,

15  Suite 1000, in Los Angeles.  LoJack manufactures and markets the Recovery System for sale to

16  owners and operators of motorcycles throughout the United States, including in the State of

17  California.  In fact, LoJack specifically targets sales of the Recovery System in the State of

18  California, identifying, in its promotional materials, that State as the one where motorcycles are most

19  "vulnerable" to theft.

20      8.    Defendant Bartels is a California corporation, doing business, at all times mentioned

21  herein, in the State of California as "Bartels' Harley Davidson."  Bartels conducts, and, at all times

22  pertinent, has conducted, business in the State of California from its headquarters, located at 4141

23  Lincoln Boulevard, Marina Del Rey, CA 90292.  Bartels is a motorcycle dealership authorized by

24  LoJack to sell and install the Recovery System in motorcycles.  On or about July 26, 2008, Plaintiff

25  purchased a Recovery System from Bartels.

26      9.    Plaintiff is ignorant of the true names and capacities of those Defendants he sues herein

27  as Does 1 through 1000, inclusive, and, therefore, sues these Defendants by such fictitious names.

28  Plaintiff will pray leave of this Court to amend this Complaint to allege the true names and capacities

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES FOR: (1) Intentional
Misrepresentations; (2) Negligent Misrepresentations; (3) Violations of Consumers Legal Remedies Act; (4) Violations
of False Advertising Laws; (5) Violations of Unfair Competition Law; (6) Breach of Implied Warranty          3.

1   of said Doe Defendants as soon as he ascertains them.

2        10.   Notwithstanding the fact that Plaintiff is currently unable to allege the true names and

3   capacities of those Defendants he sues herein as "Does," numbers 1 through 50, inclusive, he,

4   nevertheless, is informed and believes and, thereupon, alleges that those said specifically identified

5   Defendants Does, at some point relevant to the allegations contained in this Complaint,

6   manufactured and/or marketed the Recovery System for sale to owners and operators of motorcycles.

7        11.   Notwithstanding the fact that Plaintiff is currently unable to allege the true names and

8   capacities of those Defendants he sues herein as "Does," numbers 51 through 900, inclusive, he,

9   nevertheless, is informed and believes and, thereupon, alleges that those said specifically identified

10   Defendants Does,[1] at some point relevant to the allegations contained in this Complaint, were vehicle

11   dealerships and/or other retailers of the Recovery System.

12                     **C. JURISDICTION**

13        12.   This action arises under California law, and Plaintiff seeks remedies prescribed by that

14   State's laws.

15        13.   Plaintiff is informed and believes and, thereupon, alleges that the amount in controversy

16   in this Case exceeds $25,000.00, exclusive of interest and costs of suit, and, thus, this Case is

17   properly classified as an Unlimited Civil Case.

18        14.   Plaintiff is informed and believes and, thereupon, alleges that, at all times herein

19   relevant, Defendants, LoJack, Bartels, Defendants, and each of them, have been, and are presently,

20   corporations, formed under the laws of the State of California and/or authorized to conduct business

21   and, at all times pertinent, conducting business in the State of California. This Court, thus, has

22   personal jurisdiction over these Defendants.

23        15.   This action is brought pursuant to Code of Civil Procedure §382 and Civil Code §1781

24   in that Plaintiff brings this action on his own behalf, and on behalf of all persons within the putative

25   class as, hereinafter, defined.

26

27       —————————————————

[1]       See footnote no. 6, the contents of which are fully incorporated herein as though set

28   forth.

## D. VENUE

16.    Plaintiff alleges that at least some of the liabilities and breaches that are the subject of this action, and out of which each and all of the causes of action herein arose, occurred in the County of Los Angeles, State of California.    Thus, the Superior Court in and for that County is the appropriate venue for this lawsuit.

17.    Additionally, Plaintiff is informed and believes and, thereupon, alleges that LoJack has, at all times pertinent, conducted business, committed the acts alleged herein to be illegal or tortious, and has had regional offices located in the County of Los Angeles, State of California.    Venue is appropriate in the County of Los Angeles for this reason as well.

18.    Further, Plaintiff is informed and believes and, thereupon, alleges that Bartels has, at all times pertinent, conducted business, committed the acts alleged herein to be illegal or tortious, and has had headquarters located in the County of Los Angeles, State of California.    Venue is, therefore, appropriate in the County of Los Angeles for this reason as well.

## E. GENERAL FACT ALLEGATIONS

19.    On or about July 26, 2008, Plaintiff purchased from, and had installed by, Defendant Bartels a Recovery System for his Harley-Davidson motorcycle.

20.    The Recovery System was manufactured by LoJack.

21.    Plaintiff is informed and believes and, thereupon, alleges that LoJack, Does 1 through 50, Defendants, and each of them, provides, and, at all times pertinent, has provided, the Recovery System to motorcycle dealers and service providers, along with all training and marketing materials concerning the Recovery System. At all times pertinent, through their marketing materials, LoJack, Does 1 through 50, Defendants, and each of them, have made statements regarding the effectiveness of the Recovery System.  Some of these marketing materials, including a copy of the "Owner's Manual," the "Bike Smarts" guidebook, and excerpts from LoJack's website, www.lojack.com/motorcycle, are attached hereto, collectively, as Exhibit "A" and, by and through this reference, their contents are fully incorporated herein.

22.    Plaintiff is informed and believes and, thereupon, alleges that Bartels, Does 51 through 900, inclusive, Defendants, and each of them, acted as the agents of Defendants, LoJack, Does 1

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES FOR: (1) Intentional Misrepresentations; (2) Negligent Misrepresentations: (3) Violations of Consumers Legal Remedies Act; (4) Violations of False Advertising Laws: (5) Violations of Unfair Competition Law: (6) Breach of Implied Warranty          5

1   through 50, inclusive, Defendants, and each of them, in making statements regarding the

2   effectiveness of the Recovery System and, in fact, were, at all times relevant herein, authorized to

3   make such statements to consumers, including Plaintiff, regarding the effectiveness of the Recovery

4   System in connection with the sale of the Recovery System to Plaintiff and members of the general

5   public. Plaintiff's information and belief is a result of the following series of facts:

6         a.      Bartels, Does 51 through 900, inclusive, Defendants, and each of them, are

7   exclusively authorized by LoJack, Does 1 through 50, inclusive, Defendants, and each of them, to

8   sell the Recovery System;

9         b.      The marketing materials of LoJack, Does 1 through 50, inclusive, Defendants,

10  and each of them, provide that only "a certified LoJack technician" installs the Recovery System;

11        c.      LoJack, Does 1 through 50, inclusive, Defendants, and each of them, trains

12  the employees of Bartels, Does 51 through 900, inclusive, Defendants, and each of them, regarding

13  the marketing, sale, and installation of the Recovery System;

14        d.      Upon training the employees of Bartels, Does 51 through 900, inclusive,

15  Defendants, and each of them, LoJack, Does 1 through 50, inclusive, Defendants, and each of them,

16  certifies those employees as technicians qualified to install the Recovery System. The certification

17  is subject to periodic review and verification by LoJack, Does 1 through 50, inclusive, Defendants,

18  and each of them.

19        e.      LoJack, Does 1 through 50, inclusive, Defendants, and each of them, monitors

20  installations by conducting random customer inspections.

21        f.      With respect to installation, LoJack, Does 1 through 50, inclusive, Defendants,

22  and each of them, trains the employees of Bartels, Does 51 through 900, inclusive, Defendants, and

23  each of them, regarding the location(s) of where to install the Recovery System;

24        g.      LoJack, Does 1 through 50, inclusive, Defendants, and each of them, provides

25  the marketing materials used by Bartels, Does 51 through 900, inclusive, Defendants, and each of

26  them, for the sale of the Recovery System; and

27        h.      LoJack, Does 1 through 50, inclusive, Defendants, and each of them, requires

28  retailers to install the Recovery System in conformance with its specifications.

23.     For the above stated reasons, Plaintiff is also informed and believes and, thereupon, alleges, that at all times relevant herein, LoJack, Bartels, Does 1 through 1000, inclusive, Defendants, and each of them, knew that consumers, such as Plaintiff and members of the putative class, would rely upon the representations of LoJack's retailers, such as Bartels, Does 51 through 900, inclusive, Defendants, and each of them, and LoJack's marketing materials, including those attached to this Complaint as Exhibit "A," to advise them regarding the effectiveness of the Recovery System, that LoJack, Does 1 through 50, inclusive, Defendants, and each of the, failed to accurately inform such retailers of the Recovery System that it was <u>not</u> undetectable to thieves, but was, in fact, easily and quickly discoverable by motorcycle thieves, and, as a result, the successful recovery rate for motorcycles with the Recovery System installed was well below the "better than 90 percent" that LoJack, Bartels, Does, Defendants, and each of them, advertised to Plaintiff and members of the putative class.

24.     Plaintiff and the members of the putative class did, in fact, rely upon the knowledge and representations of LoJack, Bartels, Does 1 through 1000, inclusive, Defendants, and each of them, including in their marketing materials, in learning about and understanding the effectiveness of the Recovery System.

25.     Through their marketing materials, including on their website, in their guides, in their promotional materials, and in their owner's manuals (see, e.g., Exhibit "A" hereto), LoJack, Bartels, Does 1 through 1000, inclusive, Defendants, and each of them, advertised the Recovery System, as follows:

a.      For motorcycles equipped with a Recovery System, the motorcycles, when stolen, are recovered with a better than 90% success rate;

b.      For motorcycles equipped with a Recovery System, the motorcycles, when stolen, are recovered within hours of the theft;

c.      The Recovery System, when installed, are "indetectable," and, thus, not easily located and disengaged at the time of a theft; and

d.      The Recovery System is effective for motorcycles stolen by professional thieves.

26. On or about July 26, 2008, at the time he purchased a 2003 Harley-Davidson Softail motorcycle at Bartels, Bartels offered to install a Recovery System in the motorcycle for the sum of $1,099.00.

27. At the time Bartels offered to install the Recovery System, LoJack, Bartels, Does, Defendants, and each of them, made representations to Plaintiff, through marketing materials provided to him, and which he then reviewed, including, but not limited to, that the Recovery System (1) automatically notified the motorcycle's owner in the case of a theft of the motorcycle; (2) would allow law enforcement personnel to "track" the motorcycle and recover it after the theft; (3) delivered a better than 90% rate of recovery of motorcycles stolen with the Recovery System installed; and (4) was installed in a manner that rendered it "indetectable" to thieves, including "professional" motorcycle thieves.

28. Based, and in reliance upon, the aforesaid representations made by LoJack, Bartels, Does, Defendants, and each of them, Plaintiff purchased a Recovery System for his motorcycle, paying a sum in excess of $1,099.00, in exchange for which payment Bartels installed the Recovery System.

29. On or about June 5, 2009, Plaintiff's motorcycle was stolen from the garage of his apartment in the County of Los Angeles, State of California.

30. Plaintiff was not notified by the Recovery System that his motorcycle had been stolen.

31. Plaintiff is informed and believes and, thereupon alleges, that law enforcement personnel were unable to "track" his motorcycle after the theft.

32. Law Enforcement personnel were unable to recover Plaintiff's motorcycle after the theft.

33. Subsequent to the theft of his motorcycle, Plaintiff became informed, and now believes, that said System is largely ineffective because the device can only be installed in a motorcycle in a few locations, which locations are well known, especially, to "professional" motorcycle thieves, and, therefore, is easily found and disabled by such thieves.

34. Plaintiff is informed and believes and, thereupon, alleges, that LoJack, Bartels, Does, Defendants, and each of them, have, at all material times, been aware that the Recovery Systems is

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES FOR: (1) Intentional Misrepresentations: (2) Negligent Misrepresentations: (3) Violations of Consumers Legal Remedies Act: (4) Violations of False Advertising Laws: (5) Violations of Unfair Competition Law: (6) Breach of Implied Warranty        8

1 | easily found and disabled, especially by "professional" motorcycle thieves, and had been found and

2 | disabled by thieves on numerous occasions.

3 |     35.   Plaintiff is further informed and believes and, thereupon, alleges, that, despite their

4 | knowledge of the fact that the Recovery System is easily detected and disabled, especially by

5 | "professional" motorcycle thieves, LoJack, Bartels, Does, Defendants, and each of them, continued,

6 | and to the date of this Complaint continues, to market the Recovery System as being "indetectable"

7 | by motorcycle thieves, especially "professional" thieves, effective at notifying the motorcycle's

8 | owner of the theft of his/her motorcycle, and effective at allowing law enforcement personnel to

9 | "track" the motorcycle, with a better than 90 percent recovery rate.

10 | **F. CLASS ACTION ALLEGATIONS**

11 | **1. Class Definition**

12 |     36.   Plaintiff brings this class action against Defendants, and each of them, pursuant to

13 | California Code of Civil Procedure §382, on behalf of the following ascertainable class:

14 |         All persons who purchased the Recovery System (for motorcycles) at any

15 |         time on and after the date that is four (4) years before the date this Complaint is filed ("the Class").

16 | Excluded from the Class are Defendants, and each of them, their corporate parents, subsidiaries, and

17 | affiliates, officers and directors, any entity in which Defendants, and each of them, have a controlling

18 | interest, and the legal representatives, successors or assigns of any such excluded persons or entities,

19 | and the attorneys for Plaintiff in this action.

20 | **2. Numerosity**

21 |     37.   The Class is so numerous that individual joinder of all members is impractical under

22 | the circumstances of this Case.  While the exact number of Class members is unknown to Plaintiff

23 | at this time, Plaintiff is informed and believes and, thereupon, alleges that the Recovery System is

24 | purchased by tens, and, perhaps, even hundreds, of thousands of people annually.  Based thereon,

25 | Plaintiff is informed and believes and, thereupon, alleges that the Class includes tens, and, perhaps,

26 | hundreds of thousands of members.

27 | **3. Common Questions of Law and Fact**

28 |     38.   Common questions of law and fact exist as to all members of the Class and

1  predominate over any questions which affect only individual members of the Class. These common

2  questions of law and fact include, but are not limited to, the following:

3          a.          Whether Defendants, and each of them, engaged in a fraudulent and/or

4  deceptive scheme to promote the sale of the Recovery System by knowingly and substantially

5  misstating its effectiveness;

6          b.          Whether Defendants, and each of them, made material, uniform

7  misrepresentations and/or omissions in their marketing and advertising of the Recovery System to

8  Plaintiff and the Class;

9          c.          Whether Defendants, and each of them, engaged in deceptive or unfair acts

10  and practices in violation of state consumer protection statutes, including California's Consumer

11  Legal Remedies Act ("the CLRA"), the Unfair Competition Law ("UCL"), and the False Advertising

12  Law ("FAL");

13          d.          Whether Defendants, and each of them, engaged in negligent

14  misrepresentations through their marketing materials;

15          e.          Whether Defendants, and each of them, engaged in intentional

16  misrepresentations through their marketing materials;

17          f.          Whether Plaintiff and the Class are entitled to restitution as a result of the

18  conduct of Defendants, and each of them, and, if so, what is the proper measure and appropriate

19  formula to be applied in determining such restitution;

20          g.          Whether the members of the Class have sustained damages as a result of the

21  conduct of Defendants, and each of them, and, if so, what is the proper measure and appropriate

22  formula to be applied in determining such damages; and

23          h.          Whether members of the Class are entitled to punitive and exemplary damages

24  as a result of Defendants' acts of fraud, malice, and oppression or in conscious disregard of the rights

25  of Plaintiff and the Class, and, if so, what is the proper amount of such punitive and exemplary

26  damages.

27                                    **4.  Typicality**

28          39.    Plaintiff's claims are typical of the claims of the members of the Class as all members

1   of the Class are similarly affected by the aforedescribed wrongful conduct of Defendants, and each

2   of them.  Plaintiff, like other members of the Class, purchased the Recovery System based on his

3   reliance that the Recovery System was substantially effective at performing as it was advertised to

4   do, including alerting the owner of the motorcycle if a theft was occurring and allowing law

5   enforcement personnel to track and recover the motorcycle in the event of a theft.  In this respect,

6   Plaintiff, like the other members of the Class, relied upon the representations made by Defendants,

7   and each of them, that the Recovery System would be "indetectable" by thieves, especially

8   "professional" motorcycle thieves, that it would allow law enforcement personnel to "track " the

9   motorcycle and recover it after a theft, and that stolen motorcycles equipped with a Recovery System

10  would be recovered by law enforcement personnel better than 90 percent of the time.  In truth, the

11  device is easily discovered, especially by "professional" motorcycle thieves, as there are only a few

12  locations it can be installed in motorcycles, and, as a result, the device is easily found and disabled

13  by thieves, rendering the device, essentially, useless. Accordingly, the material misrepresentations

14  in the advertising and marketing materials of Defendants, and each of them, have affected members

15  of the Class in similar ways as all members of the Class purchased the Recovery System believing

16  it to be effective, but in actuality purchasing a product that is ineffective at performing the function

17  for which it was purchased, to wit, to allow for recovery of the motorcycle in the event it is stolen.

18  Plaintiff and the Class member have each sustained injuries and damages as a direct result of

19  Defendants' wrongful conduct in violation of law, as alleged herein.

20                                    **5. Adequacy**

21       40.     Plaintiff will fairly and adequately protect the interests of the members of the Class.

22  Plaintiff purchased and paid for the Recovery System based upon his reliance on Defendants'

23  representations that it was effective at leading to the recovery of his motorcycle in the event it was

24  stolen, including that it would be "indetectable" by motorcycle thieves, especially, "professional"

25  thieves, and that motorcycles stolen with the Recovery System had a better than 90 percent recovery

26  rate.  Additionally, he has no interests which are adverse to the interests of absent Class members.

27  It, thus, follows, that he is an adequate representative of the Class. Plaintiff has retained adequate

28  counsel who have experience and success in the prosecution and defense of litigation, including with

respect to claims of fraud, consumer protection matters, and class actions.

41. The policies, procedures, and practices described herein relating to Defendants' conduct with respect to the marketing, selling, advertising, and promoting of the Recovery System are part of a common course of conduct of unlawful deceptive acts and practices undertaken by Defendants, and each of them. As a result, the issues affecting Plaintiff and all members of the Class in common predominate over those that affect only the interests of any individual Class member.

### 6. Superiority

42. A class action is superior to other available means for the fair and efficient adjudication of this controversy since individual joinder of all members of the Class is impractical. Furthermore, as the damages or injuries suffered by each individual member of the Class may be relatively small, the expense and burden of individual litigation would make it difficult or impossible for individual Class members to redress the wrongs done to them. The cost to the court system of adjudications of individualized litigation would be substantial. Individualized litigation would also present the potential for inconsistent or contradictory judgments.

## II. CAUSES OF ACTION

### A. FIRST CAUSE OF ACTION

#### Intentional Misrepresentation

#### (Plaintiff and the Class Against All Defendants)

43. Plaintiff, on behalf of himself and the other members of the Class, re-alleges and incorporates by reference herein, as though set forth in full, paragraphs 1 through 42, inclusive, of the Preliminary Allegations of this Complaint.

44. Defendants, and each of them, having undertaken to advertise, market, promote, and sell the Recovery System to the public, including to Plaintiff, owed, and continue to owe, a duty to provide accurate and complete information regarding the effectiveness of that product.

45. Defendants, and each of them, fraudulently, intentionally, and deceptively sought to, and did, perpetrate a fraud on Plaintiff and the Class by advertising, marketing, and promoting the effectiveness of the Recovery System in motorcycles, including by stating, in advertising and other marketing and product materials distributed by Defendants, that the Recovery System is

1   "indetectable" by thieves and will allow for the recovery of the motorcycle if stolen, with a 90

2   percent recovery rate. (See, e.g., Exhibit "A" to this Complaint, the contents of which are, by and

3   through this reference, incorporated into this Cause of Action as though fully set forth.)

4       46.   Plaintiff is informed and believes and, thereupon, alleges, that Defendants, and each

5   of them, intentionally deceived potential customers, including Plaintiff and the Class members, by

6   disseminating false information regarding the effectiveness of the Recovery System, including that

7   it was "indetectable" and had a 90 percent recovery rate, despite Defendants' direct knowledge that

8   those statements were untrue.  In truth, as there are only a few locations the Recovery System can

9   be installed in motorcycles, the device is easily discovered and disabled by motorcycle thieves,

10  especially "professional" thieves, rendering the device, essentially, useless for its advertised purpose.

11      47.   Defendants' misrepresentations were made with the purpose of deceiving and

12  defrauding the public, including Plaintiff and the Class members, into believing that its product, the

13  Recovery System, was effective at contributing to the recovery of a stolen motorcycle and, thus,

14  worthy of purchase by owners of motorcycles.

15      48.   At the time they made the representations that they did, Defendants, and each of them,

16  knew that each and all of them were false or, alternatively, made the representations recklessly,

17  without any legitimate basis to believe those representations to be true.  Specifically, Defendants,

18  and each of them, knew that the Recovery System, when installed in motorcycles, was easily

19  detectable by thieves, especially "professional" thieves, as there were only a few places in a

20  motorcycle that the Recovery System could be installed.  Further, Defendants, and each of them,

21  knew that the successful recovery of stolen motorcycles in which a Recovery System had been

22  installed was substantially less than the 90 percent rate they advertised.  Nevertheless, Defendants,

23  and each of them, falsely and fraudulently advertised, marketed, promoted, and sold, and continue

24  to advertise, market, promote, and sell, the Recovery System as being "indetectable" by thieves and

25  allowing law enforcement personnel to recovery the motorcycle if stolen, with a better than 90

26  percent recovery rate.

27      49.   Defendants, and each of them, knew, or should have known, that the public, including

28  Plaintiff and the Class members, would rely on the representations and information that they

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES FOR: (1) Intentional
Misrepresentations; (2) Negligent Misrepresentations; (3) Violations of Consumers Legal Remedies Act; (4) Violations
of False Advertising Laws; (5) Violations of Unfair Competition Law; (6) Breach of Implied Warranty          13

1   distributed regarding the effectiveness of their product.

2       50.   Plaintiff and the Class members did, in fact, believe Defendants' representations to be

3   true, relied upon the representations, were induced to purchase, and did, in fact purchase, the

4   Recovery System based upon the representations set forth in Defendants' marketing, advertising, and

5   promotional efforts, including that the Recovery System was effective at assisting in the recovery

6   of motorcycles in the event of a theft as a result of the fact that the device was "indetectable" by

7   thieves. Plaintiff and the Class members did not discover the true facts with respect to Defendants'

8   fraudulent representations as to the true nature of the effectiveness (thus, the ineffectiveness) of the

9   Recovery System or the false representations that were made by Defendants, nor could Plaintiff and

10   the Class members have discovered the true facts with reasonable diligence.

11       51.   Had Plaintiff and the Class members known of the true facts with respect to the

12   ineffectiveness of the Recovery System, including that it was easily found by motorcycle thieves,

13   Plaintiff and the Class members would not have purchased the Recovery System nor would they

14   have relied on Defendants' false representations.

15       52.   As a direct result of Defendants' conduct, Plaintiff and the Class members have

16   sustained damages, including, but not limited to, the costs they incurred in purchasing, and having

17   installed, the Recovery System.

18       53.   The amount of funds paid by Plaintiff and the Class members as a result of said acts

19   was, and is, a sum certain and capable of calculation. Pursuant to Civil Code §3287(a), Plaintiff and

20   members of the Class are, thus, entitled to pre-judgment interest as a direct and proximate result of

21   Defendants' wrongful conduct in an amount according to proof.

22       54.   Plaintiff is informed and believes and, thereupon, alleges that Defendants, and each of

23   them, intentionally, willfully, fraudulently, maliciously, and/or recklessly did the things herein

24   alleged in order to defraud and oppress Plaintiff and the members of the Class in conscious disregard

25   of their rights. As a consequence of these facts, Plaintiff and the members of the Class are entitled

26   to an award of exemplary and punitive damages against each and all of the above-named Defendants

27   in an amount sufficient to make an example of each of the said Defendants and to dissuade others

28   from engaging in similar acts and schemes in the future.

55.   Plaintiff further requests that the Court award against Defendants, and each of them, the attorneys' fees and costs incurred by Plaintiff in pursuing this Cause of Action, pursuant to Code of Civil Procedure §1021.5, which provides, in pertinent part, that, "a court may award attorneys' fees to a successful party against one or more opposing parties in any action which has resulted in the enforcement of an important right affecting the public interest . . . ."

WHEREFORE, Plaintiff and the Class members pray for relief as set forth below.

## B.  SECOND CAUSE OF ACTION

### Negligent Misrepresentation

### (Plaintiff and the Class Against All Defendants)

56.   Plaintiff, on behalf of himself and the other members of the Class, re-alleges and incorporates by reference herein, as though set forth in full, paragraphs 1 through 42, inclusive, of the Preliminary Allegations, and paragraphs 41 through 55 of the First Cause of Action of this Complaint.

57.   Defendants, and each of them, having undertaken to advertise, market, promote, and sell the Recovery System to the public, including to Plaintiff, owed, and continue to owe, a duty to provide accurate and complete information regarding the effectiveness of that product.

58.   Defendants' marketing, advertising, and promotion of the Recovery System, by containing affirmative misrepresentations, falsely and deceptively sought to create the image and impression that the Recovery System could not be found in motorcycles by would-be thieves and, as a result, that the Recovery System was effective at allowing law enforcement personnel to track-down and recovery stolen motorcycles. (See, e.g., Exhibit "A" to this Complaint, the contents of which are, by and through this reference, incorporated into this Cause of Action as though fully set forth.)

59.   Plaintiff is informed and believes and, thereupon, alleges, that Defendants misstated the true facts, as the Recovery System, being located in just one of a few locations on a motorcycle, is easily found by motorcycle thieves, especially "professional" thieves, and are, thus, easily disabled by thieves, rendering them useless at assisting in the recovery of the motorcycle.

60.   Defendants, and each of them, knew or were aware, or should have known or been

1   aware, that the Recovery System was easily detected by motorcycle thieves, especially "professional"

2   thieves, and was, therefore, ineffective at assisting in the recovery of stolen motorcycles. By

3   continuing to market, advertise, promote, and sell the Recovery Systems as being effective at

4   allowing law enforcement personnel to recover motorcycles stolen with the device installed,

5   including being "indetectable" by thieves and having better than a 90% recovery rate, Defendants,

6   and each of them, improperly and unlawfully marketed, advertised, promoted, and sold the Recovery

7   System to Plaintiff and the Class members.

8        61.   Plaintiff and the Class members justifiably relied to their detriment upon Defendants'

9   positive misrepresentations concerning the effectiveness of the Recovery System, including it being

10   undetectable by thieves, especially by "professional" thieves. Had Plaintiff and the Class members

11   been aware of the true facts, including that there are only a few locations it can be installed in

12   motorcycles, and, as a result, the device is easily discovered and disabled by thieves, rendering the

13   device ineffective at assisting in the recovery of motorcycles installed with that device, they would

14   not have purchased it.

15        62.   As a direct result of Defendants' conduct, Plaintiff and the members of the Class have

16   sustained damages, including, but not limited to, the costs they incurred in purchasing, and having

17   installed, the Recovery System.

18        63.   The amount of funds paid by Plaintiff and the Class members as a result of said acts

19   was, and is, a sum certain and capable of calculation. Pursuant to Civil Code §3287(a), Plaintiff and

20   members of the Class are, thus, entitled to pre-judgment interest as a direct and proximate result of

21   Defendants' wrongful conduct in an amount according to proof.

22        64.   Plaintiff further requests that the Court award against Defendants, and each of them,

23   the attorneys' fees and costs incurred by Plaintiff in pursuing this Cause of Action, pursuant to Code

24   of Civil Procedure §1021.5, which provides, in pertinent part, that, "a court may award attorneys'

25   fees to a successful party against one or more opposing parties in any action which has resulted in

26   the enforcement of an important right affecting the public interest . . . ."

27        WHEREFORE, Plaintiff and the Class members pray for relief as set forth below.

28

---

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES FOR: (1) Intentional
Misrepresentations; (2) Negligent Misrepresentations; (3) Violations of Consumers Legal Remedies Act; (4) Violations
of False Advertising Laws; (5) Violations of Unfair Competition Law; (6) Breach of Implied Warranty          16

## C. THIRD CAUSE OF ACTION

### Violations of California's Consumers Legal Remedies Act

### (Plaintiff and the Class Against All Defendants)

65. Plaintiff, on behalf of himself and the other members of the Class, re-alleges and incorporates by reference herein, as though set forth in full, paragraphs 1 through 42, inclusive, of the Preliminary Allegations, paragraphs 44 through 55 of the First Cause of Action, and paragraphs 57 through 64 of the Second Cause of Action of this Complaint.

66. This Cause of Action is brought pursuant to California's Consumers Legal Remedies Act ("the CLRA"), Civil Code §§ 1750 *et seq.*

67. Plaintiff, and each member of the Class, are "consumers" within the meaning of Civil Code §1761(d).

68. The transactions that Plaintiff and each member of the Class entered into in purchasing a Recovery System are "transactions" within the meaning of Civil Code §1761(e).

69. Defendants' marketing, promotion, and sales of the Recovery System, as alleged herein, amount to violations of the CLRA in at least the following respects:

a. In violation of Civil Code §1770(a)(5), which prohibits "[r]epresenting that goods or services have . . . characteristics . . . uses, benefits . . . which they do not have . . .[,]" Defendants misrepresented the effectiveness of the Recovery System, including stating that it is "indetectable" by thieves and is effective at allowing for the recovery of stolen motorcycles; and

b. In violation of Civil Code §1770(a)(7), which prohibits "[r]epresenting that goods or services are of a particular standard, quality, or grade . . . [,]" Defendants misrepresented the quality of the Recovery System, including that it was "indetectable" by thieves, and stating that the Recovery System has better than a 90 percent rate of recovery when installed in motorcycles.

70. Plaintiff files, concurrent with this Complaint, the venue affidavit required by Civil Code §1780(c). A true and correct copy of that affidavit is attached hereto as Exhibit "B" and, by and through this reference, its contents are fully incorporated herein.

71. In addition, on December 31, 2009 and January 15, 2010, Plaintiff provided the notice to Defendants required under Civil Code §1782(a) via letters sent by certified mail. True and correct

1   copies of those letters are attached hereto, collectively, as Exhibit "C" and, by and through this

2   reference, their contents are fully incorporated herein.

3       72.   Despite Plaintiff sending the referenced notices to Defendants (see Exhibit "C"), no

4   appropriate correction, repair, or other remedy has been made to the Recovery System, and

5   Defendants continue to make the referenced false representations regarding it.

6       73.   Plaintiff seeks, and is entitled to, equitable relief in the form of an order:

7           a.   Enjoining Defendants, and each of them, from continuing to engage in the

8   deceptive business practices described above (see ¶69);

9           b.   Requiring Defendants, and each of them, to make full restitution of all monies

10  wrongfully obtained as a result of the conduct described above (see ¶69);

11          c.   Requiring Defendants, and each of them, to disgorge all ill-gotten gains

12  flowing from the conduct described above (see ¶69);

13          d.   Requiring Defendants, and each of them, to provide public notice of the true

14  nature of the effectiveness (thus, the ineffectiveness) of the Recovery System in motorcycles; and

15          e.   Enjoining Defendants, and each of them, from such deceptive business

16  practices in the future.

17      74.   Plaintiff and the Class members have suffered economic damage as a result of

18  Defendants' violations of Civil Code §1770, including, but not limited to, the costs they incurred in

19  purchasing, and having installed in their motorcycles, the Recovery System.

20      75.   The amount of funds paid by Plaintiff and the Class members as a result of said acts

21  was, and is, a sum certain and capable of calculation. Pursuant to Civil Code §3287(a), Plaintiff and

22  members of the Class are, thus, entitled to pre-judgment interest as a direct and proximate result of

23  Defendants' wrongful conduct in an amount according to proof.

24      76.   Defendants' conduct in misstating the effectiveness of the Recovery System has been

25  purposeful, willful, wanton, and/or reckless. As a consequence, Plaintiff and the members of the

26  Class are entitled to an award of exemplary and punitive damages against each and all of the above-

27  named Defendants, pursuant to Civil Code §1780(a)(4), in an amount sufficient to make an example

28  of each of the said Defendants and to dissuade others from engaging in similar acts and schemes in

the future.

77.   Plaintiff and the Class members are entitled to an award of attorneys' fees and costs against Defendants, and each of them, pursuant to the provisions of Civil Code §1780(d).

78.   Plaintiff further requests that the Court award against Defendants, and each of them, the attorneys' fees and costs incurred by Plaintiff in pursuing this Cause of Action, pursuant to Code of Civil Procedure §1021.5, which provides, in pertinent part, that, "a court may award attorneys' fees to a successful party against one or more opposing parties in any action which has resulted in the enforcement of an important right affecting the public interest . . . ."

WHEREFORE, Plaintiff and the Class members pray for relief as set forth below.

## D.  FOURTH CAUSE OF ACTION

### Violations of California's False Advertising Laws

### (Plaintiff and the Class Against All Defendants)

79.   Plaintiff, on behalf of himself and the other members of the Class, re-alleges and incorporates by reference herein, as though set forth in full, paragraphs 1 through 42, inclusive, of the Preliminary Allegations, paragraphs 44 through 55 of the First Cause of Action, and paragraphs 57 through 64 of the Second Cause of Action of this Complaint.

80.   Business and Professions Code §17500 provides that "[i]t is unlawful for any person, firm, corporation or association, . . . with intent . . . to dispose of . . . personal property . . . to induce the public to enter into any obligation relating thereto, to make or disseminate or cause to be made or disseminated before the public in this state, or to make or disseminate or cause to be made or disseminated from this state before the public in any state, in any newspaper or other publication, or any advertising device, or by public outcry or proclamation, or in any other manner or means whatever, including over the Internet, any statement . . . which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading . . . ."

81.   Defendants' representations regarding the effectiveness of the Recovery System in motorcycles, including by stating, in advertising and other marketing and product materials distributed by Defendants, that the Recovery System is "indetectable" by thieves and will allow for

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES FOR: (1) Intentional Misrepresentations; (2) Negligent Misrepresentations; (3) Violations of Consumers Legal Remedies Act; (4) Violations of False Advertising Laws; (5) Violations of Unfair Competition Law; (6) Breach of Implied Warranty          19

1    the recovery of the motorcycle if stolen, with a 90 percent recovery rate, are misleading. (See, e.g.,

2    Exhibit "A" to this Complaint, the contents of which are, by and through this reference, incorporated

3    into this Cause of Action as though fully set forth.)

4         82.   As a direct result of Defendants' misleading advertising, Plaintiff and the members of

5    the Class have suffered injury in fact and have lost money or property.

6         83.   This misleading advertising described herein presents a continuing threat to the

7    consuming public, as Defendants persist and continue to engage in these practices and will not cease

8    doing so unless and until they are forced to do so by this Court: Defendants' conduct will continue

9    to cause injury to the consuming public unless enjoined and restrained.

10        84.   As a direct result of Defendants' wrongful conduct, Plaintiff and the Class members

11   have suffered monetary damage. Pursuant to Business and Professions Code §17535, Plaintiff, on

12   behalf of himself and members of the Class and general public, seek and order from this Court:

13             a.      Enjoining Defendants from continuing to engage, use, or employ any act(s)

14   prohibited by Business and Professions Code §§ 17500 *et seq.*; and

15             b.      Restoring all monies that may have been acquired by means of Defendants'

16   false and misleading statements in advertisements, promotions, labeling and/or marketing.

17        85.   The amount of funds paid by Plaintiff and the Class members as a result of said acts

18   was, and is, a sum certain and capable of calculation. Pursuant to Civil Code §3287(a), Plaintiff and

19   members of the Class are, thus, entitled to pre-judgment interest as a direct and proximate result of

20   Defendants' wrongful conduct in an amount according to proof.

21        86.   Plaintiff further requests that the Court award against Defendants, and each of them,

22   the attorneys' fees and costs incurred by Plaintiff in pursuing this Cause of Action, pursuant to Code

23   of Civil Procedure §1021.5, which provides, in pertinent part, that, "a court may award attorneys'

24   fees to a successful party against one or more opposing parties in any action which has resulted in

25   the enforcement of an important right affecting the public interest . . . ."

26        WHEREFORE, Plaintiff and the Class members pray for relief as set forth below.

27

28

## E. FIFTH CAUSE OF ACTION

### Violations of the Unfair Competition Law

### (Plaintiff and the Class Against All Defendants)

87.   Plaintiff, on behalf of himself and the other members of the Class, re-alleges and incorporates by reference herein, as though set forth in full, paragraphs 1 through 42, inclusive, of the Preliminary Allegations, paragraphs 44 through 55 of the First Cause of Action, paragraphs 57 through 64 of the Second Cause of Action, paragraphs 66 through 77 of the Third Cause of Action, and paragraphs 79 through 86 of the Fourth Cause of Action of this Complaint.

88.   Plaintiff has standing to bring this action under the UCL because he has suffered injury in fact and has lost money or property because of Defendants' conduct.

89.   Defendants, and each of them, are "persons" as that term is defined under California Business and Professions Code §17021.

90.   Business and Professions Code §§ 17200 *et seq.* prohibit any acts of unfair competition, which includes "unlawful" or "unfair" business practices. As more particularly stated in allegations set forth in the First, Second, Third, and Fourth Causes of Action of this Complaint, Defendants, and each of them, have engaged in separately and independently actionable unlawful acts by virtue of their misrepresentations to the consuming public, including their violations of the CLRA and FAL.

91.   In this regard, at all times relevant herein, by and through the conduct described herein, Defendants, and each of them, have engaged in unfair and unlawful practices by misrepresenting the effectiveness of the Recovery System in motorcycles, including by stating, in advertising and other marketing and product materials distributed by Defendants, that the Recovery System is "indetectable" by thieves and will allow for the recovery of the motorcycle if stolen, with a better than 90 percent recovery rate. In truth, the device is easily discovered by thieves, as there are only a few locations it can be installed in motorcycles, and, as a result, the device is easily disabled, rendering the device, essentially, useless in assisting with the recovery of stolen motorcycles.

92.   All of the acts described herein as violations of, among other things, California's CLRA and FAL, are unlawful and in violation of public policy and, in addition, are immoral, unethical, oppressive, and unscrupulous, and, thereby, constitute unfair and unlawful business practices in

1    violation of Business and Professions Code §§17200 *et seq.*

2          93.   The Acts, as described in this Complaint, have a capacity, tendency, and likelihood to

3    deceive or confuse members of the general public regarding the effectiveness of the Recovery

4    System when purchased for, and installed in, motorcycles.

5          94.   By and through the unfair and unlawful business practices described herein,

6    Defendants, and each of them, have obtained valuable property and money from Plaintiff and the

7    other members of the Class and have deprived said Plaintiff and Class members of valuable rights

8    and benefits guaranteed by law, all to said Plaintiff's and Class members' detriment and to the

9    benefit of Defendants, and each of them, so as to allow Defendants, and each of them, to unfairly

10   compete.

11         95.   Plaintiff, and the other members of the Class, are entitled to, and do, seek such relief

12   as may be necessary to restore to them the money and property which Defendants, and each of them,

13   have acquired, or of which Plaintiff, and the other members of the Class, have been deprived, by

14   means of the above-described unfair and unlawful business practices.

15         96.   Plaintiff and the other members of the Class are further entitled to, and do, seek a

16   declaration that the above-described business practices are unfair and unlawful and that an injunction

17   should be issued restraining Defendants, and each of them, from engaging in any of these unfair and

18   unlawful business practices in the future.

19         97.   Plaintiff and the other members of the Class have no adequate remedy at law that will

20   end the unfair and unlawful business practices of Defendants, and each of them.  As a result of the

21   unfair and unlawful business practices described above, Plaintiff, the members of the Class, and the

22   consuming public have suffered, and will continue to suffer, irreparable harm unless Defendants, and

23   each of them, are restrained from continuing to engage in these unfair and unlawful business

24   practices. In addition, Defendants, and each of them, should be required to disgorge the monies they

25   received as a result of their unfair and unlawful business practices to Plaintiff and the members of

26   the Class.

27         98.   The amount of funds paid by Plaintiff and the Class members as a result of said acts

28   was, and is, a sum certain and capable of calculation. Pursuant to Civil Code §3287(a), Plaintiff and

1   members of the Class are, thus, entitled to pre-judgment interest as a direct and proximate result of

2   Defendants' wrongful conduct in an amount according to proof.

3       99.    Plaintiff further requests that the Court award against Defendants, and each of them,

4   the attorneys' fees and costs incurred by Plaintiff in pursuing this Cause of Action, pursuant to Code

5   of Civil Procedure §1021.5, which provides, in pertinent part, that, "a court may award attorneys'

6   fees to a successful party against one or more opposing parties in any action which has resulted in

7   the enforcement of an important right affecting the public interest . . . ."

8       WHEREFORE, Plaintiff and the Class members pray for relief as set forth below.

9                          F.  **SIXTH CAUSE OF ACTION**

10                         **Breach of Implied Warranty**

11               **(Plaintiff and the Class Against All Defendants)**

12      100.  Plaintiff, on behalf of himself and the other members of the Class, re-alleges and

13   incorporates by reference herein, as though set forth in full, paragraphs 1 through 42, inclusive, of

14   the Preliminary Allegations, paragraphs 44 through 55 of the First Cause of Action, and paragraphs

15   57 through 64 of the Second Cause of Action of this Complaint.

16      101.  Defendants, and each of them, represented to consumers, including Plaintiff, by and

17   through advertising, labeling, product materials, and other means, that the Recovery System has, as

18   its ordinary and intended purpose, assisting law enforcement personal in the recovery of stolen

19   motorcycles that have such a device installed, including that the device is "indetectable" by thieves,

20   especially "professional" motorcycle thieves,  and will allow for the tracking and recovery of the

21   motorcycle if stolen, with a better than 90 percent recovery rate.

22      102.  Defendants, and each of them, are merchants with respect to the Recovery System that

23   was sold to Plaintiff, and other consumers, including the members of the Class, and there was in, and

24   as a part of, the sale an implied warranty that the Recovery System was merchantable for its ordinary

25   purposes, as represented in the advertising, labeling, and product materials that pertained to it. (See,

26   e.g., Exhibit "A" to this Complaint, the contents of which are, by and through this reference,

27   incorporated into this Cause of Action as though fully set forth.)

28      103.  Defendants, and each of them, breached that warranty implied in the sale of goods in

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES FOR: (1) Intentional
Misrepresentations; (2) Negligent Misrepresentations; (3) Violations of Consumers Legal Remedies Act; (4) Violations
of False Advertising Laws; (5) Violations of Unfair Competition Law; (6) Breach of Implied Warranty        23

1   that the Recovery System does not have the characteristics, qualities, and uses represented as its

2   ordinary purpose and, in fact, is easily detectable and disabled by motorcycle thieves, including

3   "professional" thieves, and, therefore, is not effective in fulfilling its stated its ordinary purpose, to

4   wit, assisting law enforcement personnel to track and recover stolen motorcycles in which the device

5   is installed.

6       104. As a result, Plaintiff and the Class members did not receive goods as impliedly

7   warranted by Defendants, and each of them, to be merchantable.

8       105. As a direct result of Defendants' conduct, Plaintiff and the Class members have

9   sustained damages, including, but not limited to, the costs they incurred in purchasing, and having

10  installed, the Recovery System, which was not effective at what was represented to be adequate to

11  fulfill its stated ordinary purpose, and which they would not have purchased but for the

12  misrepresentations.

13      106. The amount of funds paid by Plaintiff and the Class members as a result of said acts

14  was, and is, a sum certain and capable of calculation. Pursuant to Civil Code §3287(a), Plaintiff and

15  members of the Class are, thus, entitled to pre-judgment interest as a direct and proximate result of

16  Defendants' wrongful conduct in an amount according to proof.

17      107. Plaintiff further requests that the Court award against Defendants, and each of them,

18  the attorneys' fees and costs incurred by Plaintiff in pursuing this Cause of Action, pursuant to Code

19  of Civil Procedure §1021.5, which provides, in pertinent part, that, "a court may award attorneys'

20  fees to a successful party against one or more opposing parties in any action which has resulted in

21  the enforcement of an important right affecting the public interest . . . ."

22      WHEREFORE, Plaintiff and the Class members pray for relief as set forth below.

### III. PRAYER

24      WHEREFORE, Plaintiff, and the members of the Class, pray for judgment against

25  Defendants, and each of them, as follows:

26      1.   For an order certifying that the action may be maintained as a class action;

27      2.   For an order of equitable relief, as follows:

28          a.   Enjoining Defendants, and each of them, from continuing to engage in the

1 | deceptive business practices that are described in this Complaint;

2 |       b.     Requiring Defendants, and each of them, to make full restitution of all monies

3 | wrongfully obtained as a result of the conduct described in this Complaint;

4 |       c.     Requiring Defendants, and each of them, to disgorge all ill-gotten gains

5 | flowing from the conduct described in this Complaint;

6 |       d.     Requiring Defendants, and each of them, to provide public notice of the true

7 | effectiveness (or ineffectiveness) of the Recovery System in motorcycles; and

8 |       e.     Enjoining Defendants, and each of them, from such deceptive business

9 | practices in the future.

10 |     3.    For actual damages in an amount to be determined at trial for the First, Second, Third,

11 | and Fourth Causes of Action;

12 |     4.    For an award of punitive damages, in an amount appropriate to punish the Defendants

13 | and to make examples of their conduct in the community so as to dissuade others from later engaging

14 | in the same or similar conduct, in an amount to be determined at trial for the First and Third Causes

15 | of Action;

16 |     5.    For pre-judgment interest an any amounts awarded on any and all claims;

17 |     6.    For an award of attorneys' fees and costs pursuant to Civil Code §1780(d) and Code

18 | of Civil Procedure §1021.5;

19 |     7.    For costs of suit incurred herein; and

20 |     8.    For such other and further relief as the Court may deem just and proper.

21 | Dated: June 8, 2010               Respectfully submitted,

22 |                           PAGANO & KASS, APC

23 |

24 |

25 |                           IAN A. KASS, ESQ., Attorneys for
Plaintiff, LOUIS MORIN, an individual, on

26 |                           behalf of himself, and on behalf of all other
persons similarly situated

27 |

28 |

## JURY DEMAND

COME NOW, Plaintiff, LOUIS MORIN, an individual, on behalf of himself, and on behalf of all other persons similarly situated, and he, hereby, demands a trial of the claims and purported causes of action that arise out of the said Complaint by a jury, as is guaranteed to him by the applicable provisions of the United States and California Constitutions and all statutory enactments that are designed to implement these jury trial rights.

Dated:  June 8, 2010

Respectfully submitted,

PAGANO & KASS, APC

IAN A. KASS, ESQ., Attorneys for
Plaintiff, LOUIS MORIN, an individual, on
behalf of himself, and on behalf of all other
persons similarly situated

**EXHIBIT** A



# OWNER'S MANUAL

LoJack Early Warning™ For Motorcycles

(see instructions inside)








# TABLE OF CONTENTS

Welcome ....................................................... 1

Overview ..................................................... 3-4

Registration ................................................... 5

Maintenance .................................................. 5

Coverage Areas ............................................. 7-8

Questions & Answers ..................................... 9-10

Warranty ................................................... 11-14

User Agreement ......................................... 15-17

Change of Address Form .................................. 23

Additional Key Pass Order Form ......................... 24

1-800-4-LOJACK (1-800-5225) • www.lojack.com

# OVERVIEW

## OPERATION

### Driving Without the Early Warning Key Pass

- Should your motorcycle be moved without the Key Pass present, you will be contacted at the numbers and/or email addresses you provided. If there is no answer or a busy signal, LoJack will continue to try to contact you for up to 24 hours.

- Early Warning notification will only occur if the motorcycle is moved or driven some distance without the Key Pass.

- LoJack Early Warning technology goes through a number of checks and balances to avoid a false notification. If you are notified your motorcycle is moving without your permission and have confirmed it is not moving, contact LoJack to report the problem.

- Typically, you are notified within 15-30 minutes after your motorcycle begins moving without the Key Pass. However, this time may vary depending on your coverage area, but should not exceed one hour.

### Resetting Your Early Warning Feature

- Early Warning will attempt to notify you multiple times. If your motorcycle is moving for up to an eight-hour period and then shut down.

- To reset your Early Warning feature, you simply need to ride for at least five minutes with the Key Pass present.

- Police operation of LoJack is not affected by the shut off of your Early Warning feature. Even if the Early Warning feature is shut off, the filing of a stolen vehicle report to police will result in the activation of LoJack.

1-800-4-LOJACK (1-800-456-5225) • www.lojack.com

# REGISTERING LOJACK EARLY WARNING FOR MOTORCYCLES



## REGISTRATION

- You must register LoJack Early Warning for Motorcycles for it to be operational.

- Registering online is the fastest and easiest way to register LoJack Early Warning for Motorcycles (www.lojack.com). If you do not have access to a computer or the web, you can also register by calling LoJack Customer Service at 1-800-456-5225, 24 hours a day, 7 days a week.

- To complete your registration, you will need to provide LoJack with the two numbers (VIN and Early Warning Registration numbers) printed on your LoJack ID card, which is located in the clear pocket inside your owner's kit.

- To provide you maximum flexibility, we provide the following methods of contact for Early Warning notification: text messaging, email, home phone, cell phone and work phone. When registering, you can choose up to five contacts using any combination of these contact methods. Should it be necessary to alert you with an Early Warning notification, LoJack will alert you at every contact point you have selected.

- If you're using a spam filter or email blocker on your email service, be sure to add lojackew@lojack.com to your approved list of senders.

- Once you've completed the registration process, please allow 24 hours for processing. You will receive a confirmation notification that confirms your Early Warning contact information.

- Once you've received registration confirmation, riding with the Early Warning Key Pack for the first time (for at least five minutes) makes your LoJack Early Warning operational.

## UPDATING YOUR REGISTRATION

- If you need to update or change your registration information after your first registration, simply go to www.lojack.com. Select the option for registering Early Warning. Please note that any changes you make will override any existing information. Be sure to provide all the contact methods you want to be notified at, not just the ones that have changed. You will receive a confirmation notification that confirms your registration changes.

- You can also call LoJack Customer Service to make updates to your registration information.



5



# MAINTENANCE

## LoJack Early Warning Inspection

After the initial warranty period (two years), LoJack recommends an inspection of your LoJack Early Warning, to ensure proper performance.

You can schedule this inspection by contacting your LoJack authorized motorcycle dealer or by calling 1-800-456-5225 to find the name of an authorized LoJack dealer in your area. Any additional cost of repairs or replacement components is not included in the inspection cost.

You should be aware of specific instances that require a post-installation inspection of your LoJack Early Warning, to ensure proper performance of the system and to maintain your warranty protection.

**Special instances MAY require immediate inspection:**

• The motorcycle sustains damage in an accident.

• New electrical equipment is installed or existing electrical equipment is repaired.

• The motorcycle experiences battery or electrical problems.

• Your motorcycle has been in storage without a battery or a battery maintenance device for more than one month.

## Early Warning Key Pass

* . . . . . .

• The Key Pass has been designed and tested to tolerate harsh motorcycle riding environments.

### Key Pass Battery

• Your Key Pass uses a Lithium watch battery (#CR-2032), available in most retail stores and electronic retailers.

• **The Key Pass LED indicator will flash when the battery is low indicating replacement is required.**

. . . . . . . . . . .

Use a Lithium watch battery (#CR-2032), available in retail stores where batteries are sold.



Remove Screw

Open Key Pass

Replace Battery

Close Key Pass

## 1. Remove The Screw

Remove the screw from the Key Pass with a screwdriver.

## 2. Open Key Pass

Gently pry apart the two halves of the Key Pass. You have now exposed the interior of the Key Pass. You will notice a circular battery retained by a battery holder.

## 3. Remove Old Battery

Push the battery out of its holder using a non-metal tool. Notice the + sign on the face of the battery. Put the new battery in with the + sign facing upward. Discard the old battery.

## 4. Replace Battery

Insert a new battery into the battery holder. The battery MUST be installed with the + sign facing up. Slide the battery into the holder. The red light on the face of the Key Pass should flash several times immediately after properly installing a battery.

## 5. Close the Key Pass

Reassemble the Key Pass by snapping the two halves of the case together. Screw the two halves back together. Make sure that the battery LED indicator is visible through the hole in the Key Pass.

1-800-41-OJACK (1-800-416-5225) • www.keyjack.com



# COVERAGE AREAS

LoJack Early Warning Recovery System service is available in all or a substantial portion of each of the following counties, based on population density, geography and distribution of police tracking computers:

| STATE | COUNTIES COVERED |
|---|---|
| Arizona | Maricopa, Pima, Pinal, Santa Cruz |
| California | Alameda, Contra Costa, Fresno, Imperial, Kern, Kings, Los Angeles, Madera, Marin, Merced, Napa, Orange, Placer, Riverside, Sacramento, San Bernadino, San Diego, San Francisco, San Joaquin, San Mateo, Santa Barbara, Santa Clara, Solano, Sonoma, Stanislaus, Sutter, Tulare, Ventura, Yolo |
| Colorado | Adams, Arapahoe, Boulder, Broomfield, Denver, Douglas, El Paso, Jefferson, Larimer, Pueblo, Weld |
| Connecticut | Fairfield, Hartford, Middlesex, New Haven, New London, Tolland |
| Delaware | New Castle |
| District of Columbia | All counties |
| Florida | Brevard, Broward, Charlotte, Clay, Collier, Dade, Duval, Flagler, Hillsborough, Indian River, Lee, Manatee, Martin, Nassau, Orange, Osceola, Palm Beach, Pasco, Pinellas, Polk, Saint John's, Saint Lucie, Sarasota, Seminole, Volusia |
| Georgia | Barrow, Bartow, Butts, Carroll, Cherokee, Clarke, Clayton, Cobb, Coweta, DeKalb, Douglas, Fayette, Forsyth, Fulton, Gwinnett, Hall, Henry, Jackson, Newton, Oconee, Paulding, Rockdale, Spalding, Walton |
| Illinois | Cook, DuPage, Kane, Lake, McHenry, Will |
| Louisiana | Ascension, East Baton Rouge, Iberville, Jefferson, Livingston, Orleans, Plaquemines, Saint Bernard, Saint Charles, Saint James, Saint John the Baptist, Saint Tammany, West Baton Rouge |
| Maryland | Anne Arundel, Baltimore, Baltimore City, Carroll, Charles, Frederick, Harford, Howard, Montgomery, Prince George's |
| Massachusetts | All counties |
| Michigan | Allegan, Bay, Berrien, Calhoun, Cass, Clinton, Eaton, Genesee, Ingham, Jackson, Kalamazoo, Kent, Lapeer, Livingston, Macomb, Monroe, Muskegon, Oakland, Ottawa, Saginaw, Shiawassee, St. Clair, Tuscola, Van Buren, Washtenaw, Wayne |

9




10

| STATE | COUNTIES COVERED |
|-------|------------------|
| Nevada | Clark |
| New Hampshire | Hillsborough, Rockingham |
| New Jersey | All counties |
| New York | Bronx, Kings, Nassau, New York, Orange, Putnam, Queens, Richmond, Rockland, Suffolk, Westchester |
| North Carolina | Alamance, Cabarrus, Cumberland, Davidson, Davie, Durham, Forsyth, Gaston, Guilford, Harnett, Hoke, Johnston, Mecklenburg, Orange, Randolph, Rowan, Union, Wake |
| Ohio | Cuyahoga, Delaware, Fairfield, Franklin, Geauga, Lake, Licking, Lorain, Madison, Medina, Summit, Union |
| Oregon | Clackamas, Marion, Multnomah, Polk, Washington, Yamhill |
| Pennsylvania | Bucks, Chester, Delaware, Montgomery, Philadelphia |
| Rhode Island | All counties |
| South Carolina | Anderson, Charleston, Cherokee, Darlington, Dorchester, Florence, Greenville, Kershaw, Lexington, Pickens, Richland, Spartanburg, York |
| Tennessee | Cheatham, Davidson, Dickson, Fayette, Robertson, Rutherford, Shelby, Sumner, Tipton, Williamson, Wilson |
| Texas | Bastrop, Bexar, Brazoria, Chambers, Collin, Comal, Dallas, Denton, Ellis, Fort Bend, Galveston, Guadalupe, Harris, Hays, Johnson, Kaufman, Liberty, Montgomery, Parker, Rockwall, Tarrant, Travis, Williamson |
| Virginia | *Counties:* Arlington, Caroline, Charles City, Chesterfield, Dinwiddie, Fairfax, Fauquier, Goochland, Greensville, Hanover, Henrico, Isle of Wight, James City, King George, King William, Loudoun, New Kent, Powhatan, Prince George, Prince William, Southampton, Spotsylvania, Stafford, Surry, Sussex, York<br><br>*Independent Cities:* Alexandria, Chesapeake, Colonial Heights, Emporia, Fairfax, Falls Church, Hampton, Hopewell, Manassas, Manassas Park, Newport News, Norfolk, Petersburg, Portsmouth, Richmond, Suffolk, Virginia Beach, Williamsburg |
| Washington | Clark, Jefferson, King, Kitsap, Lewis, Mason, Pierce, Skagit, Snohomish, Thurston, Whatcom |

* For recent updates to LoJack coverage areas, call 1-800-4-LOJACK.

**1-800-4-LOJACK (1-800-456-5225) • www.lojack.com**



## QUESTIONS & ANSWERS

**What should I do if my motorcycle is stolen?**

If your motorcycle is stolen, report the theft immediately to the police in the city/town where it was stolen. Once you've signed the stolen vehicle report and it's processed, the LoJack unit in your motorcycle will automatically be activated.

**How does LoJack Early Warning for Motorcycles work?**

If your motorcycle is ridden without the Early Warning Key Pass, you will receive Early Warning notification to call the points of contact you provided during registration.

After two hours, if your motorcycle is moved again without your permission, you will be contacted again. This two-hour cycle continues until eight hours have passed, typically at which point the Early Warning feature automatically turns itself off. This is a proactive measure so that if Early Warning is triggered inadvertently (i.e. you lose your Key Pass, your Key Pass battery is low), you'll yourself will not receive repeated notification.

Should you determine that your motorcycle has been stolen, contact the police and complete a stolen vehicle report. The police will then activate LoJack. LoJack sends a silent signal that helps police track and recover your stolen motorcycle.

**How long does it take to receive Early Warning notification?**

Typical notification from the time your motorcycle begins moving without the Key Pass is about 15-30 minutes and no more than one hour. However, this time may vary based on where you are driving within the LoJack coverage area network. (See pages 8-10).

**What if I miss the Early Warning call?**

If you miss the call and have an answering machine or voice mail, an Early Warning notification message will be left. If your phone is busy or keeps ringing and there is no way to leave a message, LoJack will continue trying to call for up to 24 hours.

**How do I know if my Early Warning Key Passes are working?**

Your Key Passes and the Key Pass batteries were tested at the time of installation. Riding without your Key Pass will result in Early Warning notification. See the Operation section of this manual (page 4) for more information on the operation of your LoJack Early Warning System.

Should your battery run low, the LED light on your Early Warning Key Pass will flash periodically to alert you the battery needs to be replaced. See the Maintenance section (see pages 7-8) of this Owner's Manual for information on battery replacement.

11.

12

**Does my motorcycle need to be registered?**

Yes, your motorcycle must be registered with the Department of Motor Vehicles in order for the LoJack System to be activated by the police.

**Do I need to register for LoJack separately from Early Warning on your website?**

No, by registering for Early Warning, you are automatically registered for LoJack. You do not need to register twice.

**Will I get spam if I provide you with my e-mail address when I register?**

No, we do not share your contact information with other companies, and you will not receive unsolicited e-mail or phone calls by providing this information when you register for LoJack Early Warning.

**What if I want to turn off my Early Warning feature?**

Should you decide you want to disable your Early Warning feature, the easiest way is to stop using your Early Warning Key Pass when riding your motorcycle. You will receive initial Early Warning notification, but after eight hours, the Early Warning feature will turn itself off. To reset your Early Warning feature, simply begin using your Early Warning Key Pass again.

**1-800-4-LOJACK (1-800-456-5225) www.lojack.com**

**Is LoJack Early Warning waterproof and/or water-resistant?**

The unit has been designed and tested to withstand any environmental conditions that a motorcycle will be operated in (i.e. rain, puddles, etc.).

**Where does LoJack Early Warning get its power from?**

The unit obtains its power from the motorcycle's battery. The LoJack Early Warning also has a back-up battery.

**Will LoJack Early Warning drain my motorcycle's battery?**

As with any powered accessory, LoJack Early Warning will draw power from your battery. We recommend that all motorcycles that have a LoJack installed also utilize some type of battery maintenance device such as a smart charger or trickle charger during periods of infrequent use.

**What if the battery charge on my motorcycle becomes low?**

If the motorcycle battery becomes low, LoJack Early Warning will draw power from a back-up battery for 24 hours, and then it will shut down. The motorcycle battery should be re-charged as soon as possible. Once the motorcycle battery is recharged, the LoJack System will resume its functionality.

## QUESTIONS & ANSWERS, cont'd.

**How much power does LoJack Early Warning drain from my battery?**

One milliamp on average.

**What if I store my motorcycle for the winter, or don't ride it for several days/weeks/months?**

LoJack recommends that all motorcycles that have LoJack Early Warning installed also have some type of battery maintenance device such as a smart charger or trickle charger installed to maintain your battery during long periods when you are not riding.

**What if my motorcycle is involved in an accident?**

If your motorcycle sustains damage as a result of an accident, contact your local LoJack authorized dealer to schedule an inspection for your LoJack. This inspection is required to ensure your LoJack unit is in proper working condition and to maintain your warranty coverage.

**What kind of maintenance is recommended for my LoJack Early Warning?**

The life of the batteries in your Key Passes will vary. Batteries may need to be replaced from six months up to two years, or when you change the batteries in other household items like your smoke detectors. In addition, we recommend an inspection of your system every two years.

13

**How do I get service for my LoJack Early Warning?**

Call your LoJack authorized motorcycle dealer. If you are unable to schedule an appointment, please call LoJack at 1-800-456-5225 to speak with a Customer Service Representative who can answer any questions you may have or direct you to an authorized dealer in your area.

**What is the warranty on LoJack Early Warning?**

There is a two-year Purchaser's Limited Warranty that includes a limited parts and labor warranty along with a 24-hour recovery warranty. The Key Pass and the back-up battery are under warranty for 90 days. If your motorcycle is stolen within a LoJack coverage area and is not recovered within 24-hours, LoJack will refund you the purchase price of the LoJack Early Warning up to $695, not including installation costs.

**Why is there no exterior marking on the motorcycle stating it has LoJack? Wouldn't a LoJack sticker act as a theft deterrent?**

One of the major benefits of the LoJack system is that the presence of the LoJack unit is not disclosed to the thief. The LoJack system was designed to enable police to track and recover your motorcycle in the event it is stolen. It is not designed to prevent theft. This is why you shouldn't leave your LoJack Early Warning Owner's Manual with your motorcycle. This increases the likelihood of rapid recovery with minimal damage.

## Where was LoJack Early Warning installed on my motorcycle?

The LoJack System is hidden in one of several places within your motorcycle. For security purposes, we do not disclose the location of the LoJack Early Warning System to anyone, not even to the owner of the motorcycle.

## What happens when I sell my motorcycle? Can I transfer my LoJack Early Warning to my new motorcycle?

Your LoJack Early Warning is not transferable from motor-cycle to motorcycle as the serial number on your system is registered to the 17-digit VIN of your motorcycle. When selling your motorcycle, however, be sure to mention to the dealer or the buyer that it's equipped with LoJack Early Warning as it may enhance the motorcycle's value. The subsequent owner of your motorcycle can call LoJack to locate an authorized LoJack dealer to purchase a subsequent owner package and have the system registered in their name. If you sell or trade your motorcycle, you must contact LoJack to have your contact information deleted – so you don't receive Early Warning notification when you no longer own the motorcycle.

**1-800-4-LOJACK (1-800-456-5225) • www.lojack.com**

## What kind of subsequent owner packages are available for the subsequent owner?

Two package options are available for the second owner of a LoJack Early Warning equipped motorcycle:

**Basic Inspection and Registration Package**

Includes an inspection appointment, services and re-registration of LoJack Early Warning in the new owner's name.

**Deluxe Inspection and Registration Package**

Includes an inspection appointment, one new Key Pass, services and re-registration of LoJack Early Warning in the new owner's name. See your dealer for details; prices for service may vary.

## Are all bikes eligible for a LoJack?

Some vehicles may not be eligible for LoJack installation. Your vehicle must be on LoJack's approved list and will not be registered with LoJack Corporation or entered into the National Crime Investigation Computer System if it does not meet particular criteria. Most motorcycles, scooters and dual-rated bikes with battery capacity of 7 amp-hours or more, 150cc engine and up, for use on highway, are most likely eligible. See your dealer for specific details.

# LIMITED PURCHASER'S WARRANTY

## LOJACK EARLY WARNING LIMITED WARRANTY

**Limited Parts and Labor Warranty** — We warrant that if the LoJack unit or LoJack unit with LoJack Early Warning feature which is installed on your motorcycle (exclusive of backup battery system and LoJack Early Warning Key Pass), proves to be defective in materials or workmanship within two (2) years from the date of installation, we will, at our option, either replace such LoJack product or products, or will provide without charge the labor and the parts necessary to remedy any such defects at a LoJack operated installation center. LoJack's responsibility is only to replace or repair the LoJack products and not for any additional payment, regardless of the nature. For a period of ninety (90) days after installation, LoJack will provide parts and labor or service to repair or replace any part of the backup battery system or LoJack Early Warning Key Pass which proves to be defective in material or workmanship. LoJack Early Warning Key Pass batteries are not manufactured or warrantied by LoJack. It is your responsibility to replace LoJack Early Warning Key Pass batteries as recommended in your Owner's Manual.

LoJack is not responsible for the back-up battery in the event you do not keep your motorcycle's primary battery fully charged either through motorcycle use or through the use of a battery maintenance or charging device. It is your responsibility to maintain your motorcycle's battery as recommended in this Owner's Manual.

**Limited Recovery Warranty** — In addition to the LoJack limited parts and Labor Warranty, we warrant that if, within two (2) years from the date of installation of the LoJack unit, the Purchaser's motorcycle is stolen and not recovered within twenty-four hours from the time that report of the theft is officially recorded by the law enforcement agency having jurisdiction, LoJack

Corporation will pay you an amount equal to the purchase price paid for the LoJack unit with LoJack Early Warning feature up to a maximum of $695. For purposes of this warranty, the price paid does not include any dealer installation, finance, lease, tax or other charges. This warranty applies only when both the theft of the motorcycle and the report of the theft occur within the boundaries of a jurisdiction where the LoJack System is fully operative at the time of the theft (see the LoJack Coverage Area page for coverage as of the date of this Owner's Manual, and see coverage information at www.lojack.com or call 1-800-456-5225 for updated coverage information). This one-time payment of an amount equal to the purchase price of the LoJack products described above shall be the complete and final remedy available to Purchaser in the event of non-recovery of your motorcycle within twenty-four hours after the report of the theft to the law enforcement agency having jurisdiction. In connection with any claim under the LoJack Limited Recovery Warranty it is the responsibility of the Purchaser to provide (i) dated/time-stamped proof of report of theft from the appropriate law enforcement agency; (ii) dated proof of purchase of the LoJack unit; and (iii) confirmation by such law enforcement agency that the vehicle was not recovered within twenty-four hours following the report.

## CONDITIONS, LIMITATIONS AND EXCLUSIONS

The LoJack products covered by this warranty are permanently installed on the original owner's motorcycle and cannot be transferred to another motorcycle. All LoJack warranties are limited to the original retail purchaser and are not transferable. Purchaser must comply with all the terms of this warranty. To obtain service under the Limited Parts and Labor Warranty, call 1-800-456-5225.

15

16

After contacting LoJack and determining an authorized dealer where the warranty issue can be remedied, you must present your motorcycle and dated proof of purchase to a LoJack authorized dealer. LoJack products as to which payment has been made pursuant to the LoJack Limited Recovery Warranty and units and parts which have been replaced become the property of LoJack Corporation and, at the option of LoJack Corporation, may be removed from Purchaser's motorcycle or deactivated.

## LIMITED PURCHASER'S WARRANTY

Upon recovery of a stolen LoJack-equipped motorcycle, LoJack Corporation may, at its option, require a physical inspection of the LoJack unit, other LoJack products and the motorcycle to verify working condition and to revalidate this warranty. A LoJack-equipped motorcycle which has been stolen and recovered shall not qualify for the LoJack Limited Recovery Warranty unless the LoJack unit has been inspected and the warranty has been revalidated by a LoJack quality control manager. Any LoJack product which malfunctions after the expiration of the warranty period will be removed or repaired at the owner's expense.

This warranty does not cover any LoJack products that may have been installed, removed, serviced or modified by anyone other than an authorized LoJack Technician. This warranty does not cover damage that results from faulty or leaky batteries, accident, misuse, abuse or damage caused by conditions on the motorcycle, or improper voltage, or from fire, flood, lightning or other acts of God. This warranty does not cover the loss of the contents on a motorcycle or any original and/or aftermarket accessories installed on or in the motorcycle if it is stolen. This warranty shall be null and void if it is determined that the report to the law enforcement agency of the theft of the LoJack-equipped motorcycle was false or erroneous. LoJack reserves the right to make changes in design and improvements upon its products without assuming any obligation to install such changes upon any of its products previously manufactured or installed.

EXCEPT AS EXPRESSLY SET FORTH ABOVE, NO OTHER WARRANTIES ARE EXPRESSED OR IMPLIED, INCLUDING BUT NOT LIMITED TO, ANY IMPLIED WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE, AND LOJACK CORPORATION EXPRESSLY DISCLAIMS ALL WARRANTIES NOT EXPRESSLY STATED HEREIN. THE DURATION OF ANY IMPLIED WARRANTY OF MERCHANTABILITY, FITNESS FOR A PARTICULAR PURPOSE, OR OTHERWISE ON LOJACK PRODUCTS SHALL BE LIMITED TO THE DURATION OF THE APPLICABLE EXPRESS WARRANTY SET FORTH ABOVE. IN THE EVENT THAT A LOJACK PRODUCT PROVES TO BE DEFECTIVE IN MATERIAL OR WORKMANSHIP WITHIN THE WARRANTY PERIOD, THE PURCHASER'S SOLE REMEDY SHALL BE REPAIR OR REPLACEMENT AS PROVIDED ABOVE. IN NO EVENT SHALL LOJACK CORPORATION BE LIABLE FOR ANY LOSS, INCONVENIENCE OR DAMAGE WHETHER DIRECT, INCIDENTAL, CONSEQUENTIAL OR OTHERWISE RESULTING FROM BREACH OF ANY EXPRESS WARRANTY OR ANY IMPLIED WARRANTY OF MERCHANTABILITY, FITNESS FOR A PARTICULAR PURPOSE, OR OTHERWISE, WITH RESPECT TO ANY LOJACK PRODUCT, EXCEPT AS SET FORTH HEREIN.

1-800-4-LOJACK (1-800-456-5225) • www.lojack.com

# LIMITED PURCHASER'S WARRANTY, cont'd.

This warranty gives you specific legal rights, and you may also have other rights that may vary from state to state. Some states do not allow the exclusion or limitation of incidental or consequential damages, or do not allow disclaimers of implied warranties or limitations on the duration of implied warranties, so the above limitations or exclusions may not apply to you.

## IMPORTANT FCC NOTICE

The LoJack Stolen Vehicle Recovery System is a law enforcement tool which transmits information on a radio frequency reserved for law enforcement use. The type of radio signal used by LoJack is currently classified as "wide band" by the Federal Communications Commission (FCC).

The FCC has mandated that all law enforcement and emergency radio frequency users switch from wide band to narrow band radio transmissions by May 27, 2019. Unless that date is subsequently changed, your LoJack Unit will cease to function on that date. This certificate entitles the holders of LoJack extended warranty certificates and the original owners of LoJack-equipped vehicles to a new, fully warranted, narrow band replacement LoJack Unit for a service fee of $100. Just call 1-800-456-5225 to arrange for installation.

You may request installation of your replacement LoJack Unit at any time between September 30, 2018 and September 30, 2019.

## POLICE OPERATION

The New York State Police will monitor the LoJack frequency under a five-year agreement with the LoJack Corporation. Upon this expiration, this agreement is subject to review for renewal. The State of New York and the New York State Police are not parties to the sales agreement and they do not warrant, guarantee, assure, or otherwise make any representations regarding the use, accuracy, reliability, or operation of the LoJack Stolen Vehicle Recovery System or any of its component parts. The Rhode Island State Police, with state-wide jurisdiction, and various municipal law enforcement agencies participate in the LoJack Stolen Vehicle Recovery System pursuant to a five-year agreement renewed in 2004. A listing of municipalities with LoJack police tracking computers is contained in this owner's manual. The participating Rhode Island law enforcement agencies do not sponsor or endorse the LoJack System, are not parties to any sales agreements pertaining to the LoJack System, and do not warrant, guarantee, assure or otherwise make any representation regarding the use, accuracy, reliability, merchantability, fitness for use or operation of the LoJack System or any of its component parts.

If you have any questions or need further information, please call LoJack Customer Service at 1-800-456-5225. This device complies with Part 15 of the FCC rules Operation is subject to the following two conditions: (1) this device may not cause harmful interference, and (2) this device must accept any interference received, including interference that may cause undesired operation.

17





# LOJACK EARLY WARNING USER AGREEMENT

This document (the "Agreement") sets forth the terms and conditions upon which LoJack Corporation ("LoJack") will provide LoJack Early Warning Services (the "Services") to the purchaser of a LoJack unit with Early Warning feature ("Purchaser").

## 1. Requirements and Limitations of Services

1.1 Services are available in the LoJack coverage area (see the LoJack Coverage Areas page for coverage as of the date of your Owner's Manual, and see coverage information at www.lojack.com or call 1-800-456-5225 for updated coverage information).

1.2 Purchaser's Motorcycle must have a LoJack unit with the Early Warning feature which was installed by LoJack certified technician and has been registered with LoJack by Purchaser. The LoJack Early Warning feature will not function if the Motorcycle is not in range of a LoJack tower, or if the Motorcycle's battery is discharged or disconnected and the LoJack backup battery also is discharged or disconnected. It may be inoperative if the LoJack Early Warning equipment or the Motorcycle's electrical system components are damaged by accident or otherwise.

1.3 Early Warning notification typically is sent to the Purchaser within 15-30 minutes, but may take up to one hour.

1.4 The LoJack Early Warning feature is designed to trigger in the event that the motorcycle is driven without the LoJack Early Warning Key Pass. The Early Warning feature also will trigger if the battery in the LoJack Early Warning Key Pass is low. The feature is designed to provide a notification to Purchaser following any trigger event. Any trigger event within two hours of a prior trigger event will be ignored. The Early Warning feature will turn off eight hours after the initial trigger event, and will reset the next time the motorcycle is driven for at least five minutes using the LoJack Early Warning Key Pass with a functioning battery. If a LoJack Early Warning notification message can not be delivered to Purchaser (for example, if the telephone line is busy or there is no answer), the system will re-attempt delivery for up to 24 hours.

1.5 LoJack shall have no liability to Purchaser for any delay or failure in transmission of Early Warning notification.

1.6 In order to activate the LoJack Unit in your Motorcycle, you must file a stolen vehicle report with the appropriate law enforcement agency. Motorcycle recovery services are provided only by law enforcement agencies.

## 2. Purchaser's Responsibilities

2.1 Purchaser is responsible for ensuring that the motorcycle and LoJack Early Warning hardware are properly maintained as provided in your LoJack Early Warning Owner's Manual.

2.2 In the event that Purchaser suspects that Purchaser's Motorcycle has been stolen or is involved in any other illegal or hazardous activity, Purchaser should promptly notify the police or another appropriate law enforcement or public safety agency. Early Warning does not and cannot report the theft or activate the LoJack tracking and retrieve function. In no event should Purchaser personally attempt to recover a stolen motorcycle or otherwise attempt to deter or intervene in any illegal or hazardous activity.

2.3 Purchaser is responsible for replacing LoJack Early Warning Key Pass batteries as recommended in your LoJack Early Warning Owner's Manual.

2.4 Purchaser is responsible for registering Early Warning with LoJack and for notifying LoJack of changes in mailing address, email address, cellular telephone or other telephone numbers and other contact information. To register you must (i) telephone LoJack customer service at 1-800-456-5225, or (ii) register online at www.lojack.com. Changes or updates to Purchaser registration information can be made by contacting LoJack customer service at 1-800-456-5225 or online at www.lojack.com.

## 3. Term/Termination/Amendments

3.1 Commencement. Services will commence upon registration of Purchaser's LoJack Early Warning Feature.

19

# LOJACK EARLY WARNING USER AGREEMENT, cont'd.

### 6. Limitation of Liability

6.1 Notwithstanding anything contained herein, nonperformance hereunder by LoJack, or its suppliers, and dealers shall be excused if caused by act or omission of a third party service provider, emergency services provider, equipment failure, acts of God, strikes, equipment or facility shortage, any causes beyond LoJack's control.

6.2 LOJACK SHALL HAVE NO LIABILITY OR RESPONSIBILITY FOR ANY LOSS, COST, DAMAGE OR INJURY ARISING, DIRECTLY OR INDIRECTLY, FROM ANY VIOLATION BY PURCHASER OF THE PROVISIONS OF THIS AGREEMENT, INCLUDING SPECIFICALLY, BUT WITHOUT LIMITING THE GENERALITY OF THE FOREGOING, THE PROVISIONS OF SECTION 2.2.

6.3 In no event shall LoJack or its dealers or service providers be liable to Purchaser, Purchaser's employees or family members, or Purchaser's purchasers or guests or to any third party for any cost, delay or incidental, general or consequential damages arising from (i) the provision or failure to provide the services contemplated by this Agreement, (ii) Purchaser's use of the LoJack hardware or the service, or (iii) the installation, repair or maintenance of LoJack products or systems by other than an authorized LoJack dealer or installer.

### 7. Vehicle Tracking and Privacy on Your LoJack With Early Warning Feature

The Purchaser understands and agrees that in conjunction with employee training, quality control and the provision of service LoJack may monitor and/or electronically record conversations. The nature of the Early Warning feature requires LoJack to retain contact information relating to the Purchaser. The Purchaser consents to LoJack using Purchaser information to administer the system and provide services, to offer new products or services and to respond to regulatory and legal requirements including credit reporting and fraud prevention. Purchaser consents to LoJack providing Purchaser information and location to law enforcement and emergency services personnel or in response to a subpoena or other such legal process. Purchaser accepts and agrees to LoJack's Privacy Policy as from time to time set forth on its website (www.lojack.com). LoJack will use reasonable efforts to assure that Purchaser

information is used or disclosed only in accordance with its Privacy Policy, however under no circumstances shall LoJack have any liability to Purchaser for any claims, loss, damages or costs which may result from a lack of privacy arising out of LoJack products or services.

### 8. Assignment

LoJack may assign in whole or in part, its right or duties under this Agreement, without notice to Purchaser, and upon such assignment LoJack shall be released from all liability hereunder. Purchaser may assign this Agreement only upon the prior written consent of LoJack. Subject to this restriction, this Agreement shall apply to, inure to the benefit of and be binding upon the heirs, successors, subcontractors and assignees of the respective parties.

### 9. Notices

Notices to Purchaser shall be deemed given if deposited in the U.S. mail addressed to the Purchaser's last known address, or to sent to Purchaser's last known email address. Notice to LoJack shall be deemed given when received by LoJack at the address shown in your LoJack Early Warning Owner's Manual.

### 10. Separability

Should any part or portion of this Agreement be found invalid, the balance of the provisions shall remain unaffected and shall be enforceable.

### 11. Governing Law

The validity, interpretation, construction and performance of this Agreement shall be governed by, and construed in accordance with, the laws of the Commonwealth of Massachusetts applicable to contracts made and performed in such jurisdiction and, in any event, without giving effect to any choice or conflict of laws provision or rule that would cause the application of domestic substantive laws of any other jurisdiction, and by applicable federal law.

### 12. Integration

This Agreement represents the final and entire Agreement of LoJack Early Warning and the Purchaser, and supersedes all prior or contemporaneous agreements, representations or contracts, verbal or written, between the parties hereto, and may be amended only by an agreement in writing signed by both parties, or as otherwise provided herein.

21



# CHANGE OF ADDRESS FORM

If your address has changed since you purchased LoJack Early Warning for Motorcycles, please complete and return this form to LoJack. This helps us keep our records up-to-date and provide you with valuable information about service, maintenance and upgrades in the future. You can also furnish this information by visiting our Web site at www.lojack.com.

Please indicate your NEW address.

FIRST NAME _____    LAST NAME _____

STREET ADDRESS _____

CITY _____    STATE _____    ZIP _____

VEHICLE IDENTIFICATION NUMBER (VIN) _____
(Your motorcycle's VIN is located on your state motorcycle registration and on your LoJack Identification Card.)

DAY PHONE _____    MOBILE PHONE _____

EMAIL _____

Please indicate your PREVIOUS address.

STREET ADDRESS _____

CITY _____

STATE _____    ZIP _____

DATE OF CHANGE _____

Mail to:
LoJack Corporation
Westwood Executive Park
200 Lowder Brook Drive, Suite 1000
Westwood, MA 02090

23

# ADDITIONAL KEY PASS ORDER FORM

1. Complete the form to the right.

2. Mail this form to
   LoJack Corporation
   Customer Service Center
   40 Glacier Drive
   Westwood, MA 02090

3. Please allow 3-4 weeks for processing.

For Customer Service, call us toll-free at 1-800-456-5225.

**Your LoJack Early Warning Key Pass will be mailed to your attention at the address provided on the form to the right.**

*Prices subject to change without notice.

---

Yes! Send me ____ additional LoJack Early Warning Key Pass(es) at a cost of $69.95* each, plus appropriate local tax, and $5.00 shipping and handling for each Key Pass ordered.

☐ Mastercard   ☐ Visa   ☐ American Express   ☐ Discover

ACCOUNT NUMBER

EXPIRATION DATE

SIGNATURE

MOTORCYCLE YEAR / MAKE / MODEL

VIN (VEHICLE IDENTIFICATION NUMBER)
(Your motorcycle's VIN is located on your state motorcycle registration and on your LoJack Identification Card.)

NAME

ADDRESS

CITY                    STATE          ZIP CODE          COUNTRY

DAY PHONE

24



# WHAT CAN YOU DO TO PROTECT YOUR BIKE?

## KEEP YOUR PRIZED POSSESSION SAFE WITH
## THREE SIMPLE STEPS

**Bike-theft is serious.** In fact, many bike owners say that the fear of theft actually prevents them from traveling to certain places where parking just isn't safe. Today, however, there are more options than ever to protect motorcycles from theft. At LoJack, we recommend a simple, three step approach to theft protection. The approach involves using common sense tactics, theft deterrents, and a stolen vehicle recovery solution. The golden rule to make this equation work is that the more layers you use, the more your bike is protected. Common sense tactics and theft deterrents will ward off many amateur thieves. Add a stolen vehicle recovery system to this and you will have the ability to protect your bike from the professionals by equipping it with a proven means to track and recover it in the unfortunate event of theft.

### 1 USE COMMON SENSE:

Below are a few common sense measures to avoid tempting thieves. These tips will help deter amateur thieves, but unfortunately they usually don't stop the pros:

· When at home, always keep your bike concealed in a garage or storage area. It is a simple case of keeping your bike out of thieves' sight.

· Place large items/obstacles between your motorcycle and the garage door. Cover the windows.

· Never leave your keys in your bike.

· When out, choose parking spaces wisely.
· Park in a well lit area
· Don't park between vehicles because it provides cover for thieves
· Look for a parking spot in view of a security camera
· Always lock your bike's ignition and forks when not riding

· When selling your bike, be wary of test rides – some thieves actually pose as buyers and will take your bike for a "test ride" and never return.

*GET IT BACK WITH*

## LO JACK

RECOVERY STORY

© LOJACK BIKE SHARES



# BIKE SMARTS

A Guide to Protecting Your Motorcycle From Theft

GET IT BACK WITH

LO JACK

GET IT BACK WITH

LO JACK

1.800.4.LOJACK

www.lojack.com

**GET IT BACK WITH LO/JACK**

If you're like most motorcycle enthusiasts, your bike is one of your most prized possessions. In fact, those of you who spend so much time – and money – customizing your bike probably consider it to be priceless.

The unfortunate truth is that your bike does have a very real – and very attractive – value to another audience...thieves. And, these thieves are hard at work driving motorcycle theft up at alarming rates. Like car theft, motorcycle theft is big business and professional thieves are quite often the culprits behind the problem. Along with the increasing popularity of motorcycle riding are growing opportunities for thieves to make a hefty profit reselling stolen bikes and bike parts.

That's the bad news. The good news is there are a number of steps you can take to protect your bike. That's the purpose of this booklet – to provide information on the "who, what, where" of motorcycle theft and offer theft protection solutions, From common sense tactics, to products that deter thieves, to using a stolen vehicle recovery system, such as LoJack For Motorcycles, bike owners now have more options than ever to keep their motorcycles where they belong – safe, secure and in their hands.

With the right approach, you can keep your bike just that – *yours* – and together we can help put the brakes on motorcycle theft.

Sincerely,

Richard T. Riley,
President and Chief Executive Officer,
LoJack Corporation

---

# TABLE OF CONTENTS

## Get the Facts on Theft:
Rates Climbing at Full-Throttle ......................... 2

## Who's Behind the Problem?
Increasing Popularity of the Open Road Spells Big Business to Professional Thieves ......................... 3

## What Bikes Are Most Vulnerable?
Shiny, New Bikes Win the Hearts of Thieves ......................... 4

## Where Does Theft Occur?
Your Bike is Vulnerable Anywhere and Everywhere ......................... 5

## What Can You Do to Protect Your Bike?
Keep Your Prized Possession Safe With Three Simple Steps ......................... 6

**GET IT BACK WITH LO/JACK**

Since this booklet may contain private information regarding your motorcycle, it is recommended that you place it in a secure location.

# GET THE FACTS ON THEFT:

## RATES CLIMBING AT A RATE OF

## WHO'S BEHIND THE PROBLEM?

### INCREASING POPULARITY OF THE OPEN ROAD MEANS BIG BUSINESS FOR PROFESSIONAL THIEVES

Look around and it's easy to see that an increasing number of people are enjoying the open road. In 2007, bike sales in the U.S. hit one million for the fifth straight year. Over the last decade bike sales have experienced phenomenal growth, with sales doubling between 1999 and 2004 and reaching their highest levels in three decades in 2005.

The price of bikes is also increasing with many costing more than $20,000. And, that's what it's worth before customization, which can add thousands of dollars more to the value of the bike.

Not only are bike sales increasing – unfortunately, so is bike theft. According to the National Insurance Crime Bureau (NICB), motorcycle theft in the United States increased nearly 137 percent since 2000, with more than 71,000 bikes stolen in 2006 alone – that's one bike stolen every 7.4 minutes. Of these stolen bikes, only 25 to 30 percent were recovered, which is much lower than the 60-65 percent recovery rate of cars and trucks (those without a stolen vehicle recovery solution). This is largely because stolen motorcycle parts and frames can be more easily camouflaged and reused than car or truck parts.

The ever-growing popularity of bike riding translates into a huge opportunity for thieves. While some steal motorcycles simply for their own personal use or to take a quick joy ride, most bike theft is done at the hands of professional thieves who know exactly what bike or bike parts are in demand. These thieves are skilled at maximizing the "return" they get on the bike...and at covering their tracks.

Here's how these "professionals" work. Thieves strip the bike down for parts (eliminating those with identification numbers so they can't be traced back to the original owner), and then resell the remaining parts or reuse them to build other bikes. They often build very pricey custom bikes that are actually made from stolen parts and aftermarket parts, and then sell them to unsuspecting buyers. They may also sell stolen bikes whole, typically with altered identification numbers, making them just about impossible to trace back to the original owners. Some are in the "exporting" business, in which they sell parts overseas that are almost never recovered. Unfortunately, many of these professional criminals excel at their job and can find a way to steal just about any bike they want. (And, the more lavish the bike, the more thieves want to make it their own.)

As bad as it is to have your motorcycle stolen, sometimes that's just one piece of the criminal equation. Many times, the profits from bike thefts aid in continuing other criminal activities, such as funding drug rings. The bottom line is that these crooks are bad news and need to be put out of business.

LOJACK BIKE SMARTS

LOJACK BIKE SMARTS

LOJACK BIKE SMARTS

# WHERE DOES THEFT OCCUR?

## YOUR BIKE IS VULNERABLE ANYWHERE AND EVERYWHERE



*Thieves love Stolen new bikes!*

Unfortunately, motorcycle theft happens just about anywhere. Whether you are at home where you think your bike is parked safely, out for a ride with your friends or at a rally, your bike is vulnerable to theft and needs protection. Bike thieves are very calculating and know just what they want. They are often "shopping" for a particular make and model. Unfortunately, if your bike is on their wish list, they'll find a way to get it. Many times, a thief will see a valuable bike and follow the rider – often to his or her own home – to find out where the bike is parked. Then, when the owner is not around – or worse yet, asleep – the thief will do his dirty work and steal the bike. Bike shows are another popular venue for theft – like a "candy store" for thieves where they can check out the bikes,

identify the most valuable ones, and strike when the time is right. Thieves know that owners typically leave their bikes to attend certain events, giving them a prime opportunity to do their handy work. While motorcycles are vulnerable to theft no matter where you live, theft rates are higher in certain parts of the country. According to NICB, the following are the top five states with the highest reported motorcycle thefts:

| TOP FIVE STATES |
| --- |
| CALIFORNIA |
| FLORIDA |
| TEXAS |
| NORTH CAROLINA |
| ARIZONA |

## WHICH BIKES ARE MOST VULNERABLE?

## TOP FIVE MOTORCYCLE BRANDS

HONDA

YAMAHA

## RECOVERY STORY [IN ACTION!]

★★ RECOVERED IN SIX MINUTES! ★★

After walking out of a movie on a recent Sunday evening, I realized that my 2006 Honda CBR 1000 was stolen from the theater parking lot. I quickly contacted the police and, shortly thereafter, officers were able to find my bike thanks to the silent LoJack



## WELCOME

We would like to take this opportunity to welcome you and offer our congratulations on your purchase of the LoJack Early Warning Recovery System for Motorcycles. You've made a very smart investment to protect your motorcycle.

LoJack is the only stolen vehicle recovery system used in partnership with the police. Over the past 20 years, police have recovered more than 200,000 vehicles worldwide while maintaining a better than 90 percent recovery rate.

Now with LoJack Early Warning, we've built on the strength of LoJack with a feature that offers additional protection. LoJack Early Warning alerts you if someone has moved your motorcycle without your permission. This means the police can begin tracking your stolen motorcycle without any lost time.

To get started, you must register LoJack Early Warning for it to be operational. You can do this at www.lojack.com or by calling 1-800-456-5225.

To operate Early Warning, all you need to do is ride with your Early Warning Key Pass. The presence of your Key Pass alerts your system that an authorized user is riding your motorcycle.

It's that simple. You can now ride with the knowledge that your motorcycle is fully protected by LoJack Early Warning.

If you have any questions, feel free to call us toll-free at 1-800-456-5225. Thanks again for purchasing LoJack Early Warning and ride safely.

Richard T. Riley
Chairman and Chief Executive Officer
LoJack Corporation

1-800-4-LOJACK (1-800-456-5225) • www.lojack.com

2

# LOJACK EARLY WARNING RECOVERY SYSTEM OVERVIEW

## LOJACK EARLY WARNING COMPONENTS

### LoJack System

Your motorcycle is now equipped with the LoJack Stolen Vehicle Recovery System with Early Warning. If your motorcycle is reported stolen, the police will activate the LoJack. The LoJack System sends signals that help police track and recover your stolen motorcycle.

### Early Warning Key Pass

One Early Warning Key Pass was provided with your purchase. Your Key Pass is matched to the System and not interchangeable with any other Key Pass.

If you require any additional key passes, see the form at the back of this Owner's Manual. Your Early Warning System can accommodate an unlimited number of Key Passes.

### Motion Sensor

A motion sensor is installed in a hidden location on your motorcycle. The motion sensor monitors vehicle movement and detects the presence of the Early Warning Key Pass, ensuring an authorized user is riding the motorcycle. Should the motion sensor detect that a Key Pass is not present, your Early Warning System will notify you that your motorcycle has been moved without your permission.

## 2 INSTALL THEFT DETERRENT DEVICES

### Theft prevention devices provide an additional layer of protection that may deter some thieves.

## 3 GET IT BACK WITH A STOLEN VEHICLE RECOVERY SYSTEM

## RECOVERY STORY

# IMPORTANT INFORMATION
## TO HAVE AT YOUR FINGERTIPS

### What to do if your motorcycle is stolen

If you are ever in the unfortunate situation of having your motorcycle stolen, here are the key steps to take:

- Contact the police immediately to file a stolen motorcycle report. The police will provide you with either a hard copy of the report or a case number that you will need for your insurance company. You should be prepared to provide the following information:
  - License plate number
  - Make
  - Model
  - VIN
  - Date of purchase
  - Identifying marks
  - A description of any suspect(s) you may have seen

- Contact your insurance company to file a claim within 24 hours of the time when you discovered your motorcycle was stolen. Provide them with a hard copy of the police report or case number.

- If you have a LoJack system, check that you have the correct information on hand for reporting a theft and then call your local police.



### WHAT THE EXPERTS SAY

"Often, thieves will steal a mini-van, take out the back seats, roll a stolen motorcycle into the back using a plank and drive off with the bike, which is now hidden from view. Theft like this happens far too frequently, which is why bike owners need to take more serious precautions."

Phil Mitchell,
Indeck Law Enforcement Liaison
Columnist

LOJACK BIKE STARTS

# MOTORCYCLE REGISTER

## M O T O   I D

MAKE:

MODEL:

DATE OF PURCHASE:

VIN:

LICENSE PLATE:                 YEAR:

INSURANCE COMPANY TELEPHONE NUMBER:

## M O T O   I D

MAKE:

MODEL:

DATE OF PURCHASE:

VIN:

LICENSE PLATE:                 YEAR:

INSURANCE COMPANY TELEPHONE NUMBER:

## M O T O   I D

MAKE:

MODEL:

DATE OF PURCHASE:

VIN:

LICENSE PLATE:                 YEAR:

INSURANCE COMPANY TELEPHONE NUMBER:

## M O T O   I D

MAKE:

MODEL:

DATE OF PURCHASE:

VIN:

LICENSE PLATE:                 YEAR:

INSURANCE COMPANY TELEPHONE NUMBER:

LoJack Corporation, the company that invented the stolen vehicle recovery market more than two decades ago, is the premier worldwide provider of tracking and recovery systems. The company's time-tested system is optimized for recovering stolen mobile assets through its proven Radio Frequency technology and unique integration with law enforcement agencies in the United States that use LoJack's in-vehicle tracking equipment to recover cars, trucks, commercial vehicles, construction equipment and motorcycles. The company's Stolen Vehicle Recovery System delivers a 90 percent success rate for cars and trucks and has helped recover more than $4 billion in stolen LoJack-equipped assets worldwide. Today, LoJack operates in 26 states and the District of Columbia, and in more than 30 countries throughout North America, South America, Europe, Africa and Asia.

Copyright © 2009 LoJack Corporation

www.lojack.com



**LO/JACK**

Search [GO]

SELECT A COUNTRY [GO]

PRODUCTS   ABOUT US   FIND A DEALER   WHY LOJACK   NEWS CENTER   LAW ENFORCEMENT   INTERNATIONAL   OWNERS



# THE REAL COST OF BIKE THEFT

Your motorcycle is your pride and joy. But when it's stolen, you lose a lot more than one of your prized possessions.

The cost of bikes is increasing with many costing more than $20,000. And, that's what it's worth before customization, which can add thousands of dollars more to the value of the bike.

Getting your bike back quickly with LoJack For Motorcycles, can help you avoid this loss of time and money. And you may actually be able to save money on your insurance - check with your agent for details.

Since early 2005, LoJack has helped to recover more than $8 million in motorcycle assets in the U.S.

[ LEARN MORE ]

Zip 

SEE HOW LOJACK WORKS




DOWNLOAD
BIKE SMARTS
CLICK HERE

Case File #NV092007
Chop Shop Dismantled!

DEALERS   CONTACT US   EMPLOYMENT   SITEMAP   RECOVERY STORIES

1-800-4-LOJACK (1-800-456-5225)
Terms and Conditions Privacy Policy
Copyright © 2009 LoJack. All Rights Reserved

LoJack is a vehicle theft recovery system that helps combat motorcycle theft. Motorcycle security locks and motorcycle alarms can be quickly disabled by thieves. LoJack Motorcycle theft recovery works with law enforcement agencies to track and recover your vehicle, often within a few hours.

Page 1 of 1



**LO/JACK**

Search [ ] GO

SELECT A COUNTRY [ ] GO

PRODUCTS   ABOUT US   FIND A DEALER   WHY LOJACK   NEWS CENTER   LAW ENFORCEMENT   INTERNATIONAL   OWNERS





# MOTORCYCLE RECOVERY

Motorcycle theft is a big problem - nearly 61,000 bikes were stolen in 2008 - that's more than $404 million in losses. Since 2006, there have been more than 186,000 motorcycle thefts. Are you protecting your bike?

Most motorcycles are stolen by professional thieves, and there's little you can do to prevent them from taking your bike if they really want it. But if your motorcycle is stolen, you can get it back quickly with LoJack For Motorcycles - the only Stolen Vehicle Recovery System operated by the Police.

[ LEARN MORE ]

Zip [ ]



SEE HOW LOJACK WORKS





DOWNLOAD
BIKE SMARTS
CLICK HERE

Case File #TX080607
Arrested Suspect!

DEALERS   CONTACT US   EMPLOYMENT   SITEMAP   RECOVERY STORIES

1-800-4-LOJACK (1-800-456-5225)
Terms and Conditions  Privacy Policy
Copyright © 2009 LoJack All Rights Reserved

LoJack is a vehicle theft recovery system that helps combat motorcycle theft. Motorcycle security locks and motorcycle alarms can be quickly disabled by thieves. LoJack Motorcycle theft recovery works with law enforcement agencies to track and recover your vehicle, often within a few hours





   Search [____] [🔍]   SELECT A COUNTRY   

**PRODUCTS**   **ABOUT US**   **FIND A DEALER**   **WHY LOJACK**   **NEWS CENTER**   **LAW ENFORCEMENT**   **INTERNATIONAL**   **OWNERS**



LOJACK SOLUTIONS

Zip [____]



SEE HOW LOJACK WORKS

DOWNLOAD
BIKE SMARTS
CLICK HERE



Case File #NY092907
Undamaged Bike Recovered

### Get your bike back fast with LoJack For Motorcycles

LoJack For Motorcycles is a highly effective solution to the problem of motorcycle theft. Building on LoJack's success in recovering cars, trucks and construction equipment. LoJack For Motorcycles was developed specifically for the two-wheeled vehicle market. Because the motorcycle offers fewer places to hide a LoJack unit, LoJack For Motorcycles has been designed to integrate seamlessly into the body of the bike so thieves can't recognize or disengage it.

When your bike is stolen, a tiny transmitter inside the LoJack unit tells the police exactly where your motorcycle is located so they can track and recover it quickly - often within a few hours. The LoJack transmitter's Radio Frequency signal is so strong it can penetrate through garage walls, steel containers, dense foliage and other places thieves may try to hide your motorcycle.

Learn more about how LoJack For Motorcycles works

- The only stolen vehicle recovery system operated by the Police
- Has helped break up 76 motorcycle theft rings
- LoJack has helped to recover more than $8 million in motorcycle assets in the U.S.

The LoJack Early Warning Recovery System provides an added layer of protection for your motorcycle. The LoJack Early Warning Recovery System notifies you directly if your bike is moved without your authorization. LoJack will alert you by phone, e-mail and/or pager so you can quickly check on the status of your motorcycle. If a theft has occurred, the LoJack Early Warning Recovery System enables the police to track and recover your bike even sooner.

- Get alerts at work, at home or on the road
- Choose up to five methods of contact, including phone, e-mail and text message

Since two thirds of motorcycle thefts occur between the hours of 11PM and 6AM – it is critical that you are able to be notified immediately. Make sure to provide a number where you can be reached 24 hours a day. The quicker you are notified, the quicker LoJack can begin tracking your bike. When it comes to your bike, every minute counts.

Note: LoJack Early Warning for Motorcycles is not yet available in all markets. For more information about the availability of LoJack Early Warning for Motorcycles in your area, check with your local dealer or call 1-800-4-LOJACK (1-800-456-5225).

### Get LoJack Today

To have LoJack For Motorcycles installed on your new or used bike, use the dealer locator to find an authorized LoJack dealer near you.

### Find a dealer near you

If there are no dealers in your area and you would like us to contact you when it's available in your area please click here.

DEALERS   CONTACT US   EMPLOYMENT   SITEMAP   RECOVERY STORIES

1-800-4-LOJACK (1-800 456-5225)
Terms and Conditions   Privacy Policy
Copyright © 2009 LoJack All Rights Reserved

LoJack is a vehicle theft recovery system that helps combat motorcycle theft. Motorcycle security locks and motorcycle alarms can be quickly disabled by thieves. LoJack Motorcycle theft recovery works with law enforcement agencies to track and recover your vehicle, often within a few hours.






**LO/JACK**

Search [ ___ ] [GO]

SELECT A COUNTRY [GO]

PRODUCTS    ABOUT US    FIND A DEALER    WHY LOJACK    NEWS CENTER    LAW ENFORCEMENT    INTERNATIONAL    OWNERS



Zip [ ]



# HOW LOJACK WORKS

### 1) Installation
LoJack is a small, silent Radio Transceiver that is hidden in your motorcycle by a certified LoJack technician. LoJack For Motorcycles is seamlessly integrated, you're your motorcycle so that thieves can't recognize or disengage it. Once installed, the Unit is automatically registered in the LoJack Database, which interfaces with the National Crime Information Computer (NCIC) system used by federal, state and local law enforcement agencies throughout the country.



SEE HOW LOJACK WORKS

### 2) Notification
In the event of a theft, you report the incident to the police, who make a routine entry into the state police crime computer, resulting in a match of the LoJack System's unique code against the state VIN database. This process automatically triggers the activation of the LoJack Unit in your motorcycle.


DOWNLOAD BIKE SMARTS CLICK HERE.

### 3) Activation
Once your theft is reported to police, law enforcement computers send a signal via the LoJack Radio Tower Network to activate the LoJack in your motorcycle. When activated, the LoJack Unit begins emitting an inaudible signal that can be tracked by police cruisers and aviation units that are equipped with LoJack Police Tracking Computers.

### 4) Tracking
The LoJack Police Tracking Computer receives the LoJack Signal and leads the police to your stolen motorcycle. Unlike GPS systems, which require line-of-sight access to orbiting satellites, LoJack's patented Radio Frequency Signal can penetrate forest cover, parking garages and many other obstructions, helping ensure the motorcycle will be located by police, regardless of where thieves may be hiding it.

Case File #FL09507
11 Bikes Recovered!

### 5) Recovery
Once your motorcycle is tracked and recovered, you will be notified by police. LoJack boasts a 90-percent recovery rate nationally, with most recoveries completed within hours.

DEALERS    CONTACT US    EMPLOYMENT    SITEMAP    RECOVERY STORIES

1-800-4-LOJACK (1-800-456-5225)
Terms and Conditions  Privacy Policy
Copyright © 2006 LoJack. All Rights Reserved

LoJack is a vehicle theft recovery system that helps combat motorcycle theft. Motorcycle security locks and motorcycle alarms can be quickly disabled by thieves. LoJack Motorcycle theft recovery works with law enforcement agencies to track and recover your vehicle, often within a few hours.





Page 1 of 3



PRODUCTS   ABOUT US   FIND A DEALER   WHY LOJACK   NEWS CENTER   LAW ENFORCEMENT   INTERNATIONAL   OWNERS

Search [Go]





# MOTORCYCLE FAQs

Zip [ ]



How does LoJack work? Is it always "on"?
How do I know if my LoJack is working?
Can I watch the installation?
Where was my LoJack installed on my motorcycle?
Where does the LoJack get its power from?
How much power does LoJack drain from my battery?
Will the LoJack drain my bike's battery?
What is the warranty on the motorcycle system?
Will I get a discount off my insurance if I have LoJack on my motorcycle?
I need owner's materials mailed to me. (VIN card, insurance discount certificate, owner's manual, etc.)
Can LoJack be installed on off-road motorcycles?
Does the motorcycle need to be registered?
Why is there no exterior marking on the motorcycle stating it has LoJack? Wouldn't a LoJack sticker act as a theft deterrent?
What happens if I sell my motorcycle? Can I transfer my LoJack to my new motorcycle?
What should I do if my motorcycle is involved in an accident?



SEE HOW LOJACK WORKS

**How does LoJack work? Is it always "on"?**
Your LoJack unit is always in the receiving mode and ready to be activated. If your motorcycle is stolen, the police will automatically activate the LoJack unit in your motorcycle upon completion of a stolen vehicle report. Once activated, the LoJack unit transmits a silent signal to LoJack Police Tracking Computers. Police cars and aircraft in LoJack coverage areas are equipped with LoJack Police Tracking Computers.
back to top

**How do I know if my LoJack is working?**
Your LoJack unit is tested and certified to be in working condition at the time of installation. We then recommend an inspection of your LoJack every 2 years.
back to top



Case File #FL09507
11 Bikes Recovered!

**Can I watch the installation?**
The LoJack product is successful in recovering stolen vehicles and motorcycles in part by the inability of the thief to detect which motorcycles may have LoJack installed. LoJack prefers not to allow people to watch the installation process, but also understands how much your motorcycle means to you. We cannot prevent you from watching the installation, but you should be aware that doing so may void your recovery warranty.
back to top

**Where was my LoJack installed on my motorcycle?**
Your LoJack system is hidden in one of several places within your motorcycle. For security purposes, we do not disclose the location of the LoJack system to anyone, not even the owner of the motorcycle. If this information were to become public knowledge, it could compromise the police's ability to recover your motorcycle.
back to top

**Where does the LoJack get its power from?**
The unit obtains its power from the motorcycle's battery. The LoJack unit also has a back-up battery.
back to top

**How much power does LoJack drain from my battery?**
One milliamp on average.



 

Page 2 of 3

back to top

**Will the LoJack drain my bike's battery?**
As with any powered accessory, the LoJack unit will draw power from your battery. We recommend that all motorcycles that have a LoJack installed also have some type of battery maintenance device installed such as a smart charger or trickle charger for periods of infrequent use.
back to top

**Are there different LoJack systems?**
LoJack for Motorcycle products include the LoJack Stolen Vehicle Recovery System, which allows police to track and recover your bike after you report it stolen, and the LoJack Early Warning Recovery System, which is an additional layer of protection on top of the LoJack Stolen Vehicle Recovery System. Early Warning automatically contacts you if your motorcycle has been moved without your permission.
back to top

**What is the warranty on the motorcycle system?**
There is a 24-hour money back warranty that if your motorcycle is stolen within a LoJack coverage area and is not recovered within 24-hours, LoJack will refund to you the purchase price of the LoJack unit up to $595, not including installation costs incurred by your dealer.
back to top

**Will I get a discount off my insurance if I have LoJack on my motorcycle?**
You may receive a discount on your insurance, but you must check with your insurance agent to see if they offer a discount for having LoJack installed on your motorcycle. Since the insurance laws and policies vary by state and insurance company, LoJack cannot quote or guarantee an insurance discount on behalf of any insurance company.
back to top

**I need owner's materials mailed to me. (VIN card, insurance discount certificate, owner's manual, etc.)**
For replacement owner's materials, please call our Customer Service Department at 1-800-4-LoJack (1-800-456-5225).
back to top

**Can LoJack be installed on off-road motorcycles?**
The LoJack unit has been designed to be installed in on-highway motorcycles and has been environmentally tested to perform in riding conditions associated with on-highway usage. Due to vehicle battery size and riding conditions, LoJack does not recommend that the unit be installed on ATV, dirt or scooter motorcycles. If the unit is installed in these motorcycles, the warranty will be void due to improper installation.
back to top

**Does the motorcycle need to be registered?**
Yes, the motorcycle must be registered with the Department of Motor Vehicles in order for the LoJack system to be activated by the police.
back to top

**Why is there no exterior marking on the motorcycle stating it has LoJack? Wouldn't a LoJack sticker act as a theft deterrent?**
One of the major benefits of the LoJack system is that the presence of the LoJack unit is not disclosed to the thief. The LoJack system was designed to enable police to track and recover your motorcycle in the event it is stolen, it is not designed to prevent theft. This is why you shouldn't leave your LoJack Owner's Manual with your motorcycle. This increases the likelihood of rapid recovery with minimal damage.
back to top

**What happens if I sell my motorcycle? Can I transfer my LoJack to my new motorcycle?**
Your LoJack unit is not transferable from one motorcycle to another, as the serial number on your LoJack is registered by the police to the Vehicle Identification Number (VIN) of your motorcycle.
back to top

**What should I do if my motorcycle is involved in an accident?**
If your motorcycle sustains damage as a result of an accident, contact a LoJack-authorized dealer to schedule an inspection for your LoJack. This inspection is required to ensure your LoJack unit is in proper working condition and to maintain your warranty coverage.
back to top

1-800-4-LOJACK (1-800-456-5225)
Terms and Conditions  Privacy Policy
Copyright © 2009 LoJack. All Rights Reserved.

http://www.lojack.com/motorcycle/pages/motorcycle-faqs.aspx  7/9/2009



 LO/JACK

Search   SELECT A COUNTRY

PRODUCTS   ABOUT US   FIND A DEALER   WHY LOJACK   NEWS CENTER   LAW ENFORCEMENT   INTERNATIONAL   OWNERS



WHAT IS LOJACK

WHY YOU NEED LOJACK

HOW LOJACK WORKS

THEFT FACTS

INSURANCE DISCOUNTS

# THEFT FACTS

According to the most recent FBI Uniform Crime Report, nearly one million motor vehicles were reported stolen, resulting in more than $8.5 billion in lost assets.

**LoJack Has the Solution** LoJack is the only provider of Stolen Vehicle Recovery Systems directly connected to state crime computers through an unequaled and highly successful partnership with police departments around the country. LoJack provides police departments with proprietary LoJack Police Tracking Computers for local, county and state police squad cars and aviation units to track and recover LoJack-equipped stolen vehicles.

The patented LoJack Stolen Vehicle Recovery System includes a small Radio-Frequency transceiver that is hidden in the vehicle at the time of installation. When the vehicle theft is reported to the police, the LoJack Unit is automatically activated, which causes silent radio signals to be emitted from the transceiver. The police are able to follow the signal and track and recover the vehicle.

**LoJack Recovery Statistics**

**LoJack Stolen Vehicle Recovery Systems installed:** Eight million-plus worldwide

**Recovery success rate:** 90 percent

**LoJack-equipped vehicles tracked and recovered in U.S.:** 100,000-plus
This number does not reflect the thousands of NON LoJack-equipped vehicles that have been recovered because LoJack-equipped vehicles led law enforcement personnel to chop shops and illegal theft rings.

**Assets recovered in U.S.: $2 billion-plus**

**LoJack-equipped vehicles tracked and recovered worldwide:** 250,000-plus

**Assets tracked and recovered worldwide: $5 billion-plus**

**Average time to track and recover LoJack-equipped vehicle:** 24 hours (many times within only a few hours)

See how LoJack Works

Find out why you need LoJack

Learn where to get LoJack

DEALERS   CONTACT US   EMPLOYMENT   SITEMAP   RECOVERY STORIES

1-800-4-LOJACK (1-800-456-5225)
Terms and Conditions  Privacy Policy
Copyright © 2009 LoJack All Rights Reserved

LoJack is a vehicle theft recovery system that helps combat the significant problem of vehicle and motorcycle theft. While the typical theft prevention device, vehicle security system, car alarm, or motorcycle alarm offers little protection against professional thieves, LoJack enables law enforcement agencies to track and recover stolen vehicles, often within a few hours. LoJack is available for personal auto and motorcycle theft recovery as well as for commercial tracking and commercial recovery. Because LoJack frequently enables quick commercial vehicle recovery and personal vehicle recovery, theft of a vehicle costs the consumer or business far less in time and money.









Search 🔍

SELECT A COUNTRY   GO

**PRODUCTS     ABOUT US     FIND A DEALER     WHY LOJACK     NEWS CENTER     LAW ENFORCEMENT     INTERNATIONAL     OWNERS**



LAW ENFORCEMENT LIAISON

LAW ENFORCEMENT NEWSLETTER

THEFT FACTS

LOJACK RECOVERY STATISTICS

DOWNLOADS

LOG IN



# LOJACK RECOVERY STATISTICS

According to the most recent FBI Uniform Crime Report, nearly one million vehicles, and more than $8.5 billion were stolen in the U.S. in 2008.

**LoJack has the solution**
LoJack is the only provider of vehicle recovery systems directly connected to state crime computers through an unequalled and highly successful relationship with police departments around the country. LoJack provides police departments with proprietary tracking technology for local, county and state police squad cars and aviation units to track LoJack-equipped stolen vehicles.

**Vehicle: RECOVERED**
The patented LoJack system includes a small radio-frequency transceiver that is hidden in the vehicle at the time of installation. When the vehicle theft is reported to the police, the unit is automatically activated, which causes silent radio signals to be emitted from the transceiver. The police are able to follow the signal to locate and recover the vehicle.

LoJack Vehicle Recovery Systems installed: 8+ Million worldwide
Recovery success rate: 90 Percent
LoJack-equipped vehicles recovered in U.S.: 125,000+

This number does not reflect the thousands of NON-LoJack equipped vehicles that have been recovered because LoJack-equipped vehicles led law enforcement personnel to chop shops and illegal theft rings.

Assets recovered in U.S.: $2 billion
LoJack-equipped vehicles recovered worldwide: 250,000
Assets recovered worldwide: $5 billion
Average time to recover LoJack-equipped vehicle: 24 hours (often within a few hours)

See how LoJack Works
Find out why you need LoJack
Learn where to get LoJack

DEALERS   CONTACT US   EMPLOYMENT   SITEMAP   RECOVERY STORIES

1-800-4-LOJACK (1-800-456-5225)
Terms and Conditions  Privacy Policy
Copyright © 2009 LoJack All Rights Reserved








Search

SELECT A COUNTRY

PRODUCTS   ABOUT US   FIND A DEALER   WHY LOJACK   NEWS CENTER   LAW ENFORCEMENT   INTERNATIONAL   OWNERS

MEDIA CENTER

INVESTOR RELATIONS

MANAGEMENT TEAM

EMPLOYMENT

DIRECTIONS



# ABOUT US

Today LoJack Corporation (NASDAQ: LOJN), the premier worldwide provider of wireless tracking and recovery systems for mobile assets, is the leader in global stolen vehicle recovery, with its unrivaled, proven solutions and direct integration with law enforcement. LoJack created the stolen vehicle recovery category over 20 years ago and has earned a 90 percent recovery success rate. Globally, more than 250,000 stolen vehicles worth over $5 billion have been recovered using LoJack technology.

LoJack operates in areas of the country with the greatest population density, highest number of new vehicle sales and greatest incidents of vehicle theft. LoJack is currently operable in 27 states and the District of Columbia, as well as more than 30 countries throughout North America, South America, Europe, Africa and Asia.

## LoJack Core Technology

LoJack offers the right technology and processes to deliver the most effective solution to the serious global problem of vehicle theft, including cars, light trucks, commercial equipment and motorcycles—all of which are valuable mobile assets. LoJack's systems are based on proven Radio Frequency (RF) technology that is highly covert and highly effective—even when the vehicle is in a steel container, garage or hidden under dense foliage. Because of the effectiveness of its system, LoJack guarantees vehicle recovery with a 100 percent money-back promise.

The flagship LoJack Stolen Vehicle Recovery System has an unrivaled track record—a 90 percent success rate. The LoJack Stolen Vehicle Recovery System is a silent tracking device hidden in your vehicle that is automatically activated when you report your vehicle stolen to police and enables the them to track and recover your vehicle. Read more about the LoJack Stolen Vehicle Recovery System

## LoJack Early Warning System

For an added layer of protection to your LoJack System, LoJack Early Warning alerts you by phone, e-mail or alpha pager if your vehicle has been moved without authorization. Read more about the LoJack Early Warning System

## Ruggedized LoJack Stolen Vehicle Recovery System

The Ruggedized LoJack Stolen Vehicle Recovery System is designed specifically for the recovery of stolen commercial vehicles/heavy construction equipment. Read more about the Ruggedized LoJack Stolen Vehicle Recovery System

## LoJack for Motorcycles

In order to combat the growing problem of motorcycle theft, LoJack introduced LoJack For Motorcycles in 2005. With LoJack For Motorcycles, if someone steals your bike, we can help you get it back. Read more about LoJack For Motorcycles

## LoJack's Unique Relationship with Law Enforcement

A key strength that sets LoJack apart is the company's unique relationship with federal, state and local law enforcement agencies throughout the U.S. Unlike any other company, LoJack installs its Police Tracking Computers (PTCs) in law enforcement vehicles, helicopters and fixed-wing aircraft for optimal tracking and recovery of stolen assets. LoJack's software and databases are directly integrated into each state's crime computers, providing another connection to law enforcement. Additionally, LoJack has a distinctive staff of 33 Law Enforcement Liaisons, all former police officers with a specialization in auto theft prevention. Read more about LoJack's Law Enforcement Liaisons

DEALERS   CONTACT US   EMPLOYMENT   SITEMAP   RECOVERY STORIES

1-800-4-LOJACK (1-800-456-5225)
Terms and Conditions  Privacy Policy
Copyright © 2009  LoJack All Rights Reserved

LoJack is a vehicle theft recovery system that helps combat the significant problem of vehicle and motorcycle theft. While the typical theft prevention device, vehicle security system, car alarm, or motorcycle alarm offers little protection against professional thieves, LoJack enables law enforcement agencies to track and recover stolen vehicles, often within a few hours. LoJack is available for personal auto and motorcycle theft recovery, as well as for commercial tracking and commercial recovery. Because LoJack frequently enables quick commercial vehicle recovery and personal vehicle recovery, theft of a vehicle costs the consumer or business far less in time and money.



LoJack Car Security System for Stolen Vehicle Recovery                                    Page 1 of 1



| Search | GO |

SELECT A COUNTRY                          GO

**PRODUCTS      ABOUT US      FIND A DEALER      WHY LOJACK      NEWS CENTER      LAW ENFORCEMENT      INTERNATIONAL      OWNERS**



## MOTORCYCLE RECOVERY

Zip



SEE HOW LOJACK WORKS



DOWNLOAD
BIKE SMARTS
CLICK HERE

Motorcycle theft is a big problem - nearly 61,000 bikes were stolen in 2008 - that's more than $404 million in losses. Since 2006, there have been more than 186,000 motorcycle thefts. Are you protecting your bike?

Most motorcycles are stolen by professional thieves, and there's little you can do to prevent them from taking your bike if they really want it. But if your motorcycle is stolen, you can get it back quickly with LoJack For Motorcycles - the only Stolen Vehicle Recovery System operated by the Police.

LEARN MORE

Case File #CA073007
17 Minute Recovery!

DEALERS   CONTACT US   EMPLOYMENT   SITEMAP   RECOVERY STORIES

1-800-4-LOJACK (1-800-456-5225)
Terms and Conditions  Privacy Policy
Copyright © 2008 LoJack All Rights Reserved

LoJack is a vehicle theft recovery system that helps combat motorcycle theft. Motorcycle security locks and motorcycle alarms can be quickly disabled by thieves. LoJack Motorcycle theft recovery works with law enforcement agencies to track and recover your vehicle often within a few hours



Lojack Car Security System for Stolen Vehicle Recovery                    Page 1 of 1



**LO/JACK**

Search

SELECT A COUNTRY

PRODUCTS    ABOUT US    FIND A DEALER    WHY LOJACK    NEWS CENTER    LAW ENFORCEMENT    INTERNATIONAL    OWNERS





THE REAL COST
OF BIKE THEFT

Zip



SEE HOW LOJACK WORKS



DOWNLOAD
BIKE SMARTS
CLICK HERE

Your motorcycle is your pride and joy. But when it's stolen, you lose a lot more than one of your prized possessions.

The cost of bikes is increasing with many costing more than $20,000.  And, that's what it's worth before customization, which can add thousands of dollars more to the value of the bike.

Getting your bike back quickly with LoJack For Motorcycles, can help you avoid this loss of time and money. And you may actually be able to save money on your insurance - check with your agent for details.

Since early 2005, LoJack has helped to recover more than $8 million in motorcycle assets in the U.S.

LEARN MORE

Case File #NV092007
Chop Shop Dismantled!

DEALERS  CONTACT US  EMPLOYMENT  SITEMAP  RECOVERY STORIES

1-800-4-LOJACK (1-800-456-5225)
Terms and Conditions  Privacy Policy
Copyright © 2009 LoJack All Rights Reserved

LoJack is a vehicle theft recovery system that helps combat motorcycle theft. Motorcycle security locks and motorcycle alarms can be quickly disabled by thieves. LoJack Motorcycle theft recovery works with law enforcement agencies to track and recover your vehicle  often within a few hours.







Search ⊡   SELECT A COUNTRY   ⊡

PRODUCTS   ABOUT US   FIND A DEALER   WHY LOJACK   NEWS CENTER   LAW ENFORCEMENT   INTERNATIONAL   OWNERS





Zip







## Get your bike back fast with LoJack

**LoJack Early Warning Recovery System** notifies you directly if your bike is moved without your authorization. LoJack will alert you by phone, e-mail and/or pager so you can quickly check on the status of your motorcycle. If a theft has occurred, the LoJack Early Warning Recovery System enables the police to track and recover your bike even sooner.

- Get alerts at work, at home or on the road
- Choose up to five methods of contact, including phone, e-mail and text message

Since two thirds of motorcycle thefts occur between the hours of 11PM and 6AM – it is critical that you are able to be notified immediately. Make sure to provide a number where you can be reached 24 hours a day. The quicker you are notified, the quicker LoJack can begin tracking your bike. When it comes to your bike, every minute counts.

LoJack is the only system with:

- 24-hour theft recovery guarantee
- No monthly fees
- Device indetectable by thieves
- Direct partnership with police across the country

Click here to learn more about how LoJack Early Warning works

## Get LoJack Today

To have LoJack installed on your new or used bike use the dealer locator to find an authorized LoJack dealer near you.

Case File #FL09507
11 Bikes Recovered!

DEALERS   CONTACT US   EMPLOYMENT   SITEMAP   RECOVERY STORIES

1-800-4-LOJACK (1-800-456-5225)
Terms and Conditions  Privacy Policy
Copyright © 2009 LoJack All Rights Reserved

LoJack is a vehicle theft recovery system that helps combat motorcycle theft. Motorcycle security locks and motorcycle alarms can be quickly disabled by thieves. LoJack Motorcycle theft recovery works with law enforcement agencies to track and recover your vehicle, often within a few hours.









Search [ ] [GO]

SELECT A COUNTRY [GO]

PRODUCTS   ABOUT US   FIND A DEALER   WHY LOJACK   NEWS CENTER   LAW ENFORCEMENT   INTERNATIONAL   OWNERS



HOW LOJACK WORKS

Zip [ ]



SEE HOW LOJACK WORKS





DOWNLOAD
BIKE SMARTS
CLICK HERE

### 1. Notification

With LoJack Early Warning, if your car so much as moves, we notify you promptly. With standard LoJack, if your motorcycle goes missing, one call to the police puts your LoJack into action.

### 2. Activation

As soon as your motorcycle is reported stolen, your LoJack is activated, emitting a uniquely coded signal to our network of police cars, helicopters and airplanes.

### 3. Recovery

Police use the LoJack Tracking Systems installed in their vehicles to pick up your car's signal. And because LoJack works where GPS devices can't- through concrete, buildings and steel- police can easily track your vehicle. Returning it within 24 hours. Guaranteed.

Case File #NV092007
Chop Shop Dismantled!

DEALERS   CONTACT US   EMPLOYMENT   SITEMAP   RECOVERY STORIES

1-800-4-LOJACK (1-800-456-5225)
Terms and Conditions  Privacy Policy
Copyright © 2009 LoJack All Rights Reserved

LoJack is a vehicle theft recovery system that helps combat motorcycle theft. Motorcycle security locks and motorcycle alarms can be quickly disabled by thieves. LoJack Motorcycle theft recovery works with law enforcement agencies to track and recover your vehicle, often within a few hours.

http://www.lojack.com/motorcycle/pages/motorcycle-works.aspx                    12/14/2009





Search [____]

**PRODUCTS    ABOUT US    FIND A DEALER    WHY LOJACK    NEWS CENTER    LAW ENFORCEMENT    INTERNATIONAL    OWNERS**



# MOTORCYCLE FAQs

Zip [____]



SEE HOW LOJACK WORKS



DOWNLOAD
**BIKE SMARTS**
CLICK HERE

Case File #CA073007
17 Minute Recovery!

How does LoJack work? Is it always "on"?
How do I know if my LoJack is working?
Can I watch the installation?
Where was my LoJack installed on my motorcycle?
Where does the LoJack get its power from?
How much power does LoJack drain from my battery?
Will the LoJack drain my bike's battery?
What is the warranty on the motorcycle system?
Will I get a discount off my insurance if I have LoJack on my motorcycle?
I need owner's materials mailed to me. (VIN card, insurance discount certificate, owner's manual, etc.)
Can LoJack be installed on off-road motorcycles?
Does the motorcycle need to be registered?
Why is there no exterior marking on the motorcycle stating it has LoJack? Wouldn't a LoJack sticker act as a theft deterrent?
What happens if I sell my motorcycle? Can I transfer my LoJack to my new motorcycle?
What should I do if my motorcycle is involved in an accident?

**How does LoJack work? Is it always "on"?**
Your LoJack unit is always in the receiving mode and ready to be activated. If your motorcycle is stolen, the police will automatically activate the LoJack unit in your motorcycle upon completion of a stolen vehicle report. Once activated, the LoJack unit transmits a silent signal to LoJack Police Tracking Computers. Police cars and aircraft in LoJack coverage areas are equipped with LoJack Police Tracking Computers.
back to top

**How do I know if my LoJack is working?**
Your LoJack unit is tested and certified to be in working condition at the time of installation. We then recommend an inspection of your LoJack every 2 years.
back to top

**Can I watch the installation?**
The LoJack product is successful in recovering stolen vehicles and motorcycles in part by the inability of the thief to detect which motorcycles may have LoJack installed. LoJack prefers not to allow people to watch the installation process, but also understands how much your motorcycle means to you. We cannot prevent you from watching the installation, but you should be aware that doing so may void your recovery warranty.
back to top

**Where was my LoJack installed on my motorcycle?**
Your LoJack system is hidden in one of several places within your motorcycle. For security purposes, we do not disclose the location of the LoJack system to anyone, not even the owner of the motorcycle. If this information were to become public knowledge, it could compromise the police's ability to recover your motorcycle.
back to top

**Where does the LoJack get its power from?**
The unit obtains its power from the motorcycle's battery. The LoJack unit also has a back-up battery.
back to top

**How much power does LoJack drain from my battery?**
One milliamp on average.





back to top

**Will the LoJack drain my bike's battery?**
As with any powered accessory, the LoJack unit will draw power from your battery. We recommend that all motorcycles that have a LoJack installed also have some type of battery maintenance device installed such as a smart charger or trickle charger for periods of infrequent use.
back to top

**Are there different LoJack systems?**
LoJack for Motorcycle products include the LoJack Stolen Vehicle Recovery System, which allows police to track and recover your bike after you report it stolen, and the LoJack Early Warning Recovery System, which is an additional layer of protection on top of the LoJack Stolen Vehicle Recovery System. Early Warning automatically contacts you if your motorcycle has been moved without your permission.
back to top

**What is the warranty on the motorcycle system?**
There is a 24-hour money back warranty that if your motorcycle is stolen within a LoJack coverage area and is not recovered within 24-hours, LoJack will refund to you the purchase price of the LoJack unit up to $595, not including installation costs incurred by your dealer.
back to top

**Will I get a discount off my insurance if I have LoJack on my motorcycle?**
You may receive a discount on your insurance, but you must check with your insurance agent to see if they offer a discount for having LoJack installed on your motorcycle. Since the insurance laws and policies vary by state and insurance company, LoJack cannot quote or guarantee an insurance discount on behalf of any insurance company.
back to top

**I need owner's materials mailed to me. (VIN card, insurance discount certificate, owner's manual, etc.)**
For replacement owner's materials, please call our Customer Service Department at 1-800-4-LoJack (1-800-456-5225).
back to top

**Can LoJack be installed on off-road motorcycles?**
The LoJack unit has been designed to be installed in on-highway motorcycles and has been environmentally tested to perform in riding conditions associated with on-highway usage. Due to vehicle battery size and riding conditions, LoJack does not recommend that the unit be installed on ATV, dirt or scooter motorcycles. If the unit is installed in these motorcycles, the warranty will be void due to improper installation.
back to top

**Does the motorcycle need to be registered?**
Yes, the motorcycle must be registered with the Department of Motor Vehicles in order for the LoJack system to be activated by the police.
back to top

**Why is there no exterior marking on the motorcycle stating it has LoJack? Wouldn't a LoJack sticker act as a theft deterrent?**
One of the major benefits of the LoJack system is that the presence of the LoJack unit is not disclosed to the thief. The LoJack system was designed to enable police to track and recover your motorcycle in the event it is stolen. It is not designed to prevent theft. This is why you shouldn't leave your LoJack Owner's Manual with your motorcycle. This increases the likelihood of rapid recovery with minimal damage.
back to top

**What happens if I sell my motorcycle? Can I transfer my LoJack to my new motorcycle?**
Your LoJack unit is not transferable from one motorcycle to another, as the serial number on your LoJack is registered by the police to the Vehicle Identification Number (VIN) of your motorcycle.
back to top

**What should I do if my motorcycle is involved in an accident?**
If your motorcycle sustains damage as a result of an accident, contact a LoJack-authorized dealer to schedule an inspection for your LoJack. This inspection is required to ensure your LoJack unit is in proper working condition and to maintain your warranty coverage.
back to top

1-800-4-LOJACK (1-800-456-5225)
Terms and Conditions  Privacy Policy
Copyright © 2009 LoJack. All Rights Reserved.

http://www.lojack.com/motorcycle/pages/motorcycle-faqs.aspx



12/14/2009

**EXHIBIT** $\mathcal{B}$

EXHIBIT $\beta$

1   JAMES L. PAGANO, ESQ. (Cal. State Bar No. 098185)
    IAN A. KASS, ESQ. (Cal. State Bar No. 184480)
2   DAVID MARKEVITCH, ESQ. (Cal. State Bar No. 256163)
    PAGANO & KASS, APC
3   96 North Third Street, Suite 525
    San Jose, California 95112
4   Telephone: (408) 999-5678
    Facsimile: (408) 999-5684
5
    Attorneys for Plaintiff, LOUIS MORIN,
6   an individual, on behalf of himself, and on
    behalf of all other persons similarly situated
7

8

9

10              **IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11                **IN AND FOR THE COUNTY OF LOS ANGELES**

12                              *Central District*

13   LOUIS MORIN, an individual, on behalf of        Case No.
     himself, and on behalf of all other persons
14   similarly situated,                             **DECLARATION OF IAN A. KASS,**
                                                      **ESQ., RE: VENUE PURSUANT TO**
15          Plaintiffs,                               **CIVIL CODE §1780(c) OF THE**
                                                      **CONSUMER LEGAL REMEDIES ACT**
16   v.

17   LOJACK CORPORATION, a
     Massachusetts corporation; BARTELS'
18   MOTORCYCLE ENTERPRISES, INC., a
     California corporation, doing business as
19   Bartels' Harley Davidson, and DOES 1
     through 1000,
20
            Defendants.
21   _____/

22          I, Ian A. Kass, Esq., do hereby declare that:

23          1.      I am an attorney admitted to the practice of law in the State of California since 1996.

24   I represent Plaintiff, LOUIS MORIN, an individual ("Plaintiff"), on behalf of himself and all persons

25   similarly situated, in the above-titled action with the law firm for which I am a shareholder, Pagano

26   & Kass, APC.

27          2.      Civil Code §1780(c) provides that a plaintiff filing a claim under section 1780(a) of

28   the Consumer Legal Remedies Act, such as in the above-titled action, may commence that action

_____

DECLARATION OF IAN A. KASS, ESQ., RE: VENUE PURSUANT TO CIVIL CODE §1780(c) OF THE
CONSUMER LEGAL REMEDIES ACT                                                              1

"in the county in which the person against whom it is brought resides, has his or her principal place of business, or is doing business, or in the county where the transaction or any substantial portion thereof occurred." That subsection further provides that, "concurrently with the filing of the complaint, the plaintiff shall file an affidavit stating facts showing that the action has been commenced in a county described in this section as a proper place for the trial of the action."

3.     The County of Los Angeles is a proper venue in which to bring the above-titled action as the transaction through which Plaintiff purchased the LoJack Early Warning and Recovery System *for motorcycles* that is the subject of the Case occurred in that County.

4.     The County of Los Angeles is a proper venue in which to bring the above-titled action for the additional reason that Defendant, LOJACK CORPORATION, a Massachusetts corporation, at all times pertinent, conducted business, committed the acts alleged in the Case to be illegal or tortious, and has had regional offices located in the County of Los Angeles.

5.     The County of Los Angeles is a proper venue in which to bring the above-titled action for the further reason that Defendant, BARTELS' MOTORCYCLE ENTERPRISES, INC., a California corporation, doing business as Bartels' Harley Davidson, has, at all times pertinent, conducted business, committed the acts alleged in the Case to be illegal or tortious, and has had its headquarters located in the County of Los Angeles.

I declare, under the penalties for perjury, pursuant to the laws of the State of California, wherein this Declaration has been prepared and executed and in which State's courts this Declaration is being offered as evidence, that the foregoing is true and correct of my own personal knowledge, except as to those matters stated as to information and belief, and as to those matters, I believe them to be true, and, if I was called to testify in open court regarding these matters, I would testify as set forth herein. I further declare that the foregoing is executed on this $\mathcal{8}$ day of June, 2010, in the City of San Jose, County of Santa Clara, State of California.

IAN A. KASS

EXHIBIT *C*

# PAGANO & KASS, APC

JAMES L. PAGANO

IAN A. KASS

DAVID MARKEVITCH

96 NORTH THIRD STREET, SUITE 525
SAN JOSE, CA 95112-7712

TELEPHONE (408) 999-5678
FACSIMILE (408) 999-5684
EMAIL. PAGANOLAW@aol.com

*VIA UNITED STATES MAIL DELIVERY, CERTIFIED,*
*RETURN RECEIPT REQUESTED*

December 31, 2009

LoJack Corporation
9911 West Pico Blvd., Suite 1000
Los Angeles, CA 90035

Re: *Louis Morin, an individual, and on behalf of a class of similarly situated individuals,*
*Plaintiffs, v. LoJack Corporation, a Massachusetts corporation, et al., Defendants,*
[case not yet filed] — *Notice and Demand Under the California Consumer Legal*
*Remedies Act.*

Sir or Madam:

This firm represents Louis Morin, an individual, who, in or about June 2008, purchased a LoJack theft recovery system from Bartels' Harley Davison, located at 4141 Lincoln Boulevard, Marina Del Rey, CA, 90292, for his personal use. This letter shall serve as a preliminary notice and demand for corrective action, pursuant to the provisions of California Civil Code section 1782, on behalf of Louis Morin and all other persons similarly situated, on the basis of the following facts:

LoJack Corporation ("LoJack") has engaged in acts of unfair competition and unfair and deceptive acts or practices, including, but not limited to, falsely representing, through advertising and other means, that the effectiveness of the LoJack theft recovery products for motorcycles is such that, motorcycles that are equipped with LoJack product(s), when stolen, are recovered 1) with a 90% success rate, and/or 2) within hours of the theft. In fact, LoJack theft recovery systems for motorcycles are much less effective, to wit, the recovery rate is less than 90%, and many motorcycles that are equipped with such a system(s) are not recovered within hours of theft.

The practice of falsely representing to Louis Morin, and to other members of the public, the effectiveness of the LoJack theft recovery products for motorcycles, as described above, violates California Civil Code section 1770, including but not limited to subsections a.(5), "Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have," and a.(7), "Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another."

On behalf of Mr. Morin and others similarly situated, we hereby demand that LoJack immediately (1) cease and desist from the above-described practices; and (2) correct, repair, replace, or otherwise render the LoJack theft recovery products for motorcycles into the represented condition, to the extent that such action is possible, and/or fully refund the cost of purchasing and installing the LoJack theft recovery product(s) for motorcycles to Louis Morin, and each and every similarly situated consumer who

LoJack Corporation
December 31, 2009
Page 2

has purchased such a product(s) for his/her motorcycle.

Please comply with this demand within 30 days from your receipt of this letter. If we do not hear from you within this time period, we will assume that you will not take the corrective actions requested.

This letter also serves as a demand that you preserve and maintain all of the following records pending the resolution of this matter. Such records include, but are not limited to:

a.   All internal manuals, written policies, directives, memoranda, correspondence and the like concerning the advertising, marketing, and sale of the LoJack theft recovery system(s) for motorcycles since 2000;

b.   All advertisements issued by LoJack in which the LoJack theft recovery system(s) for motorcycles is discussed or alluded to, in any way, since 2000;

c.   All materials disseminated to purchasers of the LoJack theft recovery system(s) for motorcycles since 2000;

d.   All complaints from any source concerning the LoJack theft recovery system(s) for motorcycles produced at any time;

e.   All documents and items that are related to any and all studies conducted by any person with regard to the effectiveness of the LoJack theft recovery systems for motorcycles; and

f.   All documents showing the number of sold LoJack theft recovery system(s) for motorcycles, nationwide.

If you contend that the facts or information and belief contained in this letter are inaccurate in any respect, please provide us with all your contentions and all supporting documents immediately upon your receipt of this letter, but in no event later than 30 days from the date of receipt.

Sincerely,

David Markevitch

DM/dz

F:\Notice and Demand Under the Consumer Legal Remedies Act.Los Angeles.wpd



SENDER: COMPLETE THIS SECTION

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

LoJack Corporation
9911 West Pico Blvd Suite 1680
Los Angeles, CA 90035

COMPLETE THIS SECTION ON DELIVERY

A. Signature
☐ Agent
☐ Addressee

B. Received by ( Printed Name)          C. Date of Delivery
1/5/10

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:          ☐ No

3. Service Type
☒ Certified Mail     ☐ Express Mail
☐ Registered         ☒ Return Receipt for Merchandise
☐ Insured Mail       ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number        7008 1830 0003 7330 7592
(Transfer from service label)

PS Form 3811, February 2004      Domestic Return Receipt      102595-02-M-1540

UNITED STATES POSTAL SERVICE
LOS ANGELES CA 900

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

**Pagano & Kass, APC**
96 North Third Street
Suite 525
San Jose, CA 95112

# PAGANO & KASS, APC

JAMES L. PAGANO

IAN A. KASS

DAVID MARKEVITCH

96 NORTH THIRD STREET, SUITE 525
SAN JOSE, CA 95112-7712

TELEPHONE (408) 999-5878
FACSIMILE (408) 999-5684
EMAIL. PAGANOLAW@aol.com

## *VIA UNITED STATES MAIL DELIVERY, CERTIFIED, RETURN RECEIPT REQUESTED*

December 31, 2009

LoJack Corporation
c/o United States Corporation Company
2730 Gateway Oaks Drive, Suite 100
Sacramento, CA 95833

Re:   ***Louis Morin, an individual, and on behalf of a class of similarly situated individuals, Plaintiffs, v. LoJack Corporation, a Massachusetts corporation, et al., Defendants,*** [case not yet filed] — *Notice and Demand Under the California Consumer Legal Remedies Act.*

Sir or Madam:

This firm represents Louis Morin, an individual, who, in or about June 2008, purchased a LoJack theft recovery system from Bartels' Harley Davison, located at 4141 Lincoln Boulevard, Marina Del Rey, CA, 90292, for his personal use. This letter shall serve as a preliminary notice and demand for corrective action, pursuant to the provisions of California Civil Code section 1782, on behalf of Louis Morin and all other persons similarly situated, on the basis of the following facts:

LoJack Corporation ("LoJack") has engaged in acts of unfair competition and unfair and deceptive acts or practices, including, but not limited to, falsely representing, through advertising and other means, that the effectiveness of the LoJack theft recovery products for motorcycles is such that, motorcycles that are equipped with LoJack product(s), when stolen, are recovered 1) with a 90% success rate, and/or 2) within hours of the theft. In fact, LoJack theft recovery systems for motorcycles are much less effective, to wit, the recovery rate is less than 90%, and many motorcycles that are equipped with such a system(s) are not recovered within hours of theft.

The practice of falsely representing to Louis Morin, and to other members of the public, the effectiveness of the LoJack theft recovery products for motorcycles, as described above, violates California Civil Code section 1770, including but not limited to subsections a.(5), "Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have," and a.(7), "Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another."

On behalf of Mr. Morin and others similarly situated, we hereby demand that LoJack immediately (1) cease and desist from the above-described practices; and (2) correct, repair, replace, or otherwise render the LoJack theft recovery products for motorcycles into the represented condition, to the extent that such action is possible, and/or fully refund the cost of purchasing and installing the LoJack

LoJack Corporation
c/o United States Corporation Company
December 31, 2009
Page 2

theft recovery product(s) for motorcycles to Louis Morin, and each and every similarly situated consumer who has purchased such a product(s) for his/her motorcycle.

Please comply with this demand within 30 days from your receipt of this letter. If we do not hear from you within this time period, we will assume that you will not take the corrective actions requested.

This letter also serves as a demand that you preserve and maintain all of the following records pending the resolution of this matter. Such records include, but are not limited to:

a.   All internal manuals, written policies, directives, memoranda, correspondence and the like concerning the advertising, marketing, and sale of the LoJack theft recovery system(s) for motorcycles since 2000;

b.   All advertisements issued by LoJack in which the LoJack theft recovery system(s) for motorcycles is discussed or alluded to, in any way, since 2000;

c.   All materials disseminated to purchasers of the LoJack theft recovery system(s) for motorcycles since 2000;

d.   All complaints from any source concerning the LoJack theft recovery system(s) for motorcycles produced at any time;

e.   All documents and items that are related to any and all studies conducted by any person with regard to the effectiveness of the LoJack theft recovery systems for motorcycles; and

f.   All documents showing the number of sold LoJack theft recovery system(s) for motorcycles, nationwide.

If you contend that the facts or information and belief contained in this letter are inaccurate in any respect, please provide us with all your contentions and all supporting documents immediately upon your receipt of this letter, but in no event later than 30 days from the date of receipt.

Sincerely,

David Markevitch

DM/dz

cc:   Bartels' Harley Davidson
      4141 Lincoln Boulevard
      Marina Del Rey, CA 90292

F:\Notice and Demand Under the Consumer Legal Remedies Act.wpd

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

LoJack Corporation
c/o United States Corporation
           Company
2730 Gateway Oaks Drive #100
Sacramento, CA 95833

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X    ☐ Agent
                          ☐ Addressee

B. Received by (Printed Name)      C. Date of Delivery

LINDA KING

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

JAN 0 4 2010

3. Service Type
   ☑ Certified Mail   ☐ Express Mail
   ☐ Registered       ☑ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)      ☐ Yes

2. Article Number
   (Transfer from service label)

7008 1830 0003 7330 3853

PS Form **3811**, February 2004       Domestic Return Receipt       102595-02-M-1540

---

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

**Pagano & Kass, APC**
96 North Third Street
Suite 525
San Jose, CA 95112

# PAGANO & KASS, APC

JAMES L. PAGANO

IAN A. KASS

DAVID MARKEVITCH

96 NORTH THIRD STREET, SUITE 525
SAN JOSE, CA 95112-7712

TELEPHONE (408) 999-5878
FACSIMILE (408) 999-5884
EMAIL PAGANOLAW@aol.com

*VIA UNITED STATES MAIL DELIVERY, CERTIFIED,*
*RETURN RECEIPT REQUESTED*

December 31, 2009

Thomas A. Wooters
Executive Vice President and General Counsel
LoJack Corporation
200 Lowder Brook Drive
Westwood, MA 02090

Re:     ***Louis Morin, an individual, and on behalf of a class of similarly situated individuals,***
***Plaintiffs, v. LoJack Corporation, a Massachusetts corporation, et al., Defendants,***
[case not yet filed] — *Notice and Demand Under the California Consumer Legal*
*Remedies Act.*

Dear Mr. Wooters:

This firm represents Louis Morin, an individual, who, in or about June 2008, purchased a LoJack theft recovery system from Bartels' Harley Davison, located at 4141 Lincoln Boulevard, Marina Del Rey, CA, 90292, for his personal use. This letter shall serve as a preliminary notice and demand for corrective action, pursuant to the provisions of California Civil Code section 1782, on behalf of Louis Morin and all other persons similarly situated, on the basis of the following facts:

LoJack Corporation ("LoJack") has engaged in acts of unfair competition and unfair and deceptive acts or practices, including, but not limited to, falsely representing, through advertising and other means, that the effectiveness of the LoJack theft recovery products for motorcycles is such that, motorcycles that are equipped with LoJack product(s), when stolen, are recovered 1) with a 90% success rate, and/or 2) within hours of the theft. In fact, LoJack theft recovery systems for motorcycles are much less effective, to wit, the recovery rate is less than 90%, and many motorcycles that are equipped with such a system(s) are not recovered within hours of theft.

The practice of falsely representing to Louis Morin, and to other members of the public, the effectiveness of the LoJack theft recovery products for motorcycles, as described above, violates California Civil Code section 1770, including but not limited to subsections a.(5), "Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have," and a.(7), "Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another."

On behalf of Mr. Morin and others similarly situated, we hereby demand that LoJack immediately (1) cease and desist from the above-described practices; and (2) correct, repair, replace, or otherwise render the LoJack theft recovery products for motorcycles into the represented condition, to the extent

Thomas A. Wooters
Executive Vice President and General Counsel
LoJack Corporation
December 31, 2009
Page 2

that such action is possible, and/or fully refund the cost of purchasing <u>and</u> installing the LoJack theft recovery product(s) for motorcycles to Louis Morin, and each and every similarly situated consumer who has purchased such a product(s) for his/her motorcycle.

Please comply with this demand within 30 days from your receipt of this letter. If we do not hear from you within this time period, we will assume that you will not take the corrective actions requested.

This letter also serves as a demand that you preserve and maintain all of the following records pending the resolution of this matter. Such records include, but are not limited to:

a.   All internal manuals, written policies, directives, memoranda, correspondence and the like concerning the advertising, marketing, and sale of the LoJack theft recovery system(s) for motorcycles since 2000;

b.   All advertisements issued by LoJack in which the LoJack theft recovery system(s) for motorcycles is discussed or alluded to, in any way, since 2000;

c.   All materials disseminated to purchasers of the LoJack theft recovery system(s) for motorcycles since 2000;

d.   All complaints from any source concerning the LoJack theft recovery system(s) for motorcycles produced at any time;

e.   All documents and items that are related to any and all studies conducted by any person with regard to the effectiveness of the LoJack theft recovery systems for motorcycles; and

f.   All documents showing the number of sold LoJack theft recovery system(s) for motorcycles, nationwide.

If you contend that the facts or information and belief contained in this letter are inaccurate in any respect, please provide us with all your contentions and all supporting documents immediately upon your receipt of this letter, but in no event later than 30 days from the date of receipt.

Sincerely,

David Markevitch

DM/dz

F:\Notice and Demand Under the Consumer Legal Remedies Act.Wooters.wpd



**Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.**
**Print your name and address on the reverse so that we can return the card to you.**
**Attach this card to the back of the mailpiece, or on the front if space permits.**

1. Article Addressed to:

THOMAS WOOTERS
Executive V.P. & General Counsel
LoJack Corporation
200 Lowder Brook Dr.
Westwood, MA MA 02090

A. Signature
X _____ ☐ Agent ☐ Addressee

B. Received by ( Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☒ Certified Mail    ☐ Express Mail
☐ Registered        ☒ Return Receipt for Merchandise
☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)    7008 1830 0003 7330 3846

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540



UNITED STATES POSTAL SERVICE    First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box ▼

**Pagano & Kass, APC**
96 North Third Street
Suite 525
San Jose, CA 95112

# PAGANO & KASS, APC

JAMES L. PAGANO

IAN A. KASS

DAVID MARKEVITCH

96 NORTH THIRD STREET, SUITE 525

SAN JOSE, CA 95112-7712

TELEPHONE (408) 999-5678

FACSIMILE (408) 999-5684

EMAIL: PAGANOLAW@aol.com

*VIA UNITED STATES MAIL DELIVERY, CERTIFIED,*
*RETURN RECEIPT REQUESTED*

December 31, 2009

Bartels' Harley Davidson
4141 Lincoln Boulevard
Marina Del Rey, CA 90292

Re:   ***Louis Morin, an individual, and on behalf of a class of similarly situated individuals,***
***Plaintiffs, v. LoJack Corporation, a Massachusetts corporation, et al., Defendants,***
[case not yet filed] — *Notice and Demand Under the California Consumer Legal*
*Remedies Act.*

Sir or Madam:

This firm represents Louis Morin, an individual, who, in or about June 2008, purchased a LoJack theft recovery system from Bartels' Harley Davison for his personal use. This letter shall serve as a preliminary notice and demand for corrective action, pursuant to the provisions of California Civil Code section 1782, on behalf of Louis Morin and all other persons similarly situated, on the basis of the following facts:

Bartel's Harley Davidson has engaged in acts of unfair competition and unfair and deceptive acts or practices, including, but not limited to, falsely representing, through advertising and other means, that the effectiveness of the LoJack theft recovery products for motorcycles is such that, motorcycles that are equipped with LoJack product(s), when stolen, are recovered 1) with a 90% success rate, and/or 2) within hours of the theft. In fact, LoJack theft recovery systems for motorcycles are much less effective, to wit, the recovery rate is less than 90%, and many motorcycles that are equipped with such a system(s) are not recovered within hours of theft.

The practice of falsely representing to Louis Morin, and to other members of the public, the effectiveness of the LoJack theft recovery products for motorcycles, as described above, violates California Civil Code section 1770, including but not limited to subsections a.(5), "Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have," and a.(7), "Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another."

On behalf of Mr. Morin and others similarly situated, we hereby demand that Bartels' Harley Davidson immediately (1) cease and desist from the above-described practices; <u>and</u> (2) correct, repair, replace, or otherwise render the LoJack theft recovery products for motorcycles into the represented condition, to the extent that such action is possible, and/or fully refund the cost of purchasing <u>and</u> installing the LoJack theft recovery product(s) for motorcycles to Louis Morin, and each and every

Bartels' Harley Davidson
December 31, 2009
Page 2

similarly situated consumer who has purchased such a product(s) for his/her motorcycle.

Please comply with this demand within 30 days from your receipt of this letter. If we do not hear from you within this time period, we will assume that you will not take the corrective actions requested.

This letter also serves as a demand that you preserve and maintain all of the following records pending the resolution of this matter. Such records include, but are not limited to:

a.    All internal manuals, written policies, directives, memoranda, correspondence and the like concerning the advertising, marketing, and sale of the LoJack theft recovery system(s) for motorcycles since 2000 that Bartels' Harley Davidson has ever used or possessed;

b.    All advertisements issued by LoJack Corporation and/or Bartels' Harley Davidson in which the LoJack theft recovery system(s) for motorcycles is discussed or alluded to, in any way, since 2000;

c.    All materials disseminated by Bartels' Harley Davidson to purchasers of the LoJack theft recovery system(s) for motorcycles since 2000;

d.    All complaints from any source concerning the LoJack theft recovery system(s) for motorcycles produced at any time;

e.    All documents and items that are related to any and all studies conducted by any person with regard to the effectiveness of the LoJack theft recovery systems for motorcycles; and

f.    All documents showing the number of sold LoJack theft recovery system(s) for motorcycles.

If you contend that the facts or information and belief contained in this letter are inaccurate in any respect, please provide us with all your contentions and all supporting documents immediately upon your receipt of this letter, but in no event later than 30 days from the date of receipt.

Sincerely,

David Markevitch

DM/dz

Accompanying Document:  Notice and Demand Under the California Consumer Legal Remedies Act to LoJack Corporation.

C:\Clients\Morin\2009\Correspondence\CRA Notices\Notice and Demand Under the Consumer Legal Remedies Act.Bartels.wpd

**SENDER: COMPLETE THIS SECTION**

- ☒ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- ☒ Print your name and address on the reverse so that we can return the card to you.
- ☒ Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature 
X ☐ Agent   ☐ Addressee

B. Received by ( Printed Name )    C. Date of Delivery

D. Is delivery address different from Item 1?  ☐ Yes
   If YES, enter delivery address below:   ☐ No

1. Article Addressed to:

Bartels' Hurley Davidson
4141 Lincoln Blvd.
Marina Del Rey, CA 90292

3. Service Type
☒ Certified Mail   ☐ Express Mail
☐ Registered       ☒ Return Receipt for Merchandise
☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)
7008 1830 0003 7330 3839

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540

---

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

**Pagano & Kass, APC**
96 North Third Street
Suite 525
San Jose, CA 95112

# PAGANO & KASS, APC

JAMES L. PAGANO

IAN A. KASS

DAVID MARKEVITCH

96 NORTH THIRD STREET, SUITE 525
SAN JOSE, CA 95112-7712

TELEPHONE (408) 999-5678
FACSIMILE (408) 999-5684
EMAIL. PAGANOLAW@aol.com

*VIA UNITED STATES MAIL DELIVERY, CERTIFIED,
RETURN RECEIPT REQUESTED*

January 15, 2010

LoJack Corporation
9911 West Pico Blvd., Suite 1000
Los Angeles, CA 90035

Re:   ***Louis Morin, an individual, and on behalf of a class of similarly situated individuals,
Plaintiffs, v. LoJack Corporation, a Massachusetts corporation, et al., Defendants,***
[case not yet filed] — *Supplemental Notice and Demand Under the California Consumer
Legal Remedies Act.*

Sir or Madam:

This letter shall serve to supplement the preliminary notice and demand for corrective action that
we previously sent to you, pursuant to the provisions of California Civil Code section 1782, on behalf of
Louis Morin and all other persons similarly situated ("The Initial Notice"). The Initial Notice was sent
to LoJack Corporation ("LoJack"), at the above-noted address, by our offices on December 31, 2009, and
received by LoJack on or about January 5, 2010. The contents of The Initial Notice are, by and through
this reference, fully incorporated herein, as though set forth.[1]

As you may recall, this firm represents Louis Morin, an individual, who, in or about June 2008,
purchased a LoJack theft recovery system from Bartels' Harley Davison, located at 4141 Lincoln
Boulevard, Marina Del Rey, CA, 90292, for his personal use.

In addition to the acts of unfair competition and unfair and deceptive acts or practices that were
set forth in The Initial Notice, we have now learned that LoJack has engaged in further acts of unfair
competition and unfair and deceptive acts or practices, including, but not limited to, falsely representing,
through advertising and other means, that the LoJack theft recovery products for motorcycles, when
installed, are "indetectable [*sic*]" and, thus, not easily located and disengaged at the time of theft. In fact,
these representations are false.

The practice of falsely representing to Louis Morin, and to other members of the public, the
effectiveness of the LoJack theft recovery products for motorcycles, as described above, violates
California Civil Code, section 1770, including, but not limited to, subsections a.(5), "Representing that
goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities
which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection
which he or she does not have," and a.(7), "Representing that goods or services are of a particular
standard, quality, or grade, or that goods are of a particular style or model, if they are of another."

---

[1]     A true and correct copy of The Initial Notice is enclosed herewith.

LoJack Corporation
January 15, 2010
Page 2

On behalf of Mr. Morin and others similarly situated, we hereby demand that LoJack immediately (1) cease and desist from the above-described practices; (2) correct, repair, replace, or otherwise render the LoJack theft recovery products for motorcycles into the represented condition, to the extent that such action is possible, and/or fully refund the cost of purchasing and installing the LoJack theft recovery product(s) for motorcycles to Louis Morin, and each and every similarly situated consumer who has purchased such a product(s) for his/her motorcycle; and (3) with respect to persons whose motorcycles, which were equipped with a LoJack theft recovery product(s), were stolen and not recovered, which category of persons includes Louis Morin, reimburse the full value of the motorcycle to each such person.

Please comply with this demand within 30 days from your receipt of this letter. If we do not hear from you within this time period, we will assume that you will not take the corrective actions requested.

This letter also serves as a demand that you preserve and maintain all of the following records pending the resolution of this matter. Such records include, but are not limited to:

a. All internal manuals, written policies, directives, memoranda, correspondence and the like concerning the advertising, marketing, and sale of the LoJack theft recovery system(s) for motorcycles since 2000;

b. All advertisements issued by LoJack in which the LoJack theft recovery system(s) for motorcycles is discussed or alluded to, in any way, since 2000;

c. All materials disseminated to purchasers of the LoJack theft recovery system(s) for motorcycles since 2000;

d. All complaints from any source concerning the LoJack theft recovery system(s) for motorcycles produced at any time;

e. All documents and items that are related to any and all studies conducted by any person with regard to the effectiveness of the LoJack theft recovery systems for motorcycles; and

f. All documents showing the number of sold LoJack theft recovery system(s) for motorcycles, nationwide.

g. All documents showing the number of motorcycles that were equipped with a LoJack theft recovery product(s), and not recovered subsequent to theft, nationwide.

h. All documents showing the identities, including name, address, and/or phone number, of the persons who have purchased a LoJack theft recovery system(s) for motorcycles since 2000.

LoJack Corporation
January 15, 2010
Page 3

If you contend that the facts or information and belief contained in this letter are inaccurate in any respect, please provide us with all your contentions and all supporting documents immediately upon your receipt of this letter, but in no event later than 30 days from the date of receipt.

Sincerely,

David Markevitch

DM

Accompanying Document: The Initial Notice.

C:\Clients\Morin\2009\Correspondence\CRA Notices\Follow-Up CRA Notices\Notice and Demand Under the Consumer Legal Remedies Act.Los Angeles.wpd

SENDER: COMPLETE THIS SECTION

Complete items 1, 2, and 3. Also complete
item 4 if Restricted Delivery is desired.
Print your name and address on the reverse
so that we can return the card to you.
Attach this card to the back of the mailpiece,
or on the front if space permits.

Article Addressed to:

O Jack & IP.
11 West Pico Blvd
STE 1000
Is Angeles CA 90035

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X J. E Lewis          ☐ Agent
                      ☐ Addressee

B. Received by ( Printed Name )     C. Date of Delivery
Jill Lewis                          1/21/10

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Certified Mail      ☐ Express Mail
☐ Registered          ☒ Return Receipt for Merchandise
☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

Article Number
Transfer from service label)    7008 1830 0003 7330 7639

Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540

# PAGANO & KASS, APC

JAMES L. PAGANO

IAN A. KASS

DAVID MARKEVITCH

96 NORTH THIRD STREET, SUITE 525

SAN JOSE, CA 95112-7712

TELEPHONE (408) 999-5878

FACSIMILE (408) 999-5884

EMAIL: PAGANOLAW@aol.com

*VIA UNITED STATES MAIL DELIVERY, CERTIFIED,*
*RETURN RECEIPT REQUESTED*

January 15, 2010

LoJack Corporation
c/o United States Corporation Company
2730 Gateway Oaks Drive,  Suite 100
Sacramento, CA 95833

Re:    ***Louis Morin, an individual, and on behalf of a class of similarly situated individuals,***
***Plaintiffs, v. LoJack Corporation, a Massachusetts corporation, et al., Defendants,***
[case not yet filed] — *Supplemental Notice and Demand Under the California Consumer*
*Legal Remedies Act.*

Sir or Madam:

        This letter shall serve to supplement the preliminary notice and demand for corrective action that
we previously sent to you, pursuant to the provisions of California Civil Code section 1782, on behalf of
Louis Morin and all other persons similarly situated ("The Initial Notice"). The Initial Notice was sent
to LoJack Corporation ("LoJack"), at the above-noted address, by our offices on December 31, 2009, and
received by LoJack on or about January 4, 2010. The contents of The Initial Notice are, by and through
this reference, fully incorporated herein, as though set forth.[1]

        As you may recall, this firm represents Louis Morin, an individual, who, in or about June 2008,
purchased a LoJack theft recovery system from Bartels' Harley Davison, located at 4141 Lincoln
Boulevard, Marina Del Rey, CA, 90292, for his personal use.

        In addition to the acts of unfair competition and unfair and deceptive acts or practices that were
set forth in The Initial Notice, we have now learned that LoJack has engaged in further acts of unfair
competition and unfair and deceptive acts or practices, including, but not limited to, falsely representing,
through advertising and other means, that the LoJack theft recovery products for motorcycles, when
installed, are "indetectable [*sic*]" and, thus, not easily located and disengaged at the time of theft. In fact,
these representations are false.

        The practice of falsely representing to Louis Morin, and to other members of the public, the
effectiveness of the LoJack theft recovery products for motorcycles, as described above, violates
California Civil Code, section 1770, including, but not limited to, subsections a.(5), "Representing that
goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities
which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection
which he or she does not have," and a.(7), "Representing that goods or services are of a particular

---

[1]        A true and correct copy of The Initial Notice is enclosed herewith.

LoJack Corporation
c/o United States Corporation Company
January 15, 2010
Page 2

standard, quality, or grade, or that goods are of a particular style or model, if they are of another."

On behalf of Mr. Morin and others similarly situated, we hereby demand that LoJack immediately (1) cease and desist from the above-described practices; (2) correct, repair, replace, or otherwise render the LoJack theft recovery products for motorcycles into the represented condition, to the extent that such action is possible, and/or fully refund the cost of purchasing and installing the LoJack theft recovery product(s) for motorcycles to Louis Morin, and each and every similarly situated consumer who has purchased such a product(s) for his/her motorcycle; and (3) with respect to persons whose motorcycles, which were equipped with a LoJack theft recovery product(s), were stolen and not recovered, which category of persons includes Louis Morin, reimburse the full value of the motorcycle to each such person.

Please comply with this demand within 30 days from your receipt of this letter. If we do not hear from you within this time period, we will assume that you will not take the corrective actions requested.

This letter also serves as a demand that you preserve and maintain all of the following records pending the resolution of this matter. Such records include, but are not limited to:

a.    All internal manuals, written policies, directives, memoranda, correspondence and the like concerning the advertising, marketing, and sale of the LoJack theft recovery system(s) for motorcycles since 2000;

b.    All advertisements issued by LoJack in which the LoJack theft recovery system(s) for motorcycles is discussed or alluded to, in any way, since 2000;

c.    All materials disseminated to purchasers of the LoJack theft recovery system(s) for motorcycles since 2000;

d.    All complaints from any source concerning the LoJack theft recovery system(s) for motorcycles produced at any time;

e.    All documents and items that are related to any and all studies conducted by any person with regard to the effectiveness of the LoJack theft recovery systems for motorcycles; and

f.    All documents showing the number of sold LoJack theft recovery system(s) for motorcycles, nationwide.

g.    All documents showing the number of motorcycles that were equipped with a LoJack theft recovery product(s), and not recovered subsequent to theft, nationwide.

h.    All documents showing the identities, including name, address, and/or phone number, of the persons who have purchased a LoJack theft recovery system(s) for motorcycles since 2000.

LoJack Corporation
c/o United States Corporation Company
January 15, 2010
Page 3

    If you contend that the facts or information and belief contained in this letter are inaccurate in any respect, please provide us with all your contentions and all supporting documents immediately upon your receipt of this letter, but in no event later than 30 days from the date of receipt.

Sincerely,

David Markevitch

DM

Accompanying Document: The Initial Notice.

cc:    Bartels' Harley Davidson
        4141 Lincoln Boulevard
        Marina Del Rey, CA 90292

C:\Clients\Morin\2009\Correspondence\CRA Notices\Follow-Up CRA Notices\Notice and Demand Under the Consumer Legal Remedies Act.Sacramento.wpd



UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

Pagano & Kass, APC
96 North Third Street
Suite 525
San Jose, CA 95112

■ Complete items 1, 2, and 3. Also complete
  item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
  so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
  or on the front if space permits.

1. Article Addressed to:

Linck Corp
c/o United States Corp Comp
2730 Gateway Oaks Dr.
Ste 100
Sacramento, CA 95833

A. Signature
X                                    □ Agent
                                     □ Addressee

B. Received by ( Printed Name )  C. Date of Delivery
   LINDA KING          JAN 1 9 2010

D. Is delivery address different from item 1?  □ Yes
   If YES, enter delivery address below:       □ No

3. Service Type
   □ Certified Mail    □ Express Mail
   □ Registered        □ Return Receipt for Merchandise
   □ Insured Mail      □ C.O.D.

4. Restricted Delivery? (Extra Fee)   □ Yes

2. Article Number
   (Transfer from service label)       7006 1830 0003 7330 7615

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

# PAGANO & KASS, APC

JAMES L. PAGANO

IAN A. KASS

DAVID MARKEVITCH

96 NORTH THIRD STREET, SUITE 525
SAN JOSE, CA 95112-7712

TELEPHONE (408) 999-5678
FACSIMILE (408) 999-5684
EMAIL. PAGANOLAW@aol.com

### *VIA UNITED STATES MAIL DELIVERY, CERTIFIED, RETURN RECEIPT REQUESTED*

January 15, 2010

Thomas A. Wooters
Executive Vice President and General Counsel
LoJack Corporation
200 Lowder Brook Drive
Westwood, MA 02090

Re:    ***Louis Morin, an individual, and on behalf of a class of similarly situated individuals, Plaintiffs, v. LoJack Corporation, a Massachusetts corporation, et al., Defendants,*** [case not yet filed] — *Supplemental Notice and Demand Under the California Consumer Legal Remedies Act.*

Dear Mr. Wooters:

This letter shall serve to supplement the preliminary notice and demand for corrective action that we previously sent to you, pursuant to the provisions of California Civil Code section 1782, on behalf of Louis Morin and all other persons similarly situated ("The Initial Notice"). The Initial Notice was sent to you, at the above-noted address, by our offices on December 31, 2009, and received by you on or about January 4, 2010. The contents of The Initial Notice are, by and through this reference, fully incorporated herein, as though set forth.[1]

As you may recall, this firm represents Louis Morin, an individual, who, in or about June 2008, purchased a LoJack theft recovery system from Bartels' Harley Davison, located at 4141 Lincoln Boulevard, Marina Del Rey, CA, 90292, for his personal use.

In addition to the acts of unfair competition and unfair and deceptive acts or practices that were set forth in The Initial Notice, we have now learned that LoJack Corporation ("LoJack") has engaged in further acts of unfair competition and unfair and deceptive acts or practices, including, but not limited to, falsely representing, through advertising and other means, that the LoJack theft recovery products for motorcycles, when installed, are "indetectable [sic]" and, thus, not easily located and disengaged at the time of theft. In fact, these representations are false.

The practice of falsely representing to Louis Morin, and to other members of the public, the effectiveness of the LoJack theft recovery products for motorcycles, as described above, violates California Civil Code, section 1770, including, but not limited to, subsections a.(5), "Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection

---

[1]    A true and correct copy of The Initial Notice is enclosed herewith.

Thomas A. Wooters
Executive Vice President and General Counsel
LoJack Corporation
January 15, 2010
Page 2

which he or she does not have," and a.(7), "Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another."

On behalf of Mr. Morin and others similarly situated, we hereby demand that LoJack immediately (1) cease and desist from the above-described practices; (2) correct, repair, replace, or otherwise render the LoJack theft recovery products for motorcycles into the represented condition, to the extent that such action is possible, and/or fully refund the cost of purchasing and installing the LoJack theft recovery product(s) for motorcycles to Louis Morin, and each and every similarly situated consumer who has purchased such a product(s) for his/her motorcycle; and (3) with respect to persons whose motorcycles, which were equipped with a LoJack theft recovery product(s), were stolen and not recovered, which category of persons includes Louis Morin, reimburse the full value of the motorcycle to each such person.

Please comply with this demand within 30 days from your receipt of this letter. If we do not hear from you within this time period, we will assume that you will not take the corrective actions requested.

This letter also serves as a demand that you preserve and maintain all of the following records pending the resolution of this matter. Such records include, but are not limited to:

a.     All internal manuals, written policies, directives, memoranda, correspondence and the like concerning the advertising, marketing, and sale of the LoJack theft recovery system(s) for motorcycles since 2000;

b.     All advertisements issued by LoJack in which the LoJack theft recovery system(s) for motorcycles is discussed or alluded to, in any way, since 2000;

c.     All materials disseminated to purchasers of the LoJack theft recovery system(s) for motorcycles since 2000;

d.     All complaints from any source concerning the LoJack theft recovery system(s) for motorcycles produced at any time;

e.     All documents and items that are related to any and all studies conducted by any person with regard to the effectiveness of the LoJack theft recovery systems for motorcycles; and

f.     All documents showing the number of sold LoJack theft recovery system(s) for motorcycles, nationwide.

g.     All documents showing the number of motorcycles that were equipped with a LoJack theft recovery product(s), and not recovered subsequent to theft, nationwide.

h.     All documents showing the identities, including name, address, and/or phone number, of the persons who have purchased a LoJack theft recovery system(s) for motorcycles since 2000.

Thomas A. Wooters
Executive Vice President and General Counsel
LoJack Corporation
January 15, 2010
Page 3

If you contend that the facts or information and belief contained in this letter are inaccurate in any respect, please provide us with all your contentions and all supporting documents immediately upon your receipt of this letter, but in no event later than 30 days from the date of receipt.

Sincerely,

David Markevitch

DM

Accompanying Document: The Initial Notice.

C:\Clients\Morin\2009\Correspondence\CRA Notices\Follow-Up CRA Notices\Notice and Demand Under the Consumer Legal Remedies Act.Wooters.wpd



UNITED STATES POSTAL SERVICE
STOCKTON MA 952

19 JAN 2010 PM 3 L

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-40

• Sender: Please print your name, address, and ZIP+4 in this box •

**Pagano & Kass, APC**
96 North Third Street
Suite 525
San Jose, CA 95112

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____   □ Agent   □ Addressee

B. Received by ( Printed Name )   C. Date of Delivery
1/19/10

D. Is delivery address different from item 1?   □ Yes
If YES, enter delivery address below:   □ No

1. Article Addressed to:

Thomas A. Wooters
Executive VP & General
Lojack corp.           counsel
200 Lowder Brook Dr.
Westwood MA 02090

3. Service Type
☑ Certified Mail   □ Express Mail
□ Registered   ☑ Return Receipt for Merchandise
□ Insured Mail   □ C.O.D.

4. Restricted Delivery? (Extra Fee)   □ Yes

2. Article Number
(Transfer from service label)   7008 1830 0003 7330 7646

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

# PAGANO & KASS, APC

| | | |
|---|---|---|
| JAMES L. PAGANO | | TELEPHONE (408) 999-5678 |
| IAN A. KASS | 96 NORTH THIRD STREET, SUITE 525 | FACSIMILE (408) 999-5684 |
| DAVID MARKEVITCH | SAN JOSE, CA 95112-7712 | EMAIL PAGANOLAW@aol.com |

*VIA UNITED STATES MAIL DELIVERY, CERTIFIED,*
*RETURN RECEIPT REQUESTED*

January 15, 2010

Bartels' Harley Davidson
4141 Lincoln Boulevard
Marina Del Rey, CA 90292

> Re: ***Louis Morin, an individual, and on behalf of a class of similarly situated individuals,*** *Plaintiffs, v. LoJack Corporation, a Massachusetts corporation, et al., Defendants,* [case not yet filed] — *Supplemental Notice and Demand Under the California Consumer Legal Remedies Act.*

Sir or Madam:

This letter shall serve to supplement the preliminary notice and demand for corrective action that we previously sent to you, pursuant to the provisions of California Civil Code section 1782, on behalf of Louis Morin and all other persons similarly situated ("The Initial Notice"). The Initial Notice was sent to Bartels' Harley Davidson, at the above-noted address, by our offices on December 31, 2009, and received by Bartels' Harley Davidson in the first half of January 2010. The contents of The Initial Notice are, by and through this reference, fully incorporated herein, as though set forth.[1]

As you may recall, this firm represents Louis Morin, an individual, who, in or about June 2008, purchased a LoJack theft recovery system from Bartels' Harley Davison, located at 4141 Lincoln Boulevard, Marina Del Rey, CA, 90292, for his personal use.

In addition to the acts of unfair competition and unfair and deceptive acts or practices that were set forth in The Initial Notice, we have now learned that Bartels' Harley Davidson has engaged in further acts of unfair competition and unfair and deceptive acts or practices, including, but not limited to, falsely representing, through advertising and other means, that the LoJack theft recovery products for motorcycles, when installed, are "indetectable [*sic*]" and, thus, not easily located and disengaged at the time of theft. In fact, these representations are false.

The practice of falsely representing to Louis Morin, and to other members of the public, the effectiveness of the LoJack theft recovery products for motorcycles, as described above, violates California Civil Code, section 1770, including, but not limited to, subsections a.(5), "Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have," and a.(7), "Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another."

---

[1]      A true and correct copy of The Initial Notice is enclosed herewith.

Bartels' Harley Davidson
January 15, 2010
Page 2

On behalf of Mr. Morin and others similarly situated, we hereby demand that Bartels' Harley Davidson immediately (1) cease and desist from the above-described practices; (2) correct, repair, replace, or otherwise render the LoJack theft recovery products for motorcycles into the represented condition, to the extent that such action is possible, and/or fully refund the cost of purchasing and installing the LoJack theft recovery product(s) for motorcycles to Louis Morin, and each and every similarly situated consumer who has purchased such a product(s) for his/her motorcycle; and (3) with respect to persons whose motorcycles, which were purchased from Bartels' Harley Davidson and equipped with a LoJack theft recovery product(s), were stolen and not recovered, which category of persons includes Louis Morin, reimburse the full value of the motorcycle to each such person.

Please comply with this demand within 30 days from your receipt of this letter. If we do not hear from you within this time period, we will assume that you will not take the corrective actions requested.

This letter also serves as a demand that you preserve and maintain all of the following records pending the resolution of this matter. Such records include, but are not limited to:

a.   All internal manuals, written policies, directives, memoranda, correspondence and the like concerning the advertising, marketing, and sale of the LoJack theft recovery system(s) for motorcycles since 2000 that Bartels' Harley Davidson has ever used or possessed;

b.   All advertisements issued by LoJack Corporation and/or Bartels' Harley Davidson in which the LoJack theft recovery system(s) for motorcycles is discussed or alluded to, in any way, since 2000;

c.   All materials disseminated by Bartels' Harley Davidson to purchasers of the LoJack theft recovery system(s) for motorcycles since 2000;

d.   All complaints from any source concerning the LoJack theft recovery system(s) for motorcycles produced at any time;

e.   All documents and items that are related to any and all studies conducted by any person with regard to the effectiveness of the LoJack theft recovery systems for motorcycles; and

f.   All documents showing the number of sold LoJack theft recovery system(s) for motorcycles.

g.   All documents showing the number of motorcycles that were equipped with a LoJack theft recovery product(s), and not recovered subsequent to theft, nationwide.

h.   All documents showing the identities, including name, address, and/or phone number, of the persons who have purchased a LoJack theft recovery system(s) for motorcycles from Bartels' Harley Davidson since 2000.

Bartels' Harley Davidson
January 15, 2010
Page 3

  If you contend that the facts or information and belief contained in this letter are inaccurate in any respect, please provide us with all your contentions and all supporting documents immediately upon your receipt of this letter, but in no event later than 30 days from the date of receipt.

          Sincerely,

          David Markevitch

DM

Accompanying Document:  The Initial Notice; Supplemental Notice and Demand Under the California Consumer Legal Remedies Act to LoJack Corporation (accompanied by the respective initial notice).

C:\Clients\Morin\2009\Correspondence\CRA Notices\Follow-Up CRA Notices\Notice and Demand Under the Consumer Legal Remedies Act.Bartels.wpd

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com

**O F F I C I A L   U S E**

| | |
|---|---|
| Postage | $ 61 |
| Certified Fee | 2.86 |
| Return Receipt Fee (Endorsement Required) | 2.30 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 5.71 |

Postmark Here

1/15/10

Km

7008 1830 0003 7330 7622

Sent To: Barnett Harley Davidson.
Street, Apt. No.; or PO Box No. 4141 Lincoln Blvd.
City, State, ZIP+4 Marina Del Rey, CA 90292

PS Form 3800, August 2006                    See Reverse for Instructions

# EXHIBIT C

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| JAMES L. PAGANO, ESQ. (SBN 098185)<br>IAN A. KASS, ESQ. (SBN 184480)<br>PAGANO & KASS, APC<br>96 N. Third Street, Suite 525<br>San Jose, CA 95112<br>TELEPHONE NO. (408) 999-5678   FAX NO. (408) 999-5684<br>ATTORNEY FOR (Name): LOUIS MORIN | CONFORMED COPY<br>OF ORIGINAL FILED<br>Los Angeles Superior Court<br><br>JUN 15 2010<br><br>John A. Clarke, Executive Officer/Clerk<br>By _____ Deputy<br>SHAUNYA WESLEY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: 111 N. Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012-3014
BRANCH NAME: Central District

CASE NAME: Morin v. LoJack corporation, etc., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: BC 4 3 9 7 2 8 |
|---|---|---|---|---|
| [X] Unlimited<br>(Amount demanded exceeds $25,000) | [ ] Limited<br>(Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br>DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400-3.403) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Construction defect (10) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [X] Fraud (16) | [ ] Residential (32) | [ ] Other complaint (not specified above) (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition (not specified above) (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [X] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties        d. [X] Large number of witnesses
   b. [X] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
       issues that will be time-consuming to resolve                in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence            f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [X] punitive
4. Number of causes of action (specify): 6
5. This case [X] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. (You may use form CM-015.)
Date: June 8, 2010

IAN A. KASS, ESQ. (SBN 184480)
(TYPE OR PRINT NAME)                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Legal Solutions Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                                          CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice— Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach—Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case—Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ—Administrative Mandamus
  Writ—Mandamus on Limited Court Case Matter
  Writ—Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal—Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief from Late Claim
  Other Civil Petition




| SHORT TITLE | CASE NUMBER |
|---|---|
| Louis Morin, et al. v. Lojack Corporation, et al. | |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> **This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

Item I.  Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☑ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL ___14___ ☐ HOURS/ ☑ DAYS

Item II.  Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check <u>one</u> Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked.
For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

> **Applicable Reasons for Choosing Courthouse Location (see Column C below)**
>
> 1. Class Actions must be filed in the County Courthouse, Central District.
> 2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
> 3. Location where cause of action arose.
> 4. Location where bodily injury, death or damage occurred.
> 5. Location where performance required or defendant resides.
> 6. Location of property or permanently garaged vehicle.
> 7. Location where petitioner resides.
> 8. Location wherein defendant/respondent functions wholly.
> 9. Location where one or more of the parties reside.
> 10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | **A** Civil Case Cover Sheet Category No. | **B** Type of Action (Check only one) | | **C** Applicable Reasons - See Step 3 Above |
|---|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100 | Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| Auto Tort | Uninsured Motorist (46) | ☐ A7110 | Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/Property Damage/Wrongful Death Tort | Asbestos (04) | ☐ A6070 | Asbestos Property Damage | 2. |
| Other Personal Injury/Property Damage/Wrongful Death Tort | Asbestos (04) | ☐ A7221 | Asbestos - Personal Injury/Wrongful Death | 2. |
| Other Personal Injury/Property Damage/Wrongful Death Tort | Product Liability (24) | ☐ A7260 | Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| Other Personal Injury/Property Damage/Wrongful Death Tort | Medical Malpractice (45) | ☐ A7210 | Medical Malpractice - Physicians & Surgeons | 1., 2., 4. |
| Other Personal Injury/Property Damage/Wrongful Death Tort | Medical Malpractice (45) | ☐ A7240 | Other Professional Health Care Malpractice | 1., 2., 4. |
| Other Personal Injury/Property Damage/Wrongful Death Tort | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 | Premises Liability (e.g., slip and fall) | 1., 2., 4. |
| Other Personal Injury/Property Damage/Wrongful Death Tort | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7230 | Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 2., 4. |
| Other Personal Injury/Property Damage/Wrongful Death Tort | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7270 | Intentional Infliction of Emotional Distress | 1., 2., 3. |
| Other Personal Injury/Property Damage/Wrongful Death Tort | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7220 | Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| Non-Personal Injury/Property Damage/Wrongful Death Tort | Business Tort (07) | ☐ A6029 | Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| Non-Personal Injury/Property Damage/Wrongful Death Tort | Civil Rights (08) | ☐ A6005 | Civil Rights/Discrimination | 1., 2., 3. |
| Non-Personal Injury/Property Damage/Wrongful Death Tort | Defamation (13) | ☐ A6010 | Defamation (slander/libel) | 1., 2., 3. |
| Non-Personal Injury/Property Damage/Wrongful Death Tort | Fraud (16) | ☑ A6013 | Fraud (no contract) | ①, 2., 3. |

 

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Louis Morin, et al. v. Lojack Corporation, et al. | |

| **A**<br>Civil Case Cover<br>Sheet Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons<br>-See Step 3 Above |
|---|---|---|
| **Non-Personal Injury/Property Damage/ Wrongful Death Tort (Cont'd.)** | | |
| Professional Negligence (25) | ☐ A6017   Legal Malpractice | 1., 2., 3. |
| | ☐ A6050   Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| Other (35) | ☐ A6025   Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | | |
| Wrongful Termination (36) | ☐ A6037   Wrongful Termination | 1., 2., 3. |
| Other Employment (15) | ☐ A6024   Other Employment Complaint Case | 1., 2., 3. |
| | ☐ A6109   Labor Commissioner Appeals | 10. |
| **Contract** | | |
| Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004   Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction) | 2., 5. |
| | ☐ A6008   Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | ☐ A6019   Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | ☐ A6028   Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| Collections (09) | ☐ A6002   Collections Case-Seller Plaintiff | 2., 5., 6. |
| | ☐ A6012   Other Promissory Note/Collections Case | 2., 5. |
| Insurance Coverage (18) | ☐ A6015   Insurance Coverage (not complex) | 1., 2., 5., 8. |
| Other Contract (37) | ☐ A6009   Contractual Fraud | 1., 2., 3., 5. |
| | ☐ A6031   Tortious Interference | 1., 2., 3., 5. |
| | ☐ A6027   Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | | |
| Eminent Domain/Inverse Condemnation (14) | ☐ A7300   Eminent Domain/Condemnation     Number of parcels_____ | 2. |
| Wrongful Eviction (33) | ☐ A6023   Wrongful Eviction Case | 2., 6. |
| Other Real Property (26) | ☐ A6018   Mortgage Foreclosure | 2., 6. |
| | ☐ A6032   Quiet Title | 2., 6. |
| | ☐ A6060   Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | | |
| Unlawful Detainer- Commercial (31) | ☐ A6021   Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer- Residential (32) | ☐ A6020   Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer- Drugs (38) | ☐ A6022   Unlawful Detainer-Drugs | 2., 6. |
| **Judicial Review** | | |
| Asset Forfeiture (05) | ☐ A6108   Asset Forfeiture Case | 2., 6. |
| Petition re Arbitration (11) | ☐ A6115   Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 2 of 4

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Louis Morin, et al. v. Lojack Corporation, et al. | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review (Cont'd.)** | Writ of Mandate<br><br>(02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review<br>(39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment<br><br>(20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above)<br><br>(42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance(21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above)<br><br>(43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 3 of 4

| SHORT TITLE. Louis Morin, et al. v. Lojack Corporation, et al. | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE | | ADDRESS: 4141 Lincoln Boulevard |
|---|---|---|
| ☑1. ☐2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | | |
| CITY· Marina Del Rey | STATE· CA | ZIP CODE: 90292 |

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is property filed for assignment to the County _____ courthouse in the Central _____ District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: June 14, 2010 _____

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

---

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev. 01/07), LASC Approved 03-04.

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

# EXHIBIT D

BC 439728

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE

Case Number _____

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 7.3(c)). There is additional information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM | |
|---|---|---|---|---|---|---|
| Hon. Elihu M. Berle | 1 | 534 | Hon. Holly E. Kendig | 42 | 416 | |
| Hon. J. Stephen Czuleger | 3 | 224 | Hon. Mel Red Recana | 45 | 529 | |
| Hon. Luis A. Lavin | 13 | 630 | Hon. Debre Katz Weintraub | 47 | 507 | |
| Hon. Terry A. Green | 14 | 300 | Hon. Elizabeth Allen White | 48 | 506 | |
| Hon. Richard Fruin | 15 | 307 | Hon. Conrad Aragon | 49 | 509 | |
| Hon. Rita Miller | 16 | 306 | Hon. John Shepard Wiley Jr. | 50 | 508 | |
| Hon. Richard E. Rico | 17 | 309 | Hon. Abraham Khan | 51 | 511 | |
| Hon. Rex Heeseman | 19 | 311 | Hon. Susan Bryant-Deason | 52 | 510 | |
| Hon. Kevin C. Brazile | 20 | 310 | Hon. John P. Shook | 53 | 513 | |
| Hon. Zaven V. Sinanian | 23 | 315 | Hon. Ernest M. Hiroshige | 54 | 512 | |
| Hon. Robert L. Hess | 24 | 314 | Hon. Malcolm H. Mackey | 55 | 515 | |
| Hon. Mary Ann Murphy | 25 | 317 | Hon. Jane L. Johnson | 56 | 514 | |
| Hon. James R. Dunn | 26 | 316 | Hon. Ralph W. Dau | 57 | 517 | |
| Hon. Yvette M. Palazuelos | 28 | 318 | Hon. Rolf M. Treu | 58 | 516 | |
| Hon. John A. Kronstadt | 30 | 400 | Hon. David L. Minning | 61 | 632 | |
| Hon. Alan S. Rosenfield | 31 | 407 | Hon. Michael L. Stern | 62 | 600 | |
| Hon. Mary H. Strobel | 32 | 406 | Hon. Kenneth R. Freeman | 64 | 601 | |
| Hon. Charles F. Palmer | 33 | 409 | Hon. Mark Mooney | 68 | 617 | |
| Hon. Amy D. Hogue | 34 | 408 | Hon. Ramona See | 69 | 621 | |
| Hon. Daniel Buckley | 35 | 411 | Hon. Soussan G. Bruguera | 71 | 729 | |
| Hon. Gregory Alarcon | 36 | 410 | Hon. Ruth Ann Kwan | 72 | 731 | |
| Hon. Joanne O'Donnell | 37 | 413 | Hon. Teresa Sanchez-Gordon | 74 | 735 | |
| Hon. Maureen Duffy-Lewis | 38 | 412 | Hon. William F. Fahey | 78 | 730 | |
| Hon. Michael C. Solner | 39 | 415 | **Hon. Emilie H. Elias*** | **324** | **CCW** | X |
| Hon. Michelle R. Rosenblatt | 40 | 414 | Other | | | |
| Hon. Ronald M. Sohigian | 41 | 417 | | | | |

**\*Class Actions**
All class actions are initially assigned to Judge Emilie H. Elias in Department 324 of the Central Civil West Courthouse (600 S. Commonwealth Ave., Los Angeles 90005). This assignment is for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the outcome of that assessment, the class action case may be reassigned to one of the Judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____     JOHN A. CLARKE, Executive Officer/Clerk

By _____, Deputy Clerk

# INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Seven Rules, as applicable in the Central District, are summarized for your assistance.

## APPLICATION

The Chapter Seven Rules were effective January 1, 1994. They apply to all general civil cases.

## PRIORITY OVER OTHER RULES

The Chapter Seven Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

## CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

## TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

## FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

## SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Seven Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Seven Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

**This is not a complete delineation of the Chapter Seven Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.**

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

[CRC 3.221 Information about Alternative Dispute Resolution]

For additional ADR information and forms visit the Court ADR web application at **www.lasuperiorcourt.org** (click on ADR).

The plaintiff shall serve a copy of this Information Package on each defendant along with the complaint (**Civil only**).

**What Is ADR:**
Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes, such as arbitration, mediation, neutral evaluation (NE), and settlement conferences, are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR. All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

**Mediation:**
In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

    **Cases for Which Mediation May Be Appropriate**
    Mediation may be particularly useful when parties have a dispute between or among family members, neighbors, or business partners. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

    **Cases for Which Mediation May Not Be Appropriate**
    Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Arbitration:**
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

    **Cases for Which Arbitration May Be Appropriate**
    Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

    **Cases for Which Arbitration May Not Be Appropriate**
    If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Neutral Evaluation:**
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

    **Cases for Which Neutral Evaluation May Be Appropriate**
    Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

    **Cases for Which Neutral Evaluation May Not Be Appropriate**
    Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences:**
Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

## LOS ANGELES SUPERIOR COURT ADR PROGRAMS

CIVIL:

- **Civil Action Mediation** (Governed by Code of Civil Procedure (CCP) sections 1775-1775.15, California Rules of Court, rules 3.850-3.868 and 3.870-3.878, Evidence Code sections 1115-1128, and Los Angeles Superior Court Rules, chapter 12.)
- **Retired Judge Settlement Conference**
- **Neutral Evaluation** (Governed by Los Angeles Superior Court Rules, chapter 12.)
- **Judicial Arbitration** (Governed by Code of Civil Procedure sections 1141.10-1141.31, California Rules of Court, rules 3.810-3.830, and Los Angeles Superior Court Rules, chapter 12.)
- **Eminent Domain Mediation** (Governed by Code of Civil Procedure section 1250.420.)
- **Civil Harassment Mediation**
- **Small Claims Mediation**

FAMILY LAW (non-custody):

- **Mediation**
- **Forensic Certified Public Accountant (CPA) Settlement Conference**
- **Settlement Conference**
- **Nonbinding Arbitration** (Governed by Family Code section 2554.)

PROBATE:

- **Mediation**
- **Settlement Conference**

### NEUTRAL SELECTION

Parties may select a mediator, neutral evaluator, or arbitrator from the Court Party Select Panel or may hire someone privately, at their discretion.  If the parties utilize the Random Select Mediation or Arbitration Panel, the parties will be assigned on a random basis the name of one neutral who meets the case criteria entered on the court's website.

### COURT ADR PANELS

| | |
|---|---|
| **Party Select Panel** | The Party Select Panel consists of mediators, neutral evaluators, and arbitrators who have achieved a specified level of experience in court-connected cases.  The parties (collectively) may be charged $150.00 per hour for the first three hours of hearing time.  Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing. |
| **Random Select Panel** | The Random Select Panel consists of trained mediators, neutral evaluators, and arbitrators who have not yet gained the experience to qualify for the Party Select Panel, as well as experienced neutrals who make themselves available pro bono as a way of supporting the judicial system.  It is the policy of the Court that all Random Select Panel volunteer mediators, neutral evaluators, and arbitrators provide three hours hearing time per case.  Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing. |
| **Private Neutral** | The market rate for private neutrals can range from $300-$1,000 per hour. |

### ADR ASSISTANCE

For assistance regarding ADR, please contact the ADR clerk at the courthouse in which your case was filed.

| COURTHOUSE | ADDRESS | ROOM | CITY | PHONE | FAX |
|---|---|---|---|---|---|
| Antonovich | 42011 4th St. West | None | Lancaster, CA 93534 | (661)974-7275 | (661)974-7060 |
| Chatsworth | 9425 Penfield Ave. | 1200 | Chatsworth, CA 91311 | (818)576-8565 | (818)576-8687 |
| Compton | 200 W. Compton Blvd. | 1002 | Compton, CA 90220 | (310)603-3072 | (310)223-0337 |
| Glendale | 600 E. Broadway | 273 | Glendale, CA 91206 | (818)500-3160 | (818)548-5470 |
| Long Beach | 415 W. Ocean Blvd. | 316 | Long Beach, CA 90802 | (562)491-6272 | (562)437-3802 |
| Norwalk | 12720 Norwalk Blvd. | 308 | Norwalk, CA 90650 | (562)807-7243 | (562)462-9019 |
| Pasadena | 300 E. Walnut St. | 109 | Pasadena, CA 91101 | (626)356-5685 | (626)666-1774 |
| Pomona | 400 Civic Center Plaza | 106 | Pomona, CA 91766 | (909)620-3183 | (909)629-6283 |
| San Pedro | 505 S. Centre | 209 | San Pedro, CA 90731 | (310)519-6151 | (310)514-0314 |
| Santa Monica | 1725 Main St. | 203 | Santa Monica, CA 90401 | (310)260-1829 | (310)319-6130 |
| Stanley Mosk | 111 N. Hill St. | 113 | Los Angeles, CA 90012 | (213)974-5425 | (213)633-5115 |
| Torrance | 825 Maple Ave. | 100 | Torrance, CA 90503 | (310)222-1701 | (310)782-7326 |
| Van Nuys | 6230 Sylmar Ave. | 418 | Van Nuys, CA 91401 | (818)374-2337 | (818)902-2440 |

Partially Funded by the Los Angeles County Dispute Resolution Program
A complete list of the County Dispute Resolution Programs is available online and upon request in the Clerk's Office

LAADR 005 (Rev. 05/09)
LASC Approved 10-03

# EXHIBIT E

1  JAMES L. PAGANO, ESQ. (Cal. State Bar No. 098185)
   IAN A. KASS, ESQ. (Cal. State Bar No. 184480)
2  DAVID MARKEVITCH, ESQ. (Cal. State Bar No. 256163)
   PAGANO & KASS, APC
3  96 North Third Street, Suite 525
   San Jose, California 95112
4  Telephone: (408) 999-5678
   Facsimile: (408) 999-5684
5

**REC'D**

**JUL 22 2010**

**FILING WINDOW**

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

**JUL 22 2010**

John A. Clarke, Executive Officer/Clerk
BY_____, Deputy
        Raul Sanchez

6  Attorneys for Plaintiff, LOUIS MORIN,
   an individual, on behalf of himself, and on
7  behalf of all other persons similarly situated,

8

9              **IN THE SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

10                **IN AND FOR THE COUNTY OF LOS ANGELES**

11                              *Central District*

12  LOUIS MORIN, an individual, on behalf of       Case No. BC439728
    himself, and on behalf of all other persons
13  similarly situated,                            **CLASS ACTION**

14              Plaintiff,                          **NOTICE OF CASE MANAGEMENT**
                                                    **CONFERENCE; PROOF OF SERVICE**
    v.                                             **THEREOF**
15
    LOJACK CORPORATION, a                          Case Management Conference:
16  Massachusetts corporation; BARTELS'
    MOTORCYCLE ENTERPRISES, INC., a                Date:   September 23, 2010
17  California corporation, doing business as       Time:   8:31 a.m.
    Bartels' Harley Davidson;                       Dept.:  25
18  and DOES 1-1000 inclusive,                      Judge: Hon. Mary Ann Murphy

19              Defendants.

20  ─────────────────────────────────────

21  TO:  Defendants, LOJACK CORPORATION, a Massachusetts corporation, and BARTELS'
         MOTORCYCLE ENTERPRISES, INC., a California corporation, doing business as Bartels'
22       Harley Davidson, and to their respective attorneys of record, if any:

23       PLEASE TAKE NOTICE THAT, on or about July 8, 2010, the Honorable Mary Ann

24  Murphy, Judge, signed an order and a notice titled, "Notice of Case Management Conference,"

25  scheduling a Case Management Conference in the above-captioned matter to commence on

26  September 23, 2010, at 8:31 a.m., in Department 25 of the above-entitled Court. A trues and correct

27

28  ─────────────────────────────────────

NOTICE OF CASE MANAGEMENT CONFERENCE; PROOF OF SERVICE THEREOF                        1

**ORIGINAL**

1    copy of the said Notice of Case Management Conference is attached hereto as Exhibit "A," and, by

2    and through this reference, its contents are fully incorporated herein as though set forth.

3    Dated:  July 20, 2010                              Respectfully submitted,

4                                                       PAGANO & KASS, APC

5

6                                                       DAVID MARKEVITCH, ESQ., Attorneys for
                                                        Plaintiff, LOUIS MORIN, an individual, on
7                                                       behalf of himself, and on behalf of all other
                                                        persons similarly situated
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF CASE MANAGEMENT CONFERENCE; PROOF OF SERVICE THEREOF                              2

NOTICE SENT TO:

Pagano, James L., Law Offices of
Pagano & Kass, APC
96 North Third Street, Suite 525
San Jose                    CA  95112

**ORIGINAL FILED**

FILE STAMP

JUL 0 8 2010

LOS ANGELES
SUPERIOR COURT

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| LOUIS MORIN | | CASE NUMBER |
|---|---|---|
| VS. | Plaintiff(s). | BC439728 |
| LOJACK CORPORATION ET AL | Defendant(s). | **NOTICE OF CASE MANAGEMENT CONFERENCE** |

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled for <u>September 23, 2010</u> at <u>8:31 am</u> in <u>Dept. 25</u> at 111 North Hill Street, Los Angeles, California 90012.

**NOTICE TO DEFENDANT:** THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least **15 calendar days** prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, section 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions pursuant to LASC Local Rule 7.13, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code Section 68608 (b), and California Rules of Court 2.2 et seq.

Date: <u>July 8, 2010</u>

Mary Ann Murphy
Judicial Officer

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named above:

[ ] by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed herein in a separate sealed envelope to each address as shown above with postage thereon fully prepaid.

[ ] by personally giving the party notice upon filing the complaint.

Date: <u>July 8, 2010</u>

John A. Clarke, Executive Officer/Clerk

by _____, Deputy Clerk

LACIV 132 (Rev. 09/07)
LASC Approved 10-03

Cal. Rules of Court, rule 3.720-3.730
LASC Local Rules, Chapter Seven

**PROOF OF SERVICE**

In re:   *Louis Morin, Plaintiff, individually and for a class of similarly situated consumers,*
*v. LoJack, Inc., etc., et al., Defendants* Los Angeles County Superior Court Case
No. BC 439728

    I, the undersigned, hereby certify that I am a citizen of the United States, over the age of
eighteen (18) years, a resident of Santa Clara County and not a party to the within action;

    My business address is 96 North Third Street, Suite 525, San Jose, CA  95112; on July 20,
2010, I served a true copy of the following document:

- **NOTICE OF CASE MANAGEMENT CONFERENCE; PROOF OF SERVICE
THEREOF**

via United States Mail Delivery, by placing the document(s) listed above in a sealed envelope with
delivery fees provided for, and which envelope was deposited in a box or other facility regularly
maintained by the USPS to receive documents, addressed as follows:

| For LoJack Corporation: | For Bartels' Motorcycle Enterprises, Inc.: |
|---|---|
| United States Corporation Company<br>2730 Gateway Oaks Drive, Suite 100<br>Sacramento, CA 95833 | Bartels' Motorcycle Enterprises, Inc.<br>4141 Lincoln Blvd<br>Marina Del Rey, CA 90292 |

    I certify under the penalties for perjury, pursuant to the laws of the State of California,  that
the foregoing is true and correct of my own knowledge and that I have executed this Proof of Service
on July 20, 2010 in the City of San Jose, County of Santa Clara, State of California.

NATASHA SCHMALFUSS

C:\Clients\Morin\2010\Notice of Case Management Conference.wpd

NOTICE OF CASE MANAGEMENT CONFERENCE; PROOF OF SERVICE THEREOF

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Jacqueline Nguyen and the assigned discovery Magistrate Judge is Rosalyn M. Chapman.

The case number on all documents filed with the Court should read as follows:

## CV10- 5659 JHN (RCx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| **[X] Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | **[ ] Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | **[ ] Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
LOUIS MORIN, an individual, on behalf of himself, and on behalf of all other persons similarly situated

**DEFENDANTS**
LOJACK CORPORATION, a Massachusetts Corp.; BARTELS' MOTORCYCLE ENTERPRISES, INC., a California Corp., doing business as Bartels' Harley Davidson, and DOES 1 through 1000

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
James L. Pagano, Esq.
Ian A. Kass, Esq.
David Markevitch, Esq.
PAGANO & KASS, APC
96 North Third St., Ste. 525, San Jose, CA 95112,(408) 999-5678

Attorneys (If Known)
Michelle D. Doolin, Esq.
Mazda K. Antia, Esq.
Darcie A. Tilly, Esq.
COOLEY LLP
4401 Eastgate Mall, San Diego, CA 92121, (858) 550-6000

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
☐ 1 Original Proceeding ☒ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify): ☐ 6 Multi-District Litigation ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☒ Yes ☐ No ☐ MONEY DEMANDED IN COMPLAINT: $ TBD

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. §§ 1332, 1441, & 1453; Intentional & Negligent Misrep., Violations of CLRA, FAL, & UCL, & Breach of Implied Warranty

**VII. NATURE OF SUIT** (Place an X in one box only.)

OTHER STATUTES: ☐ 400 State Reapportionment ☐ 410 Antitrust ☐ 430 Banks and Banking ☐ 450 Commerce/ICC Rates/etc. ☐ 460 Deportation ☐ 470 Racketeer Influenced and Corrupt Organizations ☐ 480 Consumer Credit ☐ 490 Cable/Sat TV ☐ 810 Selective Service ☐ 850 Securities/Commodities/Exchange ☐ 875 Customer Challenge 12 USC 3410 ☒ 890 Other Statutory Actions ☐ 891 Agricultural Act ☐ 892 Economic Stabilization Act ☐ 893 Environmental Matters ☐ 894 Energy Allocation Act ☐ 895 Freedom of Info. Act ☐ 900 Appeal of Fee Determination Under Equal Access to Justice ☐ 950 Constitutionality of State Statutes

CONTRACT: ☐ 110 Insurance ☐ 120 Marine ☐ 130 Miller Act ☐ 140 Negotiable Instrument ☐ 150 Recovery of Overpayment & Enforcement of Judgment ☐ 151 Medicare Act ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) ☐ 153 Recovery of Overpayment of Veteran's Benefits ☐ 160 Stockholders' Suits ☐ 190 Other Contract ☐ 195 Contract Product Liability ☐ 196 Franchise

REAL PROPERTY: ☐ 210 Land Condemnation ☐ 220 Foreclosure ☐ 230 Rent Lease & Ejectment ☐ 240 Torts to Land ☐ 245 Tort Product Liability ☐ 290 All Other Real Property

TORTS PERSONAL INJURY: ☐ 310 Airplane ☐ 315 Airplane Product Liability ☐ 320 Assault, Libel & Slander ☐ 330 Fed. Employers' Liability ☐ 340 Marine ☐ 345 Marine Product Liability ☐ 350 Motor Vehicle ☐ 355 Motor Vehicle Product Liability ☐ 360 Other Personal Injury ☐ 362 Personal Injury-Med Malpractice ☐ 365 Personal Injury-Product Liability ☐ 368 Asbestos Personal Injury Product Liability

IMMIGRATION: ☐ 462 Naturalization Application ☐ 463 Habeas Corpus-Alien Detainee ☐ 465 Other Immigration Actions

TORTS PERSONAL PROPERTY: ☐ 370 Other Fraud ☐ 371 Truth in Lending ☐ 380 Other Personal Property Damage ☐ 385 Property Damage Product Liability

BANKRUPTCY: ☐ 22 Appeal 28 USC 158 ☐ 423 Withdrawal 28 USC 157

CIVIL RIGHTS: ☐ 441 Voting ☐ 442 Employment ☐ 443 Housing/Accommodations ☐ 444 Welfare ☐ 445 American with Disabilities - Employment ☐ 446 American with Disabilities - Other ☐ 440 Other Civil Rights

PRISONER PETITIONS: ☐ 510 Motions to Vacate Sentence Habeas Corpus ☐ 530 General ☐ 535 Death Penalty ☐ 540 Mandamus/Other ☐ 550 Civil Rights ☐ 555 Prison Condition

FORFEITURE/PENALTY: ☐ 610 Agriculture ☐ 620 Other Food & Drug ☐ 625 Drug Related Seizure of Property 21 USC 881 ☐ 630 Liquor Laws ☐ 640 R.R.& Truck ☐ 650 Airline Regs ☐ 660 Occupational Safety /Health ☐ 690 Other

LABOR: ☐ 710 Fair Labor Standards Act ☐ 720 Labor/Mgmt. Relations ☐ 730 Labor/Mgmt. Reporting & Disclosure Act ☐ 740 Railway Labor Act ☐ 790 Other Labor Litigation ☐ 791 Empl. Ret. Inc. Security Act

PROPERTY RIGHTS: ☐ 820 Copyrights ☐ 830 Patent ☐ 840 Trademark

SOCIAL SECURITY: ☐ 61 HIA(1395ff) ☐ 862 Black Lung (923) ☐ 863 DIWC/DIWW 405(g) ☐ 864 SSID Title XVI ☐ 865 RSI (405(g))

FEDERAL TAX SUITS: ☐ 870 Taxes (U.S. Plaintiff or Defendant) ☐ 871 IRS-Third Party 26 USC 7609

**CV10 5659**

FOR OFFICE USE ONLY: Case Number: ___
AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08) CIVIL COVER SHEET Page 1 of 2

American LegalNet, Inc. www.FormsWorkflow.com

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

---

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Louis Morin:  Los Angeles County | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Bartels' Motorcycle Enterprises, Inc.:  Los Angeles County | LoJack Corp.:  Massachussetts |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County - Removed pursuant to CAFA from the Superior Court of the State of California for the County of Los Angeles | |

\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _Mazda K. Antia_     Date  July 29, 2010
Mazda K. Antia, Attorney for Defendant LoJack Corp.

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

---

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

American LegalNet, Inc.
www.FormsWorkflow.com