UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:10-cv-05659-JHN-SSx | Date | December 28, 2010 |
|---|---|---|---|
| Title | Louis Morin v. LoJack Corporation et al | | |

| Present: The Honorable | JACQUELINE H. NGUYEN | | |
|---|---|---|---|
| Alicia Mamer | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not present | Not present |

**Proceedings:** ORDER DENYING DEFENDANTS' MOTION TO DISMISS AND GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO STRIKE
(In Chambers)

On November 12, 2010, Defendant LoJack Corp. ("LoJack") filed a Motion to Strike Plaintiff's First Amended Complaint (docket no. 22) and Motion to Dismiss Plaintiff's First Amended Complaint (docket no. 23). Defendant Bartels' Motorcycle Enterprises Inc. ("Bartels") has filed four Motions for Joinder in LoJack's two motions and in LoJack's replies in support of the motions. (Docket nos. 24, 25, 40, 41.) The Court has considered the briefs filed in this matter and deems the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15. Accordingly, the hearing scheduled for January 3, 2011, is removed from the Court's calendar. The Court GRANTS Bartels' Motions for Joinder. For the reasons herein, the Court DENIES Defendants' Motion to Dismiss and GRANTS IN PART and DENIES IN PART Defendants' Motion to Strike.

**I.    Background**

Plaintiff originally filed suit in California state court. LoJack removed to federal court under the Class Action Fairness Act of 2005. On August 23, 2010, LoJack filed a Motion to Dismiss, in which Bartels joined. (Docket nos. 8, 10.) On September 27, 2010, the Court issued an Order in which it granted the Motion and dismissed Plaintiff's claims with leave to amend ("Prior Order"; docket no. 16). Plaintiff filed his First Amended Complaint ("FAC") on October 25, 2010. (Docket no. 20.)

Based on the Prior Order, the parties are familiar with the factual background and legal standards that govern this matter. To address deficiencies identified in the Prior Order, the FAC alleges additional facts and amended its claimed causes of action, as summarized here.

The FAC asserts six causes of action: (1) fraud by omission; (2) active concealment; (3) violations of California's Consumers Legal Remedies Act ("CLRA"); (4) violations of California's False Advertising Law ("FAL"); (5) violations of California's Unfair Competition Law ("UCL"); and (6) breach of implied warranty pursuant to California's Song-Beverly Consumer Warranty Act ("CWA"). The latter four causes of action are the same as in the original complaint, which also included causes of action for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:10-cv-05659-JHN-SSx | Date | December 28, 2010 |
|---|---|---|---|
| Title | Louis Morin v. LoJack Corporation et al | | |

intentional and negligent misrepresentation in place of the causes of action for fraud by omission and active concealment. The FAC, additionally, alleges the first through fifth causes of actions on behalf of a nationwide class and the sixth cause of action on behalf of a California class.[1]

In addition to the originally alleged facts, the FAC alleges that LoJack provides retailers and service providers with training and marketing materials regarding LoJack's product at issue, the "Early Warning." (FAC ¶ 22.) When Plaintiff made the decision to purchase an Early Warning, Bartels employees informed him that the product would allow police to track the motorcycle and that it was installed so that professional thieves could not find and disable it. (*Id.* at 30.) These representations were consistent with the materials and training LoJack provided to retailers. (*Id.* at ¶ 31.)

The FAC also alleges that LoJack employs former police personnel to liaise between the company and law enforcement. (*Id.* at ¶ 21.) Law enforcement personnel inform these liaisons about motorcycle thefts and the recovery or non-recovery of motorcycles equipped with the Early Warning. (*Id.*) Based in part on these interactions, Defendants have access to data revealing that stolen motorcycles with the Early Warning did not transmit a signal to allow law enforcement to track the motorcycles, and that thieves were able to quickly locate and disable the product, resulting in a very low recovery rate for motorcycles equipped with the product. (*Id.* at ¶¶ 26, 56.)

Additionally, the FAC alleges that after Plaintiff's motorcycle was stolen, knowledgeable law enforcement personnel told him this same information: that professional thieves easily find and disable the Early Warning and have done so on numerous occasions. (*Id.* at ¶ 37.) Moreover, the owner of Bartels left Plaintiff a telephone message indicating that the Early Warning can be installed in only a few locations on a motorcycle. (*Id.* at ¶ 38.)

**II.      Discussion**

A.      <u>Motion</u> <u>to</u> <u>Dismiss</u>

The Court finds that, with the additional allegations above, the FAC has cured the deficiencies the Court identified in its Prior Order. The FAC states with particularity "'the who, what, when, where, and how' of the misconduct charged," and provides Defendants with adequate notice so that they may defend against Plaintiff's claims. *Vess v. Ciba-Geigy Corp., USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). The FAC therefore meets the pleading standard of Federal Rule of Civil Procedure 9(b).

Additionally, Plaintiff has sufficiently alleged Defendants' knowledge that the Early Warning does not

---

[1] Though paragraphs 40–41 of the FAC erroneously indicate that the first through fourth causes of action are brought on behalf of a nationwide class and the fifth cause of action is brought on behalf of a California class, the information provided at the causes of action themselves clarify Plaintiff's intention, as stated above.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:10-cv-05659-JHN-SSx | Date | December 28, 2010 |
|---|---|---|---|
| Title | Louis Morin v. LoJack Corporation et al | | |

transmit a signal to allow law enforcement to track a stolen motorcycle and that thieves are able to locate and disable the device. The allegations identified above are sufficient to show knowledge as required by Rule 9(b). Similarly, the FAC contains sufficient allegations indicating that this information is material, such as by indicating the low recovery rate.

Defendants' arguments with respect to the CLRA, FAL, and UCL causes of action are also unavailing. The FAC alleges that Defendants made representations that the Early Warning would allow a stolen motorcycle to be tracked and that professional thieves could not locate and disable the device; these representations are directly contrary to the information that the FAC alleges Defendants knowingly failed to disclose to consumers. Similarly, the FAC sufficiently alleges the knowledge and falsity that Defendants assert are required for a claim under the FAL.

Finally, the Court finds the cause of action for breach of implied warranty sufficiently pleaded. According to the FAC, when Plaintiff's motorcycle was stolen, the Early Warning did not notify Plaintiff of the theft, and police were unable to track the motorcycle. (FAC ¶¶ 33–35.) Given the FAC's allegation that the intended purpose of the Early Warning is to alert the owner if a theft occurs and to allow law enforcement to track the motorcycle (*id.* at ¶ 44), these events constitute sufficient allegations that the product was not fit for its intended purpose.

B.     Motion to Strike

Defendants request that the Court strike the following in Plaintiff's FAC: (1) allegations in the First Cause of Action that LoJack "should have known" facts; (2) Plaintiff's Second Cause of Action; and (3) Plaintiff's claim for a nationwide class for his Third, Fourth, and Fifth Causes of Action (CLRA, FAL, and UCL).

Federal Rule of Civil Procedure 12(f) empowers a court to strike "any redundant, immaterial, impertinent, or scandalous matter." The Court finds Plaintiff's First and Second Causes of Action redundant. The allegations within these two causes of action are nearly identical.[2] Moreover, the legal theories on which these causes of action are coterminous. *See Lovejoy v. AT&T Corp.*, 119 Cal. App. 4th 151, 158 (2004) ("Concealment is a term of art which includes mere nondisclosure when a party has a duty to disclose."). Accordingly, the Court strikes Plaintiff's Second Cause of Action. The Motion to Strike is otherwise denied.

**III.    Plaintiff's Ex Parte Application**

The Court also addresses here Plaintiff's Ex Parte Application for Clarification of the Court's October 7, 2010 Order. (Docket no. 27.) With the Court's disposition of Defendants' Motion to Dismiss, the

---

[2] Contrary to Plaintiff's contention (Pl.'s Opp'n 6), the Court finds no variations in the factual allegations between the First and Second Causes of Action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:10-cv-05659-JHN-SSx | Date | December 28, 2010 |
|---|---|---|---|
| Title | Louis Morin v. LoJack Corporation et al | | |

parties' main point of dispute regarding discovery and the deadline for filing a motion for class certification is now moot. The Court notes that its prior Order is not intended in any way to allow a stay of discovery, and that the parties should have sought clarification earlier if there was a dispute. The parties shall continue—or, if not yet begun, immediately begin—discovery as to whether class certification is proper in this matter and any other appropriate topic of discovery. The parties are to hold their Rule 26(f) conference within twenty (20) days of the entry of this order, and Plaintiff shall file any motion for class certification within forty-five (45) days of that conference. **No extension shall be granted.**

### IV.   Conclusion

The Court GRANTS Bartels' Motions for Joinder. (Docket nos. 24, 25, 40, 41.) Based on the foregoing, the Court DENIES Defendants' Motion to Dismiss. (Docket no. 23.) The Court GRANTS IN PART and DENIES IN PART Defendants' Motion to Strike. (Docket no. 22.) In response to Plaintiff's Ex Parte Application (docket no. 27), the Court orders the parties to conduct discovery and comply with the deadlines set forth above regarding the litigation of a class certification motion.

IT IS SO ORDERED.

|  | : | N/A |
|---|---|---|
| Initials of Preparer | AM | |