UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

LOUIS MORIN, an individual, on behalf of himself, and on behalf of all other persons similarly situated,

Plaintiffs,

v.

LOJACK CORPORATION, a Massachusetts corporation; BARTELS' MOTORCYCLE ENTERPRISES, INC., a California corporation, doing business in California as Bartels' Harley Davidson, and DOES 1 through 1000,

Defendants.

Case No. 10-cv-05659-JHN (SS)
Hon. Jacqueline H. Nguyen

**STIPULATED AND [~~PROPOSED~~] PROTECTIVE ORDER**

Courtroom: 790 (Roybal)

Action Removed: July 29, 2010

**[Discovery Document: Referred to Magistrate Judge Suzanne H. Segal]**

# STIPULATION AND [PROPOSED] PROTECTIVE ORDER GOVERNING THE HANDLING OF CONFIDENTIAL MATERIAL

## Recitals and Good Cause Statement

**A.** Plaintiff Louis Morin ("Plaintiff"), together with defendants LoJack Corp. ("LoJack") and Bartels' Motorcycle Enterprises, Inc. (collectively with LoJack, "Defendants"), in the above captioned action, titled and numbered, *Louis Morin v. LoJack Corp., et al.,* Case No. 10-cv-05659 ("Litigation" or "Action"), contemplate that discovery of documents and other information in the Litigation may involve the production of documents and other information a producing party may reasonably believe in good faith to be protected from public disclosure under Rule 26(c) of the Federal Rules of Civil Procedure and/or California's statutory and/or Constitutional provisions conferring rights of privacy upon individuals such as Plaintiff.

**B.** Plaintiff and Defendants (individually as, "Party" and collectively as, "Parties") desire to enter into this stipulation to facilitate the discovery process by protecting against the unauthorized disclosure of confidential materials.

**C.** The Parties acknowledge that this stipulation (and if approved, Order), does not confer blanket protections on all disclosures or responses to discovery but that the protection it affords only extends to documents and other information or items that are either entitled, under the applicable legal principles, to confidential treatment, or, if not entitled to confidential treatment, are subject to the Parties' agreement to treat such information or items as confidential, so long as such agreement does not affect this Court's proceedings, including the mode of introduction of evidence at evidentiary proceedings.

**D.** The Parties further acknowledge that this stipulation (and if approved, Order), does not create entitlement to file confidential information under seal.

**E.** The Parties believe good cause exists for approving the stipulation because the stipulation seeks to protect against injury caused by the public

dissemination of confidential documents and information. Defendants contend that if the sensitive commercial information identified *infra* in paragraph 2, subparts 1-10, were to be publicly known, Defendants would be harmed because the commercial value of such documents and information (which derive value from not being publicly known) would be destroyed. With respect to the items identified *infra* in paragraph 2, subparts 11-13, the Parties contend that such documents and information are protected from public disclosure by a person's right to privacy.

**Stipulation**

NOW, THEREFORE, the Parties hereby stipulate and agree, through their undersigned counsel, to the following terms and conditions that they contemplate will govern the production of documents and other information that the producing party reasonably and in good faith deems to be confidential, and further jointly request that the Court enter a protective order consistent with the terms of this stipulation (hereafter "Protective Order" or "Order").

**1. Scope.** The following terms, conditions, procedures, and restrictions govern with respect to documents, electronic data, and any other forms of information produced or voluntarily exchanged in the Litigation by any Party or non-parties ("Third Parties" or singularly, "Third Party"), including any "Writings" (as that term is defined in Rule 1001 of the Federal Rules of Evidence); all discovery contemplated by Rules 26-36 of Federal Rules of Civil Procedure, including responses to all written discovery requests and demands, deposition testimony and exhibits, however recorded; and any other written, recorded, or graphic matters ("Protected Material").

**2. Protected Material.** The categories of Protected Material include: (1) non-public technological product development research in which the Parties or Third Parties have invested significant resources; (2) non-public product information (including, for example, documents identifying the locations where LoJack's Early Warning for Motorcycles can be installed) which the Parties or

Third Parties wish to shield from persons who may utilize such information for illegal purposes such as motorcycle theft; (3) non-public manufacturing research and development information (including, for example, manufacturing protocols) in which the Parties or Third Parties have invested significant resources; (4) non-public presentations, marketing communications, or plans for presentations, advertisements and marketing communications; (5) non-public market, demographic, or product research and advertising development; (6) non-public business plans; (7) prices paid for components of products, to the extent such information is not publicly known; (8) non-public commercial information (including, for example, negotiations, vendor, supply and other contracts and license agreements) constituting highly sensitive material that competitors would consider valuable; (9) non-public business financial information (including, for example, budgeting, accounting, sales figures and advertising expenditures); (10) non-public business relationship information (including, for example, information pertaining to potential and/or existing customers, competitors, suppliers, distributors, affiliates, subsidiaries, and parents); (11) the names, street addresses, e-mail addresses and/or telephone numbers of customers or employees; (12) personnel information (including, for example, compensation, evaluations and other employment information) maintained as confidential for employee privacy reasons; and (13) non-public financial and otherwise private information, including, but not limited to, street address(es), e-mail address(es) and/or telephone number(s) of natural persons, including Plaintiff and Plaintiff's father.

3. **Designations.** It shall be the duty of the party producing the Protected Material ("Producing Party") to give notice of the Protected Material designated to be covered by this Protective Order in the manner set forth in paragraph 7 below. A Party with an interest, other than the Producing Party, in the confidentiality of the material to be produced or already produced because either (a) the material contains the Party's trade secrets or other confidential research, development, commercial,

or personal information, or (b) the material contains information provided to that Party by a non-party pursuant to an agreement with the non-party that the Party would maintain the confidentiality of the information, may also give notice that the material is Protected Material covered by this Protective Order and should be designated in the manner set forth in paragraph 7 below (collectively with "Producing Party," the "Designating Party").

4. **Duties.** The duty of the Party or Parties receiving the Protected Material ("Receiving Party") and of all other persons bound by this Protective Order to maintain the confidentiality of Protected Material so designated shall commence with such notice. Protected Material shall be designated by Designating Party, subject to the provisions of this Order, with one of the following designations:

**a.** "Confidential;" or

**b.** "Highly Confidential - Attorneys' Eyes Only."

No person subject to this Protective Order may disclose, in public or private, any Protected Material designated by a Party or Third Party other than itself as "Confidential" or "Highly Confidential - Attorneys' Eyes Only," except as provided for in this Protective Order or as further ordered by the Court.

5. **Definition Of Confidential.** Protected Material may be designated as "Confidential" if the Designating Party believes in objective good faith that such material constitutes or discloses or relates to processes, operations, research, technical or developmental information, production, marketing, sales, financial, or other proprietary data or information of commercial value, or personnel or customer or otherwise personal private data that is protected from public disclosure by a person's right to privacy.

6. **Definition Of Highly Confidential – Attorneys' Eyes Only.** Protected Material may be designated as "Highly Confidential – Attorneys' Eyes Only" if such material constitutes or contains, in whole or in part, information

which the Designating Party reasonably believes will harm its competitive position if the information becomes known to a Party other than the Designating Party.

**7. Method Of Designation.** Each page of any material the Producing Party wishes to designate as Protected Material must be labeled with the legend "Confidential" or "Highly Confidential - Attorneys' Eyes Only," as appropriate, at the time the material, or a copy thereof, is provided to the Receiving Party, or at any time thereafter. In the case of material contained in or on media other than paper, the Producing Party shall affix such a label to the material or use its best efforts to identify the material as Protected Material. With respect to material produced by another Party, a Designating Party may give notice to all other Parties in the Action, in writing, that the material is Protected Material covered by this Protective Order.

**8. Access To Confidential Material.** Only the following persons shall have access to or retain material designated as "Confidential" pursuant to paragraph 7 of this Order:

**a.** The Court and its official personnel;

**b.** Outside Counsel for a Party. For the purposes of this Protective Order, "Outside Counsel" means attorneys for the law firms retained by the Parties for this Action, Pagano & Kass, APC for Plaintiff, Cooley LLP for LoJack Corp., and Johnson, Cebula & Rygh for Bartels Motorcycle Enterprises, Inc., d/b/a Bartels' Harley Davidson, including paralegals, office clerks, secretaries, and other support staff assisting those attorneys, working on the Action;

**c.** Outside experts and consultants retained by the Receiving Party's Outside Counsel to assist in this litigation (and the experts' or consultants' staff whose duties and responsibilities require access to such materials), who are not past or present employees of the Receiving Party or of an affiliate of the Receiving Party;

**d.** Court reporters and translators;

**e.** Outside litigation support personnel retained by Outside Counsel to assist in the preparation and/or litigation of the Action, including contract attorneys or outside copying service vendors or electronic document management vendors;

**f.** Any person who was involved in the preparation of such material or who received or reviewed such material for purposes other than this Action or who has been alleged to have received or reviewed such material for purposes other than this Action;

**g.** The Parties and the employees, officers, directors, and executives of the Parties to this Action, including the Parties' inside counsel; and

**h.** Persons whom the Designating Party agrees in writing or on the record at a deposition may be shown "Confidential" material.

**9. Access To Confidential - Attorneys' Eyes Only Material.** Only the following persons shall have access to or retain material designated as "Highly Confidential – Attorneys' Eyes Only" pursuant to paragraph 7 of this Order:

**a.** Persons listed in paragraph 8 (a) and (b);

**b.** Persons listed in paragraph 8 (c), (d), (e), and (f); and

**c.** Persons whom the Designating Party, if applicable, agrees in writing or on the record at a deposition may be shown "Highly Confidential – Attorneys' Eyes Only" material.

**10. Agreement By Persons Accessing Protected Materials.** All persons identified in paragraphs 8 (c), (d), (e), (f), (g), and (h) who, in the course of the case, may be given access to "Confidential" material and all persons identified in paragraphs 9 (b) and (c) who, in the course of the case, may be given access to "Highly Confidential – Attorneys' Eyes Only" material shall be required to read this Protective Order and agree, in writing, to be bound by this Protective Order by executing an acknowledgment in the form of Exhibit A that is annexed to this Protective Order. All such acknowledgments shall be maintained in the files of the

counsel allowing access by such person to the "Confidential" or "Highly Confidential - Attorneys' Eyes Only" material.

**11. Third Party Protected Material In Possession Of Parties.** During the course of this Action, a Party may be requested to produce to another Party documents and other information that is subject to contractual or other obligations of confidentiality owed to a Third Party by the Party receiving the request. The Party subject to such contractual or other obligation of confidentiality shall timely contact the Third Party to determine whether such Third Party is willing to permit disclosure of the confidential documents, things, or information under the terms of this Protective Order and shall inform the Third Party of the contents of this Protective Order and specifically of this paragraph. If the Third Party consents to the disclosure of the subject material to the requesting Party, the documents, things, or information shall be produced in accordance with this Order. If the Third Party does not consent to the disclosure of the confidential documents, things, or information under the terms of this Protective Order, the Party subject to such contractual or other obligation of confidentiality shall promptly notify the demanding Party in writing of the Third Party's refusal to consent. Unless the Party subject to such contractual or other obligation of confidentiality moves for a protective order under Rule 26(c) of the Federal Rules of Civil Procedure, such Party shall also provide the demanding Party (a) a copy of any document imposing the contractual or other obligation of confidentiality, so long as that document is not itself subject to a contractual or other obligation of confidentiality, (b) a log of the categories of documents, things, or information being withheld, and (c) the Third Party's name and contact information such that the demanding Party may subpoena documents directly from the Third Party.

**12. Production By Third Parties.** If documents, things, or information are requested from a Third Party and such Third Party claims that certain of the documents, things, or information requested are confidential or proprietary to such

Third Party or contain information that is protected from public disclosure by a person's right to privacy, such Third Party may, if it desires, adopt the benefits and burdens of this Order as it applies to Parties in this case by agreeing to be bound by the terms of this Order.

**13. Designation Of "Confidential" Or "Highly Confidential – Attorneys' Eyes Only" Information At Depositions.** In the case of depositions, designation of the portion of the transcript (including exhibits) which contains "Confidential" or "Highly Confidential - Attorneys' Eyes Only" shall be made by a statement to such effect on the record in the course of the deposition; or upon review of such transcript, by counsel for the party to whose "Confidential" or "Highly Confidential - Attorneys' Eyes Only" the deponent has had access, said counsel designating within fourteen (14) days after counsel's receipt of the transcript, and listing on a separate piece of paper the numbers of the pages of the transcript containing "Confidential" or "Highly Confidential - Attorneys' Eyes Only" inserting the list at the end of the transcript, and mail serving copies of the list to counsel for all Parties so that it may be affixed to the face of the transcript and each copy thereof. Pending such designation by counsel, the entire deposition transcript, including exhibits, shall be deemed "Highly Confidential – Attorneys' Eyes Only." If no designation is made within fourteen (14) days after receipt of the transcript, the transcript shall be considered not to contain any "Confidential" or "Highly Confidential - Attorneys' Eyes Only" other than those portions designated on the record during the deposition, if any. Nothing in this paragraph precludes the Parties from jointly agreeing in writing, on a deposition-by-deposition basis, to shorten the fourteen (14) day time period available to designate a transcript as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" following receipt of the transcript.

**14. Use Of "Confidential" Or "Highly Confidential – Attorneys' Eyes Only" Material At A Deposition.** Counsel shall not disclose "Confidential"

information or "Highly Confidential - Attorneys' Eyes Only" information to a witness testifying at a deposition except in strict conformity with the provisions of this Order. No such disclosure shall be made to any witness unless that witness is entitled by this Order to receive that "Confidential" or "Highly Confidential - Attorneys' Eyes Only" information or the Party or Third Party that produced that "Confidential" or "Highly Confidential - Attorneys' Eyes Only" information assents to the disclosure of such information in writing or on the record of the deposition. If, during the course of any deposition, (a) an attorney-of-record for any Party desires to make inquiry into information subject to the designation "Confidential" or "Highly Confidential - Attorneys' Eyes Only" or (b) an attorney-of-record for any Party asserts that an answer to a specific inquiry is subject to the foregoing designation, the attorney shall make such inquiry only in the presence of those persons authorized access to such information. Such testimony shall be designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only," as appropriate, and the Parties to this Protective Order shall treat it subject to the provision for disclosure set forth in this Protective Order. Counsel for either Party shall have the right to exclude from oral depositions, other than the deponent and the reporter, any person who is not authorized by this Protective Order to receive documents or information designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only." Such right of exclusion shall be applicable only during periods of examination or testimony directed to or comprising "Confidential" or "Highly Confidential – Attorneys' Eyes Only" information.

**15. Court Reporter At Deposition.** Any court reporter at a deposition shall agree, before transcribing any testimony designated as protected, that all "Confidential" or "Highly Confidential – Attorneys' Eyes Only" information is and shall remain confidential and shall not be disclosed except as provided under this Order and that copies of any transcript, reporter's notes or any other transcription records of any such testimony shall be retained in absolute confidentiality and

safekeeping by the reporter or shall be delivered to an attorney-of-record or filed with the Court.

**16. Treatment Of Protected Material During Inspection Of Documents.** It is contemplated that a Party or a Third Party might make available certain of its files for inspection by the Parties, which files may contain confidential as well as non-confidential material, and that following such inspection, the inspecting party will designate documents to be copied and the copies will be furnished or produced to it. All documents and their contents made available for such inspection shall be treated as "Highly Confidential - Attorneys' Eyes Only" until the Designating Party has had a reasonable opportunity, not to exceed fourteen (14) days, to designate and mark those documents which were copied as either "Confidential" or "Highly Confidential - Attorneys' Eyes Only."

**17. Copies, Summarizations, Extracts Protected.** Protected Material designated under paragraph 7 of this Order shall include, without limitation: (a) all copies, extracts, and complete or partial summaries prepared from such documents, things, or information so designated; (b) portions of deposition transcripts and exhibits to deposition transcripts that contain, summarize, or reflect the content of any such documents, things, or information; (c) portions of briefs, memoranda, or any other writings filed with the Court and exhibits thereto that contain, summarize, or reflect the content of any such documents, things, or information; and (d) deposition testimony designated in accordance with paragraph 13 above.

**18. Pleadings And Briefs Containing Protected Material.** The Parties may request that the Court permit filing of any material designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only," pursuant to paragraph 7 above, under seal and that such Protected Material be made available only to the Court and to persons authorized by the terms of this Protective Order. The Party filing any paper that contains, summarizes, or reflects any such Protected Material shall request that the material be filed under seal pursuant to the procedures set forth in

Central District of California Local Civil Rule 79-5.1. The request that the material be filed under seal shall be directed to the judge to whom the papers are directed. Pending the ruling on the request that the material be filed under seal, the papers or portions thereof subject to the sealing request shall be lodged under seal.

19. **Court Hearings And Other Proceedings**. Nothing contained in this Protective Order shall be construed to prejudice any Party's right to use before the Court any "Confidential" or "Highly Confidential - Attorneys' Eyes Only" Protected Material. However, before doing so, to the extent not otherwise authorized to be so used hereunder, the Party intending to use "Confidential" or "Highly Confidential - Attorneys' Eyes Only" Protected Material shall so inform the Court, and any Party or Third Party may apply to the Court for appropriate protection, including clearing the hearing room or courtroom of persons not entitled to receive "Confidential" or "Highly Confidential - Attorneys' Eyes Only" Protected Material pursuant to paragraphs 8 and 9.

20. **Testimony At Court Hearings And Other Proceedings.** All testimony elicited during hearings and other proceedings that counsel for a Party or Third Party indicated on the record may be subject to the protections of this Order shall be deemed "Highly Confidential - Attorneys' Eyes Only" until the expiration of fourteen (14) days after delivery of a copy of the transcript of the testimony by the court reporter to counsel who requested a copy of the transcript. Within the fourteen (14) day period following such mailing of the transcript, any Party may move to seal the transcript under Local Civil Rule 79-5.1, designating all or any portion of the testimony as "Confidential" or "Highly Confidential - Attorneys' Eyes Only." Upon being informed that certain portions of a transcript are designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" each Party must have each copy in their custody, possession or control immediately marked with the appropriate designation at the appropriate pages. Such designation must remain until the Court rules on the motion to seal.

**21. This Order Only Applies To Pretrial Discovery.** Nothing contained in this Order shall restrict or limit any Party's right to present Protected Material to the jury or the Court during a trial or other hearing in the Action. The use of Protected Material at trial shall be governed by the pretrial order.

**22. This Order Does Not Apply To Non-Private Information.** The restrictions set forth in this Protective Order shall not apply to documents, things, or information that the Parties agree, or that the Court rules:

**a.** Have become public knowledge in a manner other than through a violation of this Order; or

**b.** Have been independently obtained by the non-Designating Party from sources that suggest the documents, things, or information are not confidential, as evidenced by written documentation.

**23. Challenge To Designations.** If a Receiving Party seeks removal of protection for particular items designated as Protected Material on the ground that such protection is not warranted under controlling law, the following procedure shall be used:

**a.** The Receiving Party seeking such removal shall give counsel of record for the Designating Party, notice thereof, in writing, by facsimile or email followed by a hard copy sent next business day courier, specifying the documents and/or other information for which such removal is sought and the reasons for the request. The Designating Party shall have ten (10) business days after receiving that notification within which to object to the removal of protection afforded by this Protective Order. Any such objection shall be made in writing (by facsimile or email followed by a hard copy sent next business day courier). Failure to object within the requisite time limit is deemed a waiver of any claim to protection for that specific document, thing, or information under this Protective Order.

**b.** If the Designating Party objects to the removal of the protection afforded by this Protective Order and the Receiving Party intends to submit the

dispute to the Court for a ruling, the Receiving Party shall request to meet-and-confer with the Designating Party. Local Civil Rule 37-1 shall govern the meet-and-confer process.

**c.** If the Parties, or the Party and Third Party, cannot reach agreement concerning the matter, the Receiving Party seeking such removal may submit to the Court for ruling a noticed motion to be relieved entirely or in part from the provisions of this Protective Order. The noticed motion shall be made in accordance with Local Civil Rule 37. The designated material shall continue to be treated in accordance with the original designation until the issue is resolved by Order of this Court or by agreement of the Parties, or the Party and Third Party.

**24. No Waiver By Failure To Challenge Designation.** For purposes of the Action or any other action, no Party concedes that any Protected Material designated by any other person does in fact contain or reflect trade secrets or proprietary or confidential information. A Party shall not be obligated to challenge the propriety of the designation of Protected Material at the time made, and failure to do so shall not preclude a subsequent challenge.

**25. Inadvertent Disclosure Of Protected Material.** The failure by a Designating Party to designate specific documents or materials as Protected Material shall not, by itself, be deemed a waiver in whole or in part of a claim of confidentiality as to such documents or materials. Upon written notice to the Receiving Party of such failure to designate, or of incorrect designation, the Receiving Party shall cooperate to retrieve disseminated copies, and restore the confidentiality of the inadvertently disclosed information beyond those persons authorized to review such information pursuant to paragraphs 8 and 9, and shall thereafter take reasonable steps to ensure that the Protected Material is treated in accordance with the designation. No person or Party shall incur any liability under this Protective Order with respect to disclosure that occurred prior to the receipt of written notice of the mistaken designation.

**26. Disclosure To Designating Party's Personnel.** Nothing in this Protective Order shall affect the right of the Designating Party to disclose to its officers, directors, employees, consultants, or experts, any documents, things, or information designated by it as Protected Material; such disclosure shall not waive the protection of this Protective Order and shall not entitle other Parties or their attorneys to disclose such information, documents, things, or information in violation of this Order.

**27. Disclosure To Unauthorized Persons.** If information subject to this Protective Order is disclosed to any unauthorized person either through inadvertence, mistake, or otherwise without authorization by the Designating Party, or other than in the manner authorized by this Protective Order, the person responsible for the disclosure shall immediately (a) inform the Designating Party of all pertinent facts relating to such disclosure, including without limitation, the name, address, and telephone number of the recipient and his or her employer; (b) use his or her best efforts to retrieve the disclosed information and all copies thereof; (c) advise the recipient of the improperly disclosed information, in writing, of the terms of this Protective Order; (d) make his or her best efforts to require the recipient to execute an agreement to be bound by the terms of this Protective Order in the form of the declaration attached to this Protective Order as Exhibit A; and (e) take all other reasonable steps to prevent further disclosure by or to the unauthorized person who received the Protected Material.

**28. "Admissibility" Of Protected Material.** This Protective Order shall not constitute a waiver of any Party's or non-party's right to object to the admissibility into evidence of any Protected Material as provided under Federal or California (if applicable) law.

**29. All Objections Preserved.** This Protective Order is intended to provide a mechanism for handling the disclosure or production of confidential information to which there is no objection other than confidentiality. The

protection afforded by this Order shall in no way affect a Producing Party's right to withhold documents as: (a) privileged under the attorney-client or other privilege, (b) protected by the work product doctrine, or (c) otherwise exempted from discovery under Rule 26 of the Federal Rules of Civil Procedure. Additionally, this Protective Order shall not prejudice the right of a Party to: (a) seek additional protective treatment for any such information it considers to be very highly sensitive and that the protections in this Protective Order would be insufficient, (b) object to the designation of any document or information as "Confidential" or "Highly Confidential - Attorneys' Eyes Only," or (c) seek any modification of or relief from any provision of this Protective Order, either generally or as to any particular Protected Material, by properly noticed motion with notice to all Parties and their respective counsel.

**30. Advice To Client.** Nothing in this Protective Order shall prevent or otherwise restrict counsel from rendering legal advice to the clients in this Litigation and, in the course of this Litigation, relying generally on examination of designated Protected Materials; provided, however, that in rendering such advice and otherwise communicating with such client, counsel shall not disclose the specific contents of Protected Materials to persons not authorized to receive such material pursuant to the Protective Order.

**31. Inadvertent Disclosure Of Privileged Information.** If, in connection with the Action, a Producing Party inadvertently discloses information subject to a claim of attorney-client privilege or attorney-work product protection ("Inadvertently Disclosed Information"), the disclosure of the Inadvertently Disclosed Information will not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection that the Producing Party would otherwise be entitled to assert with respect to the Inadvertently Disclosed Information and its subject matter. If a claim of inadvertent disclosure is made by a Producing Party with respect to Inadvertently Disclosed Information, the Receiving

Party will, within five (5) business days, return or destroy all copies of the Inadvertently Disclosed Information and certify that all such Inadvertently Disclosed Information has been returned or destroyed.

**32. Draft Expert Reports And Work Product.** The provisions of Federal Rule of Civil Procedure 26(b)(4)(B) and (C) that took effect on December 1, 2010, shall govern this Litigation.

**33. Good Faith Designations.** Each Party agrees that designation of Protected Material and responses to requests to permit further disclosure of Protected Material shall be made in objective good faith and not: (a) to impose burden or delay on an opposing Party, or (b) for tactical or other advantage in litigation. Further, each Party agrees to make best efforts to avoid as much as possible inclusion of Protected Material in briefs and other captioned documents filed in court, in order to minimize sealing and designating such documents as Protected Material.

**34. Use Of Information Subject To Protective Order.** Use of any information or documents subject to this Protective Order, including all information derived there from, shall be restricted to use in this Litigation or any other proceeding between the Parties (subject to the applicable rules of evidence and subject to the confidentiality of such materials being maintained) and shall not be used by anyone subject to the terms of this agreement, for any business, commercial, or competitive purpose.

**35. Meet And Confer.** Prior to filing any motion or application before the Court to enforce this Protective Order, the moving party shall notify the other Party(ies) in writing and meet and confer in good faith in an attempt to resolve their dispute(s). Local Civil Rule 37-1 shall govern the meet-and-confer process.

**36. Injunctive Relief.** In the event anyone violates or threatens to violate any of the terms of this Protective Order, the Parties and Third Parties agree that the aggrieved party may, subject to the "meet and confer" requirement set forth above,

apply to the Court to obtain injunctive relief against any such person violating or threatening to violate any of the terms of this Protective Order. The motion shall be made in accordance with Local Civil Rule 37. In the event the aggrieved party brings such motion or application, the responding person subject to the provisions of this Protective Order shall not employ as a defense the claim that the aggrieved party possesses an adequate remedy at law. The Parties and Third Parties shall not use or reveal, directly or indirectly, any information in violation of this Protective Order. Because of the confidential and proprietary nature of the information contemplated to be covered by this Protective Order, the Parties and Third Parties' agree that legal remedies are inadequate. Therefore, the Parties and Third Parties stipulate that injunctive relief is an appropriate remedy to prevent any person from using or disclosing confidential information in violation of this Protective Order. The Parties and Third Parties waive and release any and all requirements for a bond or undertaking to support any injunctive relief for enforcement of this Protective Order.

**37. Other Actions.** If any Party is (a) subpoenaed in another action, (b) served with a demand in another action to which it is a Party, or (c) served with any legal process by one not a party to this action, seeking information or material which was produced or designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by someone other than that Party, the Party shall give prompt actual written notice, by hand or facsimile transmission, within ten (10) calendar days of receipt of such subpoena, demand, or legal process, to those who produced and/or designated the Protected Material as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" prior to compliance with the subpoena so as to allow the Producing and/or Designating Parties to seek protection from the relevant court(s). Nothing in this Protective Order shall be construed as requiring the Party or anyone else covered by this Protective Order to challenge or appeal any order requiring production of information or material covered by this Protective

Order, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

**38. Survival And Final Disposition Of Designated Material.** Final termination of the Litigation, including exhaustion of appellate remedies, shall not terminate the limitations on use and disclosure imposed by the Protective Order. Upon final termination of the litigation by final judgment (whether by settlement, trial, or otherwise), including the time for filing and resolution of all appeals, or within such other period as the Parties may agree upon, and upon written request of the producing Party, all Protected Material and copies of Protected Material, including such material in the hands of outside experts or consultants, shall be delivered to counsel of record for the producing Party of such material. In the absence of any such written request, any Protected Material shall be destroyed within sixty (60) calendar days of final termination of the Litigation. In the event of destruction, the producing Party shall promptly be advised in writing that such Protected Material has been destroyed. Any Protected Material filed or lodged with and retained by the Court shall not be subject to the provisions of this paragraph 38. Notwithstanding the foregoing, outside counsel of record may retain copies of briefs and other papers filed with the Court, deposition transcripts, discovery responses, and attorney work product that contains or constitutes Protected Material, so long as such briefs and other papers are maintained in accordance with the provisions of the Protective Order.

**39. Amendment Or Termination Of Protective Order**. No part of the restrictions imposed by this Protective Order may be terminated, except by written stipulation executed by counsel of record for each Producing Party or by an Order of this Court for good cause shown. The terms of this Protective Order shall survive termination of the Action.

**40. Affect Of Remand On Designated Material.** In the event this Action is remanded to the Superior Court of California, County of Los Angeles, such

remand shall not terminate the limitations on use and disclosure imposed by the Protective Order unless and until the Parties (and relevant Third Parties, if applicable) agree in writing, and such writing is approved by both the Superior Court of California, County of Los Angeles and this Court, that documents produced under the instant Protective Order shall be governed by a confidentiality and non-disclosure order entered by the Superior Court of California, County of Los Angeles.

**[CONTINUED ON THE NEXT PAGE]**

41. **Jurisdiction For Enforcement.** The Court retains jurisdiction subsequent to settlement or entry of judgment to enforce the terms of this Protective Order. Each person to whom disclosure of any Protected Information is made agrees to subject himself to the jurisdiction of the Court in which this action is pending for the purpose of proceedings relating to the performance under, compliance with, or violation of this Protective Order.

Dated: February 23, 2010 PAGANO & KASS, APC

/S/ - James L. Pagano (98185)
E-mail: paganolaw@aol.com

Attorneys for Plaintiff LOUIS MORIN

Dated: February 23, 2011 COOLEY LLP

/S/ - Mazda K. Antia (214963)
E-Mail: mantia@cooley.com

Attorneys for Defendant LOJACK CORP.

Dated: February 23, 2011 JOHNSON, CEBULA & RYGH

/S/ - Bryan Benetiz (225490)
E-mail: bbenitez@jcrlawyers.com

Attorneys for Defendant BARTELS' MOTORCYCLE ENTERPRISES, INC.

**[CONTINUED ON THE NEXT PAGE]**

**ORDER**

For good cause shown, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, all discovery and other materials exchanged by the Parties or Third Parties, or filed with the Court, in *Louis Morin v. LoJack Corp., et al.*, Case No. 10-CV-5659-JHN (SS) shall be provided subject to the conditions set forth in the foregoing Stipulated Protective Order.

**IT IS SO ORDERED**

Date: 3/4/11

S H Segal
Hon. Suzanne H. Segal
MAGISTRATE JUDGE

## STIPULATION EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT CONCERNING CONFIDENTIAL INFORMATION

1. My name is ______________________________ (first, middle initial, last).

2. I live at ______________________________ (street address), ________________ (city), ____________ (state) ______________ (zip code).

3. I am employed as a/an ________________ by ______________________ (company), which is located at ______________________________ (street address), ________________ (city), ____________ (state) ______________ (zip code). Its telephone number is __________________.

4. I have read the attached Stipulated Protective Order entered in the action of *Louis Morin v. LoJack Corp., et al.,* pending in the Central District of California and bearing Case No. 10-CV-5659-JHN (SS), and a copy of the Stipulated Protective Order has been given to me.

5. I agree to be bound by the terms of the Stipulated Protective Order, and agree that any Protected Material, within the meaning of the Stipulated Protective Order, will be used by me only to assist counsel in connection with the above-referenced litigation.

6. I agree that I will not disclose or discuss Protected Material designated as "Confidential" with anyone other than the persons described in paragraph 8 of the Stipulated Protective Order.

7. I agree that I will not disclose or discuss Protected Material designated as "Highly Confidential – Attorneys' Eyes Only" with anyone other than the persons described in paragraph 9 of the Stipulated Protective Order.

8. I understand that any disclosure or use of Protected Material in any manner contrary to the provisions of the Stipulated Protective Order may subject me to sanctions for contempt of the Court's Order.

9. I agree to be subject *in personam* to the jurisdiction of the Central District of California in connection with any proceeding relating to the enforcement of the Stipulated Protective Order.

10. I also agree that in the event of the remand of this action to the Superior Court of California, County of Los Angeles, and the Protected Material becomes governed by an order of the Superior Court pursuant to paragraph 40 of the Stipulated Protective Order, I will be bound by such order of the Superior Court and subject to its *in personam* in connection with any proceeding relating to the enforcement of the Superior Court order.

I declare under penalty of perjury that the foregoing is true and correct.

______________________ ______________________

(date) (signature)

703489 v1/SD