1  COOLEY LLP
2  MICHELLE C. DOOLIN (179445)
   (doolinmc@cooley.com)
3  MAZDA K. ANTIA (214963)
   (mantia@cooley.com)
4  DARCIE A. TILLY (239715)
   (dtilly@cooley.com)
5  4401 Eastgate Mall
   San Diego, CA 92121
6  Telephone: (858) 550-6000
7  Facsimile: (858) 550-6420
   Attorneys for Defendant
8  LOJACK CORPORATION

9              UNITED STATES DISTRICT COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11                   WESTERN DIVISION

12

13  LOUIS MORIN, an individual, on      Case  No.  10-cv-05659-JHN  (SS)
    behalf of himself, and on behalf of all   Hon. Jacqueline H. Nguyen
    other persons similarly situated,
14                                        **DEFENDANT   LOJACK   CORP.'S**
                  Plaintiffs,             **NOTICE   OF   EX   PARTE**
15                                        **APPLICATION   AND   EX   PARTE**
         v.                               **APPLICATION   TO   CLARIFY   THAT**
16                                        **THE   C.D.   CAL.   LOCAL   RULES**
    LOJACK CORPORATION, a                 **SUPPLY THE BRIEFING SCHEDULE**
17  Massachusetts corporation; BARTELS'   **FOR   PLAINTIFF'S   MOTION   FOR**
    MOTORCYCLE ENTERPRISES,               **CLASS CERTIFICATION**
18  INC., a California corporation, doing
    business in California as Bartels'    Courtroom:  790 (Roybal)
19  Harley Davidson, and DOES 1 through
    1000,                                 Action Removed:  July 29, 2010
20
                  Defendants.
21

22

23

24

25

26

27

28

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

CASE NO. 10-CV-5659-JHN

EX PARTE APPLICATION TO CLARIFY THAT
THE C.D. CAL. LOCAL RULES APPLY TO PL.'S
MOT. FOR CLASS CERTIFICATION

## NOTICE OF EX PARTE APPLICATION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant LoJack Corp. ("LoJack") applies ex parte for an order clarifying that Local Civil Rules 7-9 and 7-10, and Judge Nguyen's procedures, provide the briefing schedule on Plaintiff Louis Morin's ("Plaintiff") Motion for Class Certification filed March 3, 2011.

LoJack's application is made on the ground it is unclear to LoJack whether the Court's December 28, 2010 Order regarding Plaintiff's deadline to file his motion for class certification superseded in whole or in part the Court's October 7, 2010 Order on the same topic.  Given that applying the Local Rules and Judge Nguyen's procedures will not alter the hearing date on Plaintiff's motion or the parties' upcoming mediation, LoJack believes good cause exists for finding the Local Rules and Judge Nguyen's procedures supply the briefing schedule.

Notice was given to counsel for Plaintiff and defendant Bartels' Motorcycle Enterprises, Inc. ("Bartels'") on March 8, 2011.  The contact information for Plaintiff's counsel is 96 North 3rd Street, Suite 525, San Jose, CA 95112, (408) 999-5678, paganolaw@aol.com.  The contact information for Bartels' counsel is 115 Pine Avenue, Fifth Floor, Long Beach, California 90802-4446 (562) 437-0307, bbenetiz@jcrlawyers.com.  Bartels' does not oppose this application.  (Declaration of Darcie A. Tilly, filed concurrently, ¶ 3.)  Plaintiff will determine whether he will oppose LoJack's application after reviewing the pleading.  (*Id.*, at ¶ 4.)

Dated:        March 8, 2011            COOLEY LLP


                                       /S/- Mazda K. Antia (214963)
                                       Email: mantia@cooley.com

                                       Attorneys for Defendant
                                       LOJACK CORPORATION

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

CASE NO. 10-CV-5659-JHN            -1-            EX PARTE APPLICATION TO CLARIFY THAT
THE C.D. CAL. LOCAL RULES APPLY TO PL.'S
MOT. FOR CLASS CERTIFICATION

## EX PARTE APPLICATION

### I.   INTRODUCTION

On March 3, 2011, Louis Morin ("Plaintiff") filed a Motion for Class Certification ("Motion").   Because it is unclear to LoJack Corp. ("LoJack") whether Local Rules 7-9 and 7-10 or the Court's October 7, 2010 Order supplies the briefing schedule for the Motion, LoJack requests clarification from the Court. Further, because an order finding the Local Rules apply will not delay the April 18, 2011 hearing or the parties' scheduled mediation on March 29, 2011 there is no reason to find that the October 7 Order's briefing schedule is preferable.   Thus, there is good cause to find the Local Rules apply.

### II.   THE LOCAL RULES SHOULD APPLY THE BRIEFING SCHEDULE FOR PLAINTIFF'S CLASS CERTIFICATION MOTION.

#### A.   Procedural Background

On March 3, 2011, Plaintiff filed a Motion for Class Certification ("Motion") and set the hearing for April 18, 2011.  (Dkt. No. 61.)  Under Local Rules 7-9 and 7-10, and Judge Nguyen's procedures, the defendants' opposition papers are due March 28, 2011 and Plaintiff's reply papers are due April 4, 2011.  This is because the Local Rules[1] and Judge Nguyen's procedures[2] state opposing papers are due 21 days before a hearing and reply papers are due 14 days before a hearing.

---

[1] The briefing schedule provided by the Local Rule state that:  "***L.R. 7-9 Opposing Papers.***   Each opposing party shall . . . not later than twenty-one (21) days before the date designated for the hearing of the motion . . . serve upon all other parties and file with the Clerk . . . the evidence upon which the opposing party will rely in opposition to the motion and a brief but complete memorandum which shall contain a statement of all the reasons in opposition thereto and the points and authorities upon which the opposing party will rely. . . .  ***L.R. 7-10 Reply Papers.***   A moving party may, not later than fourteen (14) days before the date designated for the hearing of the motion, serve and file a reply memorandum, and declarations or other rebuttal evidence."

[2]  Judge Nguyen's procedures are identical to the Local Rules, stating that "Opposition papers are to be filed and served not later than 21 days before the hearing date, and any Reply papers are to be filed and served not later than 14 days before the hearing date."

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

CASE NO. 10-CV-5659-JHN                -2-                EX PARTE APPLICATION TO CLARIFY THAT
THE C.D. CAL. LOCAL RULES APPLY TO PL.'S
MOT. FOR CLASS CERTIFICATION

While the Local Rules and Judge Nguyen's procedures are clear as to when responsive and reply papers must be filed, uncertainty is created by prior orders entered by the Court.  On October 6, 2010, the parties submitted a stipulation that set forth a deadline for Plaintiff to file his class certification motion and a briefing schedule on Plaintiff's motion.  (Dkt. No. 17.)  The next day, the Court entered an Order modifying the parties' proposed deadlines, ruling that:

> 1.  Plaintiff shall have thirty (30) calendar days after the Parties hold their Rule 26(f) conference to file and serve his motion for class certification and any supporting memoranda and documents; …
>
> 4.  Defendants shall have (14) calendar days after Plaintiff moves for class certification to file and serve their opposition(s); and
>
> 5.  Plaintiff shall have seven (7) calendar days following the filing of Defendants' opposition(s) to file and serve his reply memorandum.
>
> 6.  The hearing date shall be set at least two (2) weeks prior to the due date for the Reply.

(Dkt. No. 19.)  The October 7 Order's schedule differs from the Local Rules and Judge Nguyen's procedures in that it counts forwards from the filing of Plaintiff's Motion, whereas the Local Rules and Judge Nguyen's procedures count backwards from the hearing date.

On December 28, 2010, the Court modified its October 7 Order, stating that "Plaintiff shall file any motion for class certification within forty-five (45) days of [the parties' Rule 26(f) conference]."  (Dkt. No. 43.)  The December 28 Order was silent, however, as to the issue of briefing schedule on the class certification motion.  The December 28 Order's silence has lead to confusion by LoJack as to whether the October 7 Order's briefing schedule applies, or if the October 7 Order was superseded in its entirety by the December 28 Order, resulting in the briefing schedule being provided by the Local Rules and Judge Nguyen's procedures.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

CASE NO. 10-CV-5659-JHN                    -3-                    EX PARTE APPLICATION TO CLARIFY THAT
THE C.D. CAL. LOCAL RULES APPLY TO PL.'S
MOT. FOR CLASS CERTIFICATION

**B.    Confirming the Local Rules Apply Will Not Delay the Parties' Mediation or Adjudication of Plaintiff's Motion for Class Certification.**

A ruling that the Local Rules and Judge Nguyen's procedures supply the briefing schedule on Plaintiff's Motion for Class Certification will not delay the April 18, 2011 hearing.  Further, it will not affect the parties' scheduled mediation before the Hon. Dickran M. Tevrizian (Ret.) on March 29, 2011.  Thus, there is no reason to find that the October 7 Order's briefing schedule is preferable.

**III.    CONCLUSION**

For all the reasons stated above, LoJack respectfully requests the Court grant its application and find that Local Civil Rules 7-9 and 7-10, and Judge Nguyen's procedures, supply the briefing schedule on Plaintiff Motion for Class Certification.

Dated:        March 8, 2011              COOLEY LLP


                                          /S/- Mazda K. Antia (214963)
                                          Email: mantia@cooley.com

                                          Attorneys for Defendant
                                          LOJACK CORPORATION

703918/SD

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

CASE NO. 10-CV-5659-JHN                    -4-       EX PARTE APPLICATION TO CLARIFY THAT
                                                     THE C.D. CAL. LOCAL RULES APPLY TO PL.'S
                                                     MOT. FOR CLASS CERTIFICATION